**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| GLOBAL MARINE SYSTEMS LIMITED, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 05-11605-RGS |
| ) | |
| TYCO ELECTRONICS CORPORATION, ) | |
| TYCO TELECOMMUNICATIONS (U.S.) ) | **Jury Trial Demanded** |
| INC., TRANSOCEANIC SHIP CO. INC., ) | |
| ) | |
| Defendants. ) | |

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS**
**TYCO ELECTRONICS COPORATION, TYCO TELECOMMUNICATIONS**
**(US) INC., AND TRANSOCEANIC SHIP COMPANY, INC. TO PLAINTIFF**
**GLOBAL MARINE SYSTEMS LIMITED'S FIRST AMENDED COMPLAINT**

Defendants Tyco Electronics Corporation ("Tyco Electronics"), Tyco
Telecommunications (US), Inc. ("Tyco Telecommunications"), and Transoceanic Cable Ship
Company, Inc. ("Transoceanic"), (collectively, "the Defendants"), through undersigned counsel,
answer the First Amended Complaint ("Complaint") of Plaintiff Global Marine Systems Limited
("Plaintiff") as follows:

1.      The Defendants are without knowledge or information sufficient to form
a belief as to the truth of the allegations contained in paragraph 1 of the Complaint and
therefore deny same.

2.      Tyco Electronics admits that it is a corporation organized and existing
under the laws of Pennsylvania, with a principal place of business in Pennsylvania.  Tyco
Electronics denies the remaining allegations contained in paragraph 2 of the Complaint.  Tyco
Telecommunications and Transoceanic are without knowledge or information sufficient to

inform a belief as to the truth of the allegations contained in paragraph 2 of the Complaint and therefore deny same, except that Tyco Telecommunications denies the allegations contained in the second sentence of paragraph 2 of the Complaint.

3.      Tyco Telecommunications admits that it is a corporation organized and existing under the laws of Delaware, with a principal place of business in New Jersey. Tyco Telecommunications denies the remaining allegations contained in paragraph 3 of the Complaint. Tyco Electronics and Transoceanic are without knowledge or information sufficient to inform a belief as to the truth of the allegations contained in paragraph 3 of the Complaint and therefore deny same.

4.      Transoceanic admits that it is a corporation organized and existing under the laws of New York, with a principal place of business in New Jersey. Tyco Electronics and Tyco Telecommunications are without knowledge or information sufficient to inform a belief as to the truth of the allegations contained in paragraph 4 of the Complaint and therefore deny same.

5.      Tyco Electronics admits that it is qualified to do business in the Commonwealth of Massachusetts, which is within this judicial District, and denies the remaining allegations contained in paragraph 5 of the Complaint. Tyco Telecommunications and Transoceanic deny the allegations contained in paragraph 5 of the Complaint.

6.      Paragraph 6 of the Complaint states conclusions of law as to which no response is required.

7.      Paragraph 7 of the Complaint states conclusions of law as to which no response is required.

8.    The Defendants admit that a copy of U.S. Patent No. 4,912,815 is attached as Exhibit A to the Complaint. The Defendants are without knowledge or information sufficient to inform a belief as to the truth of the remaining allegations contained in paragraph 8 of the Complaint and therefore deny same.

9.    The Defendants are without knowledge or information sufficient to inform a belief as to the truth of the allegations contained in paragraph 9 of the Complaint and therefore deny same.

10.    The Defendants restate and incorporate herein by reference their responses to Paragraphs 1 through 9 of the Complaint.

11.    Tyco Telecommunications admits that it manufactures, markets, and sells certain submarine cable joint kits in the United States, and otherwise denies the allegations contained in paragraph 11 of the Complaint. Tyco Electronics and Transoceanic deny the allegations contained in paragraph 11 of the Complaint.

12.    The Defendants deny the allegations contained in paragraph 12 of the Complaint.

13.    The Defendants deny the allegations contained in paragraph 13 of the Complaint.

14.    The Defendants deny the allegations contained in paragraph 14 of the Complaint.

15.    The Defendants deny the allegations contained in paragraph 15 of the Complaint.

16.    The Defendants deny the allegations contained in paragraph 16 of the Complaint.

17.    The Defendants deny the allegations contained in paragraph 17 of the Complaint.

18.    The Defendants deny the allegations contained in paragraph 18 of the Complaint.

Plaintiff's Prayer for Relief contains no factual assertions to which a response is required.  To the extent that the Prayer may be deemed to require a response, it is denied.

The Defendants deny all allegations of the Complaint (including headings) not specifically admitted above.

*  *  *

The Defendants set forth the following affirmative and other defenses.  The Defendants do not intend hereby to assume the burden of proof with respect to those matters as to which, pursuant to law, Plaintiff bears the burden.  The Defendants reserve their right to assert in the future such other and further defenses as may become available or apparent during pretrial proceedings.

### FIRST DEFENSE – INVALIDITY

19.    Each of the claims of U.S. Patent No. 4,912,815 ("the '815 Patent") is invalid for failure to satisfy the provisions of one or more of sections 102, 103, 112, and/or 116 of Title 35 of the United States Code.

