IN THE UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GLOBAL MARINE SYSTEMS LIMITED,<br><br>　　　　Plaintiff,<br><br>v.<br><br>TYCO ELECTRONICS CORPORATION, TYCO TELECOMMUNICATIONS (U.S.) INC., TRANSOCEANIC CABLE SHIP CO. INC.,<br><br>　　　　Defendants. | Case No.:  05-11605 RGS |

**JOINT STATEMENT PURSUANT TO LOCAL RULE 16.1**

　　　　Plaintiff Global Marine Systems Limited ("Plaintiff") and Defendants Tyco Electronics Corporation, Tyco Telecommunications (US) Inc., and Transoceanic Cable Ship Company, Inc. (collectively, "Defendants") hereby submit this report pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and Local Rule 16.1(D).  On October 21, 2005, counsel for Plaintiff and counsel for Defendants telephonically met and conferred as to the topics addressed by Rule 26(f) of the Federal Rules of Civil Procedure and Local Rule 16.1.  As a result of the parties' conference, Plaintiff and Defendants hereby submit the following proposed discovery plan for the Court's consideration.

**I.　Introduction**

　　　　This is a suit for patent infringement of U.S. Patent No. 4,912,815 ("the '815 patent").

**　　A.　Plaintiff's Allegations**

　　　　The '815 patent claims various clamp assemblies and methods of using such assemblies. Such clamp assemblies can be used with submarine telecommunications cables.  Both Plaintiff

and Defendants are in the business of installing and repairing submarine telecommunications cables. Plaintiff asserts that the manufacture, use, sale, and offer to sale of, <u>inter</u> <u>alia</u>, Defendants' Millenia Joint clamp assembly infringes certain of the claims of the '815 patent. Plaintiff claims that Defendants infringement in this regard has been willful.

**B.    Defendants' Allegations**

None of the Defendants is liable for infringement of any valid and enforceable claim of the '815 Patent, which issued in April 1990 and is set to expire in April 2007. Indeed, Tyco Electronics Corporation ("TEC") is an improperly-named party, and has asked Plaintiff to voluntarily dismiss it from this lawsuit.

More broadly, this lawsuit arises against the backdrop of the parties' collaborative efforts, over at least the past fifteen years, to develop submarine cable jointing technologies such as those claimed in the '815 Patent. For example, both Plaintiff and Tyco Telecommunications (US), Inc. are active members of the international Consortium for the Advancement of the Submarine Cable Jointing Arts ("International Consortium"), pursuant to which the Defendants assert that they have an actual and/or implied license under the '815 Patent.

In addition, Plaintiff and Tyco Telecommunications (US), Inc. met in the Fall of 1998 to discuss (among other things) the design and manufacture of the so-called "Millennia Joint (ARMORED)" that is now accused of infringement. Between 1998 and 2005, Plaintiff and Defendants both competed and cooperated with each other in the submarine cable jointing industry and the International Consortium, on a near-daily basis. Yet Plaintiff waited until September 2005 to assert its infringement claims. The Defendants assert that Plaintiff's claims are therefore barred under the doctrines of equitable estoppel and laches. Finally, the Defendants assert that they do not infringe any valid and enforceable claim of the '815 Patent.

## II. Discovery Schedule

The parties have met and conferred with respect to the timing of the discovery schedule, Markman hearing, and briefing in advance of the Markman hearing. The parties differ in their approach to the relevant schedules. The parties' respective positions are set out below.

| Event | Plaintiff's Proposal | Defendants' Proposal |
|---|---|---|
| Service of Initial Disclosures | The parties have served their Initial Disclosures | The parties have served their Initial Disclosures |
| Plaintiff to identify those claims of the patent-in-suit it believes are infringed by the accused product(s); to identify with specificity where each element of the asserted claims of the patent-in-suit is to be found in the accused product(s); to provide a concise description of the information on which Plaintiff relied in advancing each infringement contention; and to rank in order of importance the infringement claims that it intends to litigate (hereinafter, "Plaintiff's Infringement Contentions"). | Global Marine objects to this requirement | December 2, 2005 |
| Deadline to Amend Pleadings or Add Parties | February 28, 2006 | April 14, 2006 |
| Parties to Exchange List of Patent Claim Terms Each Party Believes Needs to be Construed | February 10, 2006 | June 16, 2006 |
| Parties to Exchange Proposed Definitions of Claim Terms | March 3, 2006 | July 14, 2006 |
| Parties to Meet and Confer to Determine Whether a Genuine Dispute Exists Between the Parties' Respective Definitions | March 17, 2006 | July 28, 2006 |
| Each Party to File its Opening Markman Brief (Plaintiff's proposal)<br><br>Plaintiff to File its Markman Brief (Defendants' proposal) | March 31, 2006 | August 25, 2006 |

3

| Event | Plaintiff's Proposal | Defendants' Proposal |
|---|---|---|
| Each Party to File its Rebuttal Markman Brief (Plaintiff's proposal)<br><br>Defendants to File their Markman Brief (Defendants' proposal) | April 14, 2006 | September 22, 2006 |
| Markman Hearing | April 28, 2006 (or another date convenient for the Court) | October 6, 2006 (or another date convenient for the Court) |
| Close of Fact Discovery | June 30, 2006 | October 20, 2006 |
| Service of Initial Expert Reports | July 28, 2006 | November 17, 2006 |
| Service of Rebuttal Expert Reports | August 18, 2006 | January 12, 2007 |
| Close of Expert Discovery | September 29, 2006 | February 16, 2007 |
| Last Date to File Dispositive Motions | October 20, 2006 | March 16, 2007 |
| Final Pretrial Conference | November 17, 2006 (or another date convenient for the Court) | April/May 2007 (on a date convenient for the Court) |

### A.     Plaintiff's Comments on the Proposed Discovery Schedules

Plaintiff's discovery schedule allows for a full eight months to conduct fact discovery and eleven months to conduct expert discovery. The claims in this case are relatively straight forward. Only one patent is at issue, and the patent covers a fairly simple, mechanical technology. The parties have already exchanged document requests, interrogatories, and requests for admission. Defendants' assertion that they need twelve months or more to conduct fact discovery and sixteen months to finish expert discovery seems unwarranted. Even given Defendants' affirmative defenses of license, laches, and equitable estoppel, and the potential

4

need for third party discovery, there is ample opportunity to conduct all fact discovery in an eight month time frame. Defendants' schedule would not permit a trial until at the earliest June 2007, whereas Plaintiff's schedule would permit a trial in just over one year.

The parties also differ on their approach to briefing claim construction issues. Because such issues are not unique to either the plaintiff or defendant but may be relevant to either the issue of infringement or validity, on which both parties bear a burden of proof, Plaintiff proposes that both parties submit opening <u>Markman</u> briefs on the same date, with rebuttal briefs filed some time later. (Prior to briefing the <u>Markman</u> issues, both Plaintiff and Defendants' schedules require the parties to meet and confer to determine what claim terms are in dispute.) Defendants seek to require Plaintiff to file its <u>Markman</u> brief before their own. Plaintiff submits that Defendants' approach is less equitable, particularly given the fact that claim construction will be an issue relevant to both parties' affirmative claims and defenses in this case. Plaintiff also submits that its approach appears to be consistent with this Court's past orders regarding the briefing of claim construction issues.

Finally, in its schedule, Defendants would require that by December 2, 2005, Plaintiff will identify each claim that it asserts Defendants infringe along with the basis for Plaintiff's claims. On October 25, 2005, Defendants served Plaintiff with a set of interrogatories which, in part, seek the very same information. Plaintiff submits that it is premature to ask the Court effectively to compel Plaintiff to answer an interrogatory to which it has not yet had a chance to object or respond, including on the grounds that it does not yet have full information on all of the products and methods used by the Defendants. Plaintiff acknowledges that this Court has in the past issued orders requiring such disclosures. Plaintiff asks that it be given a chance properly to object and respond to the interrogatory.

**B.     Defendants' Comments on the Proposed Discovery Schedules**

1.     <u>Plaintiff's Disclosure of Its Infringement Contentions</u>:  This second event in the discovery schedule, to which Plaintiff objects, is drawn verbatim from this Court's Orders in other patent infringement actions, samples of which are attached as exhibits to this Joint Statement.  *See*, *e.g.*, "Special Order on Patent Litigation," *Phillips Screw Co. v. Olympic Mfg. Group, Inc.*, Civil Action No. 04-10540-RGS (filed Sept. 1, 2004) (Ex. A); "Discovery Order," *Massachusetts Institute of Tech. v. ImClone Sys., Inc.*, Civil Action No. 04-10884-RGS (filed Aug. 10, 2004) (Ex. B).  Plaintiff should likewise be required to produce this very basic information by early December 2005, at the outset of the lawsuit.  Indeed, Plaintiff should already have this information at hand – because, as part of its pre-filing investigation, Plaintiff must have compared the accused product(s) to the patent claims, and decided which patent claims it would assert in this lawsuit.  The Defendants served interrogatories on Plaintiff seeking some of this information only after Plaintiff declined (on the parties' October 21st telephone call) to voluntarily provide the information in the first instance.

2.     <u>Duration of Fact Discovery</u>:  This lawsuit is not as "straightforward" as characterized by Plaintiff, and an additional four months for fact discovery (as provided for in Defendants' proposed schedule) is warranted.  The patent-in-suit (which derives priority from an earlier British patent) has 23 claims, which in turn involve dozens of elements.  There is also a 15-year (if not longer) history of dealing between the parties, both within and outside the context of the industry's International Consortium, which bears directly on the claims and defenses in this lawsuit.

In addition, Plaintiff is a British corporation that has gone through numerous reorganizations and bankruptcies over the past fifteen to twenty years.  As a result, there are an

unusually large number of current and former employees of the Plaintiff (and its current British parent corporation, Bridgehouse Marine) who will need to be deposed. With regard to Plaintiff's former employees and non-parties overseas, the Defendants may be required to seek discovery in the United Kingdom and other foreign countries under the Hague Convention on Taking Evidence Abroad in Civil or Commercial Matters, and other applicable bilateral or multi-lateral conventions (collectively, "the Hague Convention") to prepare its affirmative defenses. Due to the complex and time-consuming procedures of the Hague Convention, the Defendants believe they will need the additional four months of fact discovery.

The Defendants will also need discovery from the Plaintiff (among others) relating to (i) the conception and reduction to practice of each of the claimed invention(s); (ii) the ownership and chain of title of the '815 Patent; (iii) the prosecution of the applications at issue; (iv) the invalidity and unenforceability of the '815 Patent; and (v) Plaintiff's claims of damages. All of this suggests that the Defendants' proposed discovery schedule is reasonable.

Defendants' discovery proposal also represents an effort to comply with the spirit of Local Rule 16.1(F)(9) in that the final pretrial conference can be scheduled within approximately eighteen months after the filing (on September 23, 2005) of Defendants' answer to the Complaint.

3.  *Seriatim* Markman Briefing: Plaintiff bears the burden of proving that each of the Defendants has infringed the patent-in-suit. Therefore, it makes sense that Plaintiff – the party with the burden of proving infringement – goes first in submitting its Markman brief.

### III. Limitations on Discovery

The parties agree to be bound by the Federal Rules of Civil Procedure and the Local Rules of the District of Massachusetts with respect to limitations on discovery.

Defendants further propose that each side be allowed to take up to 15 depositions (including expert depositions) without seeking leave of Court. The additional five depositions per side are needed because of the unusually large number of current and former employees of Plaintiff (and Plaintiff's current British parent corporation, Bridgehouse Marine) who will need to be deposed in this lawsuit.

Plaintiff contends that 15 depositions appear to be excessive at this point. Ten depositions should adequately permit the parties to prepare their respective claims and defenses. If more are needed, either side would be free to seek leave of the Court to take additional depositions.

## IV.  Protective Order

The parties expect that during the course of discovery, they will have need to exchange confidential trade secret and commercial information. As a result, the parties anticipate filing a proposed Stipulated Protective Order for the Court's consideration.

## V.  Trial Before a Magistrate Judge

The parties do not consent to a trial before a Magistrate Judge.

## VI.  Motions Pending

None of the parties has any motions pending before the Court.

**VII.    Local Rule 16.1(D)(3) Statements**

The parties will separately file certificates under Local Rule 16.1(D)(3) at or prior to the scheduling conference.

| | |
|---|---|
| Respectfully submitted, | Respectfully submitted, |
| GLOBAL MARINE SYSTEMS LIMITED, | TYCO ELECTRONICS CORP., TYCO TELECOMMUNICATIONS (US), INC., and TRANSOCEANIC CABLE SHIP COMPANY, INC., |
| By its attorneys, | |
| | By their attorneys, |
| /s/ Mark S. Freeman | |
| Daniel C. Winston (BBO #562209) | /s/Andrew R. McConville |
| Mark S. Freeman (BBO #636290) | Stephen R. Delinsky (BBO # 119120) |
| Stacy L. Blasberg (BBO #657420) | Andrew R. McConville (BBO # 632804) |
| CHOATE, HALL & STEWART LLP | ECKERT SEAMANS CHERIN |
| Two International Place | & MELLOTT LLC |
| Boston, MA 02110 | One International Place |
| (617) 248-5000 | Boston, Massachusetts 02110 |
| | (617) 342-6800 (telephone) |
| | (617) 342-6899 (fax) |
| | |
| | OF COUNSEL: |
| | David C. Kiernan |
| | John L. Cuddihy |
| | WILLIAMS & CONNOLLY LLP |
| | 725 Twelfth Street, N.W. |
| | Washington, D.C. 20005 |
| | (202) 434-5000 (telephone) |
| | (202) 434-5029 (fax) |

Dated: November 4, 2005

4007043v1

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-CV-10540-RGS

PHILLIPS SCREW COMPANY

v.

OLYMPIC MANUFACTURING GROUP, INC.

SPECIAL ORDER ON
PATENT LITIGATION

September 1, 2004

STEARNS, D.J.

Plaintiff Phillips Screw Company will, on or before September 30, 2004, serve on defendant Olympic Manufacturing Group, Inc., with a copy provided to the court, a statement (1) identifying with specificity where each element of each asserted claim of the '638 patent is to be found in the accused device(s), (2) providing a concise description of the information on which it relied in advancing each of its infringement contentions, and (3) ranking in order of importance the infringement claims that it intends to litigate.

SO ORDERED.

/s/ Richard G. Stearns

_____
UNITED STATES DISTRICT JUDGE

EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-10884-RGS

MASSACHUSETTS INSTITUTE OF TECHNOLOGY and
REPLIGEN CORPORATION

v.

IMCLONE SYSTEMS, INC.

DISCOVERY ORDER

August 10, 2004

STEARNS, D.J.

Discovery will proceed as follows:

Motions to add parties or amend the pleadings will be filed by September 15, 2004.

On or before October 1, 2004, plaintiffs will identify those claims of the patient they believe are infringed; identify with specificity where each element of the asserted claims of the '281 patent is to be found in the accused "device"; provide a concise description of the information on which they relied in advancing each infringement contention; and rank the infringement claims in their order of importance.

All factual discovery will be completed by May 31, 2005.

Expert witnesses will be identified and Rule 26 reports served on or before July 31, 2005. Rebuttal experts will be designated and Rule 26 reports served on or before August 31, 2005. Expert depositions will be completed by October 31, 2005.



EXHIBIT B

Dispositive motions will be filed by November 30, 2005. Responses will be due 21 days thereafter. The court will accept one sur-reply from each side not to exceed 10 pages and to be filed within 10 days of the responses.

SO ORDERED.

/s/ Richard G. Stearns

_____
UNITED STATES DISTRICT JUDGE