IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GLOBAL MARINE SYSTEMS LIMITED,<br><br>Plaintiff,<br><br>v.<br><br>TYCO ELECTRONICS CORPORATION,<br>TYCO TELECOMMUNICATIONS (U.S.)<br>INC., TRANSOCEANIC CABLE SHIP CO. INC.,<br><br>Defendants. | Case No. 05-11605-RGS |

**STIPULATED PROTECTIVE ORDER**

The plaintiff, Global Marine Systems Limited ("Plaintiff"), and defendants, Tyco Electronics Corporation, Tyco Telecommunications (US) Inc., and Transoceanic Cable Ship Company, Inc. (collectively, "Defendants"), have agreed that certain information subject to discovery in this action may be claimed to contain proprietary or confidential trade secret, technical, business, or financial information of the producing party or applicable non-party within the meaning of Rule 26(c)(7) of the Federal Rules of Civil Procedure (collectively "Confidential Information"). To facilitate discovery in this action, Plaintiff and Defendants (collectively, "the Parties") accordingly stipulate, subject to the approval of the Court, to the following Protective Order:

1.  Designation of Confidential Information.

    (a) With respect to such Confidential Information that has been or will be sought or produced during discovery, the Producing Party[1] may identify or otherwise

---

[1] "Producing Party" is defined to include parties as well as nonparty persons or entities subject to discovery in this action. The provisions of this Stipulated Protective Order

designate such matter as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

(b)   Information, documents, and things that a Producing Party in good faith believes constitutes or contains proprietary or confidential trade secret, technical, business, and financial information may be designated as "CONFIDENTIAL." The Parties will use reasonable care to avoid designating any documents or other information as "CONFIDENTIAL" for which the Producing Party does not have a good faith belief that the documents or information satisfy the criteria set forth in this paragraph 1(b).

(c)   Information, documents and things that a Producing Party in good faith believes constitutes or contains current research and development information or competitively sensitive information, the disclosure of which to another party to this litigation can reasonably be expected to lead to competitive harm to the Producing Party, may be designated as "HIGHLY CONFIDENTIAL." Use of this highly restrictive designation is limited to information of the highest competitive sensitivity, and the Parties will use reasonable care to avoid designating any documents or other information as "HIGHLY CONFIDENTIAL" for which the Producing Party does not have a good faith belief that the documents or information satisfy the criteria set forth in this paragraph 1(c). A presumption shall exist that summary sales and financial information (such as sales volumes, revenues, and associated costs and profits) shall be designated (if at all) as "CONFIDENTIAL" and not as "HIGHLY CONFIDENTIAL". Notwithstanding this presumption, either side may apply to the Court for further protections to be afforded to such information.

---

shall fully apply to information, documents or things designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" by a Producing Party.

(d)     Any copies of documents designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," abstracts, summaries, or information derived therefrom, and any notes or other records regarding the contents thereof, may also be designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," and the same terms regarding confidentiality of these documents and materials shall apply as apply to the originals.

2.      <u>Treatment of Information Made Available for Inspection</u>. Any and all information, documents and things that are made available for inspection, shall be treated as having been designated as "HIGHLY CONFIDENTIAL" pursuant to this Stipulated Protective Order, whether or not so marked, until copies of the information, documents and things are produced by the Producing Party. Produced documents and things, and information therein, shall be held pursuant to this Stipulated Protective Order based on the designation, if any, marked on the documents by the Producing Party. Documents and things, and information therein, may also be made available for inspection on the condition that any privileged or work-product information contained therein may be recalled and that such production and recall will not be deemed or treated herein as a waiver by the Producing Party of any claim of privilege or immunity.

3.      <u>Uses of Confidential Information</u>. No person shall use any Confidential Information, or information derived therefrom, for purposes other than the prosecution or defense of this action, including, without limitation, for purposes of preparing, filing, or prosecuting any patent application, continuation or divisional patent application, reissue patent application or request for re-examination, with the United States Patent & Trademark Office or any equivalent foreign governmental office or entity. This paragraph also incorporates by reference all other restrictions on the use and disclosure of

Confidential Information as set forth in this Stipulated Protective Order, including but not limited to the restrictions set forth in paragraphs 15 and 24 of this Order.

4.   <u>Identification of Documents and Things</u>.  All documents and things produced in discovery by each Producing Party shall bear identifying numbers when a copy or copies are produced to the party seeking its production in this action ("Discovering Party"). The identity of the Producing Party shall be clearly identified by identifying numbers and/or letters stamped or printed on the documents or things pursuant to this Paragraph 4.

5.   <u>"Highly Confidential" Information - Permitted Disclosure</u>. Information, documents and things designated as "HIGHLY CONFIDENTIAL" by a Producing Party in accordance with Paragraph 1, shall not be disclosed, given, shown, made available or communicated in any way, directly or indirectly, by the Discovering Party to anyone other than the following persons (and then in accordance with the provisions of this Order, including paragraph 24 below):

   (a)   the Court and court personnel;

   (b)   the outside attorneys of record for the Discovering Party (*i.e.*, outside trial counsel and local counsel) and their respective legal assistants and clerical employees whose duties and responsibilities require access to such materials;

   Notwithstanding the foregoing, the persons covered by this subparagraph (b) shall not (from the date of entry of this Order until one year after the conclusion of this litigation and any appeal thereof), engage, participate in, oversee, or supervise, any aspect of the preparation or prosecution of a United States or foreign patent application of Plaintiff, the Defendants, or any third party, where the subject matter of such United

4

States or foreign patent application pertains to the subject matter claimed in the patent-in-suit, U.S. Patent No. 4,912,815. The outside attorneys of record for the parties shall also cause their respective law firms to take all necessary steps to ensure that the firms' attorneys and employees (including patent agents) are apprised of and abide by the terms of this subparagraph;

(c)  any person who is an author, addressee, or copy recipient of the designated document;

(d)  outside consultants or independent non-party experts (each referred to herein as an "Expert") for the sole purpose of providing expert consultation or testimony in this action or otherwise to assist in the preparation of this action for trial, but such disclosure shall be subject to the requirements of Paragraphs 7(b) and 24 below;

(e)  court reporting and deposition videography services and other third party vendors who provide jury consulting, document management, document copying, database, graphics or other litigation support services in connection with this action; and

(f)  any other person as to whom the Producing Party agrees in writing, but such disclosure shall be subject to the requirements of Paragraphs 7(a) and 24 below.

6.  "Confidential" Information - Permitted Disclosure. Information and things designated as "CONFIDENTIAL" by a Producing Party in accordance with Paragraph 1, shall not be disclosed, given, shown, made available or communicated in any way, directly or indirectly, by the Discovering Party to anyone other than the following persons (and then in accordance with the provisions of this Order, including paragraph 24 below):

(a)  all of the persons and entities listed in Paragraph 5 to whom (or which) "HIGHLY CONFIDENTIAL" information may be disclosed; and

    (b) no more than three employees of a party to this action who are providing direct assistance to that party's attorneys of record in this litigation, and who have acknowledged adherence to the terms of this Stipulated Protective Order without objection or after Order of the Court following compliance with the procedures set forth in Paragraphs 7(a) and 24 below.

  7. <u>Requirements for Disclosure to Certain Designated Persons and Experts</u>.

    (a) Each individual to whom Confidential Information is to be disclosed pursuant to Paragraphs 5(d) and 6(b) above, shall acknowledge in writing prior to such disclosure, by signing the Confidentiality Undertaking attached hereto as Exhibit A; that he or she has been informed of this Stipulated Protective Order; that he or she has been provided with a copy thereof, that he or she fully understands and agrees to his or her obligations pursuant to this Stipulated Protective Order; that he or she fully understands that the intentional or willful violation of the terms of the Stipulated Protective Order may constitute contempt of court; that he or she fully understands that a violation of terms of the Stipulated Protective Order may subject him or her to civil damages and equitable relief; and that he or she consents to the personal jurisdiction of the United States District Court for the District of Massachusetts solely with respect to any proceeding for the enforcement of this Stipulated Protective Order, including any proceeding relative to a motion for contempt of court. Signed copies of such Confidentiality Undertakings shall be served on counsel for the Producing Party by the Discovering Party at least ten (10) days prior to such disclosure. It shall be the obligation of the Discovering Party and its counsel to obtain and maintain copies of such Confidential Undertakings.

If no objection to the disclosure is made by the Producing Party in writing and received by the Discovering Party within ten (10) days after service of the signed Confidential Undertakings of a specific individual, disclosure of Confidential Information to such individual by the Discovering Party may occur.

If the Producing Party objects to the proposed disclosure, whether in whole or in part, the Producing Party shall fully state the reason(s) for its objection(s) in writing at the time the objection is made. If the Producing Party objects to the proposed disclosure, the Parties shall meet-and-confer within ten (10) days in a good faith attempt to resolve any challenge on an expedited and informal basis. If the Parties are unable to resolve the dispute expeditiously and informally, the Producing Party shall apply for appropriate ruling(s) from the Court no later than 30 days after the service of its objections to the proposed disclosure. Failure to apply for appropriate ruling(s) from the Court in a timely fashion shall constitute waiver by the Producing Party of its objections and approval of the proposed disclosure.

Notwithstanding the Producing Party's obligation to seek appropriate ruling(s) from the Court, the party proposing to make the disclosure also may seek appropriate ruling(s) from the Court. No party shall oppose a motion made pursuant to this subparagraph on the ground that the motion is made on an expedited basis. While any such timely filed motion is pending, and during the interim between a timely filed objection and the timely filing of a corresponding motion, the party seeking to make the proposed disclosure shall refrain from so doing. The Producing Party shall bear the burden of demonstrating that disclosure of the Confidential Information to the proposed non-party expert or consultant would prejudice the Producing Party.

7

(b)  The following provisions shall apply to the disclosure of Confidential Information to an Expert pursuant to Paragraphs 5(d) and 6(a) above:

(1)  Not less than ten (10) days prior to the disclosure of Confidential Information to an Expert, the party contemplating such disclosure shall give written notice to the Producing Party. The required Notice shall include at least the following information: the full name and business address of the person to whom the party proposes to make disclosure; the person's curriculum vitae, resume, or other document identifying, at a minimum, the person's post-secondary educational degrees, current employer and title/position, and any titled positions currently held by such person with industrial or trade organizations; identification of each of the person's employers, positions with such employers, and consulting clients over the preceding twenty (20) years; and a list of the cases in which the Expert has testified at deposition, at a hearing, or at trial within the preceding five (5) years. Identification of a person pursuant to this subparagraph shall not, itself, give rise to a right to depose the person as an expert or consultant.

(2)  Such Expert shall acknowledge in writing, by signing the Confidentiality Undertaking attached hereto as Exhibit A, that he or she has been informed of this Stipulated Protective Order, that he or she has been provided with a copy thereof, and that he or she fully understands and agrees to his or her obligations pursuant to this Stipulated Protective Order; that he or she fully understands and agrees to his or her obligations pursuant to this Stipulated Protective Order; that he or she fully understands that the intentional or willful violation of the terms of the Stipulated Protective Order may constitute contempt of court; that he or she fully understands that a

8

violation of terms of the Stipulated Protective Order may subject him or her to civil damages and equitable relief; and that he or she consents to the personal jurisdiction of the United States District Court for the District of Massachusetts solely with respect to any proceeding for the enforcement of this Stipulated Protective Order, including any proceeding relative to a motion for contempt of court.. A copy of such Confidentiality Undertaking shall be served on counsel for the Producing Party.

(3)     If the Producing Party does not object in writing within ten (10) days after service of the written notice and Confidentiality Undertaking, disclosure of the Confidential Information to such individual may occur. If the Producing Party objects to the proposed disclosure, whether in whole or in part, the Producing Party shall fully state the reason(s) for its objection(s) in writing at the time the objection is made. If the Producing Party objects to the proposed disclosure, the Parties shall meet-and-confer within ten (10) days in a good faith attempt to resolve any challenge on an expedited and informal basis. If the Parties are unable to resolve the dispute expeditiously and informally, the Producing Party shall apply for appropriate ruling(s) from the Court no later than 30 days after the service of its objections to the proposed disclosure. Failure to apply for appropriate ruling(s) from the Court in a timely fashion shall constitute waiver by the Producing Party of its objections and approval of the proposed disclosure.

Notwithstanding the Producing Party's obligation to seek appropriate ruling(s) from the Court, the party proposing to make the disclosure also may seek appropriate ruling(s) from the Court. No party shall oppose a motion made pursuant to this subparagraph on the ground that the motion is made on an expedited basis. While any such timely filed motion is pending, and during the interim between a timely filed

objection and the timely filing of a corresponding motion, the party seeking to make the proposed disclosure shall refrain from so doing. The Producing Party shall bear the burden of demonstrating that disclosure of the Confidential Information to the proposed non-party expert or consultant would prejudice the Producing Party.

    (c)    All individuals to whom Confidential Information is to be disclosed shall be instructed that Confidential Information may not be used other than in the prosecution or defense of this litigation, and may not be disclosed to anyone other than those persons authorized by this Stipulated Protective Order. Counsel for all parties other than the Producing Party shall take reasonable steps to ensure adherence to the terms and conditions of this Stipulated Protective Order by their respective employees.

    8.    <u>Non-Testifying Experts</u>. To the extent a designated individual to whom Confidential Information may be disclosed pursuant to subsections 5(d) and 6(a) of this Stipulated Protective Order is or may be a non-testifying Expert consulted by counsel, the following provisions are applicable:

    (a)    No party will be deemed to have waived any work-product privilege by disclosing the name of a non-testifying Expert to whom counsel intends to show Confidential Information.

    (b)    No non-testifying Expert disclosed pursuant to subsection 7(b) will be subject to deposition or subpoena as a witness at trial based solely on the fact that he/she was the subject of such disclosure. This provision is not intended to preclude the deposition or trial testimony of any individual whom a party believes in good faith has pre-existing independent knowledge of facts relevant to the case.

    (c)    The identity of a non-testifying Expert disclosed pursuant to

subsection 7(b) may be disclosed to counsel and employees of the opposing party or parties only to the extent necessary to determine if an objection to the proposed disclosure is warranted.

        (d)    Nothing in this Paragraph is intended to limit discovery of or with regard to Experts who produce reports in this case in anticipation of testifying at trial.

    9.    <u>Designation of Interrogatory Answers or other Written Discovery Responses</u>. In the case of interrogatory answers or other written discovery responses disclosing Confidential Information, designation shall be made by placing the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" on each page of such answer in the same manner as the underlying documents or information, or next to the case caption on the face page of such answer designating those portions of the answer which are "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL".

    10.    <u>Designation of Deposition Testimony</u>. For depositions taken in this litigation, a party may designate testimony as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" by so advising the court reporter during the course of that testimony for which "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" treatment is desired, or by so advising opposing counsel in writing within twenty (20) days of receipt of the transcript. Until such twenty (20) days have expired, the entire transcript shall be treated as having been designated "HIGHLY CONFIDENTIAL." The designating party shall have the right to exclude from portions of a deposition, before the taking of testimony which the designating party designates as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" and subject to this Protective Order, all persons other than those persons previously qualified to receive such information pursuant to Paragraphs 5 and 6.

11. <u>Designation of Documents Filed in Court.</u>

(a) Any discovery papers, including deposition transcripts, exhibits or other documents, and any court documents such as briefs or motions, to be filed with the Court and that include Confidential Information shall be sealed in an envelope and accompanied by a cover sheet that includes the following: (i) the caption of the case, including the case number; and (ii) the title "RESTRICTED DOCUMENT PURSUANT TO PROTECTIVE ORDER."

(b) The Parties agree to strictly follow and adhere to the requirements of Rule 7.2 of the Local Rules of this Court with regard to the filing in Court in this litigation of motions to impound or seal Confidential Information, and the filing in Court of Confidential Information sought to be impounded or sealed by the moving party.

12. <u>Use and Disclosure of Confidential Information.</u>

(a) Confidential Information produced by a party may be utilized in examining or cross-examining any witness in deposition who is either a current employee of the party producing such Confidential Information, or a representative of that same party.

(b) Confidential Information produced by a party may be utilized in examining or cross-examining any witness in deposition who is a former employee of the party producing such Confidential Information, so long as the witness is either authorized to see the Confidential Information under Paragraphs 5 or 6, or was (either at the time of the creation of the Confidential Information or the commencement of this action) employed by the Producing Party and reasonably likely to have had prior legitimate access to the document or the information contained therein, during his or her

employment with the Producing Party.

(c) Nothing in this Stipulated Protective Order shall preclude any Party or its counsel of record from disclosing or using, in any manner or for any purpose, any information or documents from the party's own files which the party itself has designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

13. <u>Disclosure at Trial</u>. This Stipulated Protective Order is intended to facilitate discovery and pretrial preparation (including the designation of trial witnesses and trial exhibits) by protecting from disclosure Confidential Information produced in this case during the pretrial phases of the litigation. This Order does not concern the protection of Confidential Information during a trial in this matter. Prior to trial of this matter, counsel for the parties shall attempt to reach agreement on the handling of information, documents and things designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" at trial, and shall submit such agreement, or proposals if no agreement can be reached, to the Court for consideration. Pending such Court ruling, the obligations and restrictions herein shall continue.

14. <u>Limitations on Restrictions</u>. The restrictions of this Stipulated Protective Order shall not apply to any Confidential Information which in the future (i) is deemed (either by agreement of the parties or by order of the Court) to be no longer entitled to protection under this Order, (ii) is made known to the Discovering Party on a non-confidential basis by the Producing Party, or (iii) which is otherwise subsequently and lawfully made known to the Discovering Party on any basis by any source other than the Producing Party, which source is completely independent of the Discovering Party; further, said restrictions shall not apply to any information which the Discovering Party

shall establish was already lawfully known to it at the time of disclosure, or has been or becomes a matter of public knowledge, or publicly available, subsequent to disclosure through no act or fault of the Discovering Party, or any agent or representative of said party.

15. <u>Prohibited Use of Confidential Information</u>. Subject to the provisions of Paragraph 14, regardless of the classification of document and things as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," any Confidential Information produced by either party in connection with this litigation, and any information contained therein, may not be used by a Discovering Party for any reason other than the prosecution or defense of this litigation, without the prior, express written consent of the Producing Party. By way of example and not of limitation, a Discovering Party may not use Confidential Information of a Producing Party in connection with business or marketing efforts, or any press releases, press announcements, or news conferences, without the prior, express written consent of the Producing Party.

16. <u>Limited Intent of Protective Order</u>. It is not the intention of this Stipulated Protective Order to deal with any discovery objection to produce, answer or respond, including those on the grounds of attorney-client privilege or work product doctrine, or to preclude any party from seeking further relief, modification of this Stipulated Protective Order, or additional protective orders from the Court as may be appropriate under the Federal Rules of Civil Procedure or the Court's Local Rules.

17. <u>Challenging a Designation</u>. At any time, the Discovering Party may notify the Producing Party, in writing, of an objection to the designation of certain information, documents or things by identifying each document or thing which the Party contends is

not protectable as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" and stating why it believes each document or thing is not protectable. No later than ten days after the Producing Party's receipt of such Notice, the Parties shall meet and confer in a good faith attempt to resolve any challenge on an expedited and informal basis. If the parties are unable to reach an agreement on the disputed confidentiality designation, the Discovering Party may apply to the Court for an Order removing such designation, and the Producing Party shall respond with its reasons for making the designation. The party claiming confidentiality bears the burden of establishing the confidential nature of the information.

18. <u>Inadvertent Disclosure</u>. Information produced without the designation of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" may be so designated subsequent to production if the Producing Party provides replacement materials bearing appropriate designations and notifies the Discovering Party promptly after becoming aware of same that the Producing Party failed to make such designation at the time of production. Upon receipt of any such re-designation, the Discovering Party promptly shall collect all copies of the documents and either (a) return them to the Producing Party or (b) certify in writing that they have been destroyed.

19. <u>Termination of This Action</u>. Subject to the provisions of Paragraph 14, this Stipulated Protective Order, insofar as it restricts the dissemination and use of Confidential Information, shall continue to be binding throughout and after the conclusion of this litigation, including any appeals. Within sixty (60) days after final disposition of this litigation, including all appeals therefrom, all Confidential Information, copies of Confidential Information, and all excerpts therefrom, in the possession, custody or control of the parties other than the Producing Party shall be verified as destroyed or

returned to counsel for the Producing Party. Notwithstanding the foregoing, outside counsel for each Party shall be entitled to retain one complete and unredacted set of all filings, court papers, deposition and trial transcripts, deposition and trial exhibits, and attorney work product (regardless of whether such materials contain or reference Confidential Information for archival records), provided that such outside counsel, and employees and agents of such outside counsel, shall not use or disclose any Confidential Information contained or referenced in such materials to any person except pursuant to court order or agreement with the Producing Party. The Court retains exclusive jurisdiction subsequent to settlement or entry of judgment to enforce the terms of this Protective Order.

20. **Providing Legal Advice.** Subject to the provisions of Paragraph 3, nothing in this Stipulated Protective Order shall bar or otherwise restrict any outside counsel or persons who are employed as in-house counsel for a party from discussing this action and/or rendering legal advice to his or her client with respect to this litigation and, in the course thereof, relying upon his or her examination of Confidential Information, provided, however, that in rendering such advice and in otherwise communicating with his or her client, such person shall not make any disclosure of Confidential Information to any person not entitled to have access to it. The provisions of this Stipulated Protective Order shall survive the termination of this litigation.

21. **Recall of Inadvertently Produced Privileged Information.** The inadvertent or unintentional disclosure by a Producing Party of information subject to a claim of attorney-client privilege or work product immunity shall not be deemed a waiver in whole or in part of the claim of privilege or work product immunity, either as to the specific

information disclosed or as to any other information relating thereto. If a Producing Party has inadvertently produced or disclosed documents or information subject to a claim of immunity or privilege, the Discovering Party, upon written request, shall promptly return the inadvertently produced documents and information, and all copies thereof that may have been made. A party returning such information may move the Court for an order compelling production of such information: (1) on grounds other than waiver by its earlier production, or (2) on grounds that the Producing Party did not act promptly to request return of the documents subject to a claim of privilege upon discovering the inadvertent production and that return of the documents would unfairly prejudice the Discovering Party. If upon receipt of a written request to return allegedly inadvertently produced material subject to a claim of privilege, the Discovering Party notifies the Producing Party in writing of its intent to file a motion on either ground above, the Discovering Party shall retain the right to keep one (1) copy of the disputed document(s) solely for purposes of filing the motion and may make no further use of the documents until the motion is decided by the Court.

22.    Other Proceedings. By entering this Stipulated Protective Order and limiting the disclosure of information in this action, the Court does not intend to preclude another court from finding that information disclosed in this action may be relevant and subject to discovery in another action. Any person or party subject to this Stipulated Protective Order who may be subject to a subpoena, motion, or court order in another action to disclose information that is designated by another party as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" in this action shall promptly notify that other party in writing of the subpoena, motion, or court order so that that other party may have an

opportunity, prior to disclosure of the Confidential Information, to appear and be heard in that other action on whether such Confidential Information should be disclosed.

23.    Amendments to this Order.  This Order is without prejudice to the right of any party to seek amendment of this Order, or to otherwise seek relief from the Court, upon good cause shown, from any of the provisions contained hereof.

24.    Export Control.  It is understood and acknowledged that the export of certain technical data is subject to United States laws and regulations controlling the export of such technical data, including all Export Administration Regulations of the United States Department of Commerce. These laws and regulations, among other things, prohibit or require a license for the export of certain types of technical data to certain specified countries. The Parties hereby agree and gives written assurances that they will comply with all United States laws and regulations controlling the export of technical data.

25. <u>Days</u>. All references to "days" in this Stipulated Protective Order shall be construed as calendar days, unless otherwise specifically indicated.

DONE AND ORDERED THIS 23D day of January, 2006.

_____
UNITED STATES DISTRICT COURT JUDGE

SO STIPULATED:

| Date: January 20, 2006 | Date: January 20, 2006 |
|---|---|
| Stephen R. Delinsky (BBO # 119120)<br>Erik J. Frick (BBO # 553336)<br>ECKERT SEAMANS<br>  CHERIN & MELLOTT LLC<br>One International Place<br>Boston, Massachusetts 02110<br>(617) 342-6800 (telephone)<br>(617) 342-6899 (fax)<br><br>David C. Kiernan (admitted *pro hac vice*)<br>John L. Cuddihy (admitted *pro hac vice*)<br>WILLIAMS & CONNOLLY LLP<br>725 Twelfth Street, N.W.<br>Washington, DC 20005<br>(202) 434-5000 (telephone)<br>(202) 434-5029 (fax) | Daniel C. Winston (BBO # 562209)<br>Mark S. Freeman (BBO # 636290)<br>Stacy L. Blasberg (BBO # 657420)<br>CHOATE, HALL & STEWART LLP<br>Two International Place<br>Boston, Massachusetts 02110<br>(617) 248-5000 (telephone)<br>(617) 248-4000 (fax) |
| Attorneys for Defendants Tyco Electronics Corp., Tyco Telecommunications (US) Inc., and Transoceanic Cable Ship Company, Inc. | Attorneys for Plaintiff Global Marine Systems Limited |

EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GLOBAL MARINE SYSTEMS LIMITED,<br><br>Plaintiff,<br><br>v.<br><br>TYCO ELECTRONICS CORPORATION,<br>TYCO TELECOMMUNICATIONS (U.S.)<br>INC., TRANSOCEANIC CABLE SHIP CO. INC.,<br><br>Defendants. | Case No. 05-11605-RGS |

**CONFIDENTIALITY UNDERTAKING**

I certify that I have received and read the Stipulated Protective Order in the above-captioned case and that I fully understand and will abide by its terms. I recognize that I am bound by its terms, and that an intentional or willful violation of its terms may accordingly constitute contempt of court. I hereby consent to the personal jurisdiction of the United States District Court for the District of Massachusetts, for purposes of enforcement of the Stipulated Protective Order.

EXECUTED this ____ of _____ 200__, at _____.

_____
Name
_____
Affiliation
_____
Address