IN THE UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GLOBAL MARINE SYSTEMS LIMITED,<br><br>    Plaintiff,<br><br>v.<br><br>TYCO ELECTRONICS CORPORATION, TYCO TELECOMMUNICATIONS (U.S.) INC., TRANSOCEANIC CABLE SHIP CO. INC.,<br><br>    Defendants. | Case No.: 05-11605 RGS |

## AMENDED JOINT STATEMENT PURSUANT TO LOCAL RULE 16.1

Plaintiff Global Marine Systems Limited ("Plaintiff") and Defendants Tyco Electronics Corporation, Tyco Telecommunications (US) Inc., and Transoceanic Cable Ship Company, Inc. (collectively, "Defendants") hereby submit this report pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and Local Rule 16.1(D). On October 21, 2005, counsel for Plaintiff and counsel for Defendants telephonically met and conferred as to the topics addressed by Rule 26(f) of the Federal Rules of Civil Procedure and Local Rule 16.1. The parties submitted an initial Joint Statement on November 4, 2005, with several areas of disagreement. Since that time, the parties have reached agreement on those remaining issues. As a result, Plaintiff and Defendants hereby submit the following amended joint proposed discovery plan for the Court's consideration in advance of the Scheduling Conference to be held on Tuesday, March 21, 2006.

I. **Introduction**

This is a suit for patent infringement of U.S. Patent No. 4,912,815 ("the '815 patent").

### A. Plaintiff's Allegations

The '815 patent claims various clamp assemblies and methods of using such assemblies. Such clamp assemblies can be used with submarine telecommunications cables. Both Plaintiff and Defendants are in the business of installing and repairing submarine telecommunications cables. Plaintiff asserts that the manufacture, use, sale, and offer to sale of, inter alia, Defendants' Millenia Joint clamp assembly infringes certain of the claims of the '815 patent. Plaintiff claims that Defendants infringement in this regard has been willful.

### B. Defendants' Allegations

None of the Defendants is liable for infringement of any valid and enforceable claim of the '815 Patent, which issued in April 1990 and is set to expire in April 2007. Indeed, Tyco Electronics Corporation ("TEC") is an improperly-named party, and has asked Plaintiff to voluntarily dismiss it from this lawsuit.

More broadly, this lawsuit arises against the backdrop of the parties' collaborative efforts, over at least the past fifteen years, to develop submarine cable jointing technologies such as those claimed in the '815 Patent. For example, both Plaintiff and Tyco Telecommunications (US), Inc. are active members of the International Consortium for the Advancement of the Submarine Cable Jointing Arts ("International Consortium"), pursuant to which the Defendants assert that they have an actual and/or implied license under the '815 Patent.

In addition, Plaintiff and Tyco Telecommunications (US), Inc. met in the Fall of 1998 to discuss (among other things) the design and manufacture of the so-called "Millennia Joint (ARMORED)" that is now accused of infringement. Between 1998 and 2005, Plaintiff and Defendants both competed and cooperated with each other in the submarine cable jointing industry and the International Consortium, on a near-daily basis. Yet Plaintiff waited until

September 2005 to assert its infringement claims. The Defendants assert that Plaintiff's claims are therefore barred under the doctrines of equitable estoppel and laches. Finally, the Defendants assert that they do not infringe any valid and enforceable claim of the '815 Patent.

## II.     Discovery Schedule

The parties have met and conferred with respect to the timing of the discovery schedule, Markman hearing, and briefing in advance of the Markman hearing. The parties jointly propose the following schedule for the Court's consideration.

| Event | Date |
| --- | --- |
| Service of Initial Disclosures | The parties have served their Initial Disclosures |
| Deadline to Amend Pleadings or Add Parties | April 14, 2006 |
| Parties to Exchange List of Patent Claim Terms Each Party Believes Needs to be Construed | June 16, 2006 |
| Parties to Exchange Proposed Definitions of Claim Terms | July 14, 2006 |
| Parties to Meet and Confer to Determine Whether a Genuine Dispute Exists Between the Parties' Respective Definitions | July 28, 2006 |
| Each Party to File its Opening Markman Brief | August 25, 2006 |
| Each Party to File its Rebuttal Markman Brief | September 22, 2006 |
| Markman Hearing | October 6, 2006 (or another date convenient for the Court) |
| Close of Fact Discovery | October 20, 2006 |

| Event | Date |
|---|---|
| Service of Initial Expert Reports | November 17, 2006 |
| Service of Rebuttal Expert Reports | January 12, 2007 |
| Close of Expert Discovery | February 16, 2007 |
| Last Date to File Dispositive Motions | March 16, 2007 |
| Final Pretrial Conference | May 2007 (on a date convenient for the Court) |

### III. Limitations on Discovery

The parties agree to be bound by the Federal Rules of Civil Procedure and the Local Rules of the District of Massachusetts with respect to limitations on the number of document requests, interrogatories, and requests for admission. However, the parties further propose that each side be allowed to take up to 15 depositions (including expert depositions) without seeking leave of Court. The additional five depositions per side are needed because of the unusually large number of current and former employees of Plaintiff (and Plaintiff's current British parent corporation, Bridgehouse Marine) who may need to be deposed in this lawsuit.

### IV. Protective Order

The parties have submitted a Stipulated Protective Order which was entered by the Court on January 23, 2006.

### V. Trial Before a Magistrate Judge

The parties do not consent to a trial before a Magistrate Judge.

### VI. Motions Pending

None of the parties has any motions pending before the Court.

4060491v1

**VII.**   **Local Rule 16.1(D)(3) Statements**

The parties have separately filed certificates under Local Rule 16.1(D)(3).

| | |
|---|---|
| Respectfully submitted, | Respectfully submitted, |
| GLOBAL MARINE SYSTEMS LIMITED, | TYCO ELECTRONICS CORP., TYCO TELECOMMUNICATIONS (US), INC., and TRANSOCEANIC CABLE SHIP COMPANY, INC., |
| By its attorneys, | |
| | By their attorneys, |
| /s/ Mark S. Freeman | |
| Daniel C. Winston (BBO #562209) | /s/ Stephen R. Delinsky (MSF) |
| Mark S. Freeman (BBO #636290) | Stephen R. Delinsky (BBO # 119120) |
| Stacy L. Blasberg (BBO #657420) | Erik J. Frick (BBO # 553336) |
| CHOATE, HALL & STEWART LLP | ECKERT SEAMANS CHERIN |
| Two International Place | & MELLOTT LLC |
| Boston, MA 02110 | One International Place |
| (617) 248-5000 | Boston, Massachusetts 02110 |
| | (617) 342-6800 (telephone) |
| | (617) 342-6899 (fax) |
| | |
| | David C. Kiernan (admitted *pro hac vice*) |
| | John L. Cuddihy (admitted *pro hac vice*) |
| | WILLIAMS & CONNOLLY LLP |
| | 725 Twelfth Street, N.W. |
| | Washington, D.C. 20005 |
| | (202) 434-5000 (telephone) |
| | (202) 434-5029 (fax) |

Dated: March 17, 2006

<u>Certificate of Service</u>

I hereby certify that this document filed through the ECT system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on March 17, 2006.

/s/ Mark S. Freeman

4060491v1