### SECOND DEFENSE – NON-INFRINGEMENT

20.    The manufacture, use, offering for sale, selling, or importing into the United States of products by the Defendants, including the "Millennia Joint Assembly (ARMORED)" product that is referenced in paragraph 12 of the Complaint, does not infringe any valid and enforceable claim of the '815 Patent.

## THIRD DEFENSE – ACTUAL AND/OR IMPLIED LICENSE

21.    Each of the Defendants has an actual and/or implied license under the '815 Patent arising from (among other things) the Plaintiff's and at least one of the Defendants' memberships in the Consortium for the Advancement of the Submarine Cable Jointing Arts, and the collaborative efforts with Plaintiff (including Plaintiff's predecessors-in-interest), over at least the past fifteen years, to develop submarine cable jointing technologies such as those claimed in the '815 Patent.

## FOURTH DEFENSE – EQUITABLE ESTOPPEL

22.    In and around November and December 1998, representatives of Plaintiff met with representatives of one or more of the Defendants, and discussed (among other things) the products that are accused of infringement in this action.  Despite Plaintiff's actual and constructive knowledge in November and December 1998, at the latest, of the Defendants' allegedly infringing products, Plaintiff did not serve the Complaint for infringement on the Defendants until August 2005 (on Tyco Electronics) and September 2005 (on Tyco Telecommunications and Transoceanic).

23.    Plaintiff, through misleading conduct (including an unreasonable delay in commencing its infringement action), led Defendants to reasonably believe that Plaintiff did not intend to attempt to enforce the '815 Patent against Defendants.

24.    Due to their reasonable and substantial reliance on Plaintiff's misleading conduct, the Defendants will be materially prejudiced if Plaintiff is allowed to proceed with its action.

25.    Plaintiff's claims are barred by the doctrine of equitable estoppel.

## FIFTH DEFENSE – LACHES

26.    In and around November and December 1998, representatives of

Plaintiff met with representatives of one or more of the Defendants, and discussed (among

other things) the products that are accused of infringement in this action.  Despite Plaintiff's

actual and constructive knowledge in November and December 1998, at the latest, of the

Defendants' allegedly infringing products, Plaintiff did not serve the Complaint for patent

infringement on the Defendants until August 2005 (on Tyco Electronics) and September 2005

(on Tyco Telecommunications and Transoceanic).

27.    Plaintiff's lengthy delay in bringing suit was unreasonable and

inexcusable, and the Defendants have suffered material prejudice directly attributable to

Plaintiff's delay.

28.    Plaintiff's claim for damages prior to commencement of this action for

alleged infringement of the '815 Patent is barred by the doctrine of laches.

## SIXTH DEFENSE – FAILURE TO MARK

29.    Plaintiff's claims for damages prior to the commencement of this action

for alleged infringement of the '815 Patent are barred by 35 U.S.C. § 287.

## SEVENTH DEFENSE – LACK OF PERSONAL JURISDICTION

30.    The Court lacks personal jurisdiction over each of the Defendants.

## EIGHTH DEFENSE – FAILURE TO STATE A CLAIM

31.    The Complaint fails to state a claim against the Defendants upon which

relief may be granted.

\* \* \*

WHEREFORE, having fully answered all of the allegations of the Complaint, the

Defendants pray for judgment as follows:

    a.    Dismissal of the Complaint with prejudice;

    b.    an award of costs, expenses, and attorneys' fees incurred by Defendants in connection with this action, to the extent permitted by law, including but not limited to 35 U.S.C. § 285; and

    c.    such other and further relief as the Court may deem proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, each of the Defendants hereby demands a trial by jury of the issues so triable herein.

Respectfully submitted,

Stephen R. Delinsky (BBO # 119120)
Andrew R. McConville (BBO # 632804)
ECKERT SEAMANS CHERIN & MELLOTT LLC
One International Place
Boston, Massachusetts 02110
(617) 342-6800 (telephone)
(617) 342-6899 (fax)

*Attorneys for Defendants Tyco Electronics
Corporation, Tyco Telecommunications (US) Inc.,
and Transoceanic Cable Ship Company, Inc.*

OF COUNSEL:
David C. Kiernan
John L. Cuddihy
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
(202) 434-5000 (telephone)
(202) 434-5029 (fax)

Dated:  September 23, 2005

- 8 -

## CERTIFICATE OF SERVICE

I hereby certify that, on the 23rd day of September, 2005, I caused true and correct copies of the foregoing "Answer and Affirmative Defenses of Defendants Tyco Electronics Corporation, Tyco Telecommunications (US) Inc., and Transoceanic Cable Ship Company, Inc. to Plaintiff Global Marine Systems Limited's First Amended Complaint" to be filed electronically and also served via hand-delivery upon:

Eric J. Marandett, Esq.
Daniel C. Winston, Esq.
Mark S. Freeman, Esq.
Stacy L. Blasberg, Esq.
CHOATE, HALL & STEWART LLP
Two International Place
Boston, Massachusetts 02110

*Attorneys for Plaintiff Global Marine Systems, Limited*

Andrew R. McConville