**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

GLOBAL MARINE SYSTEMS LIMITED, )
)
Plaintiff, )
)
v. ) Case No. 05-11605-RGS
)
TYCO TELECOMMUNICATIONS (US) INC. )
and TRANSOCEANIC CABLE SHIP CO. INC., )
)
Defendants. )

## DEFENDANTS TYCO TELECOMMUNICATIONS (US) INC.'S AND TRANSOCEANIC CABLE SHIP COMPANY, INC.'S MOTION FOR LEAVE TO FILE FIRST AMENDED ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, Defendants Tyco Telecommunications (US) Inc. and Transoceanic Cable Ship Company, Inc. move for leave to amend their Answer to Plaintiff's First Amended Complaint to set forth two additional defenses of Plaintiff's lack of standing to maintain this patent infringement action (Defense No. 9) and patent unenforceability (Defense No. 10).

This motion is timely under the Court's Scheduling Order (entered March 21, 2006), which allows the parties to amend their pleadings by today's date. Plaintiff will not be prejudiced by the filing of the First Amended Answer: fact discovery is in its early stages and will not close until October 20, 2006, and these defenses will not alter the scope of discovery. The defenses are also asserted in good-faith and are not futile.

For these reasons, as well as those set forth in the accompanying memorandum of law, Defendants respectfully request that the Court grant this Motion for Leave to File First Amended Answer to Plaintiff's First Amended Complaint.

Defendants' proposed First Amended Answer is attached hereto as Exhibit A, and a redlined version showing the proposed amendments is attached hereto as Exhibit B.  A proposed Order also is submitted.

### Certification Pursuant to Local Civil Rule 7.1(a)(2)

Pursuant to Rule 7.1(a)(2) of the Local Rules of this Court, undersigned counsel states that John L. Cuddihy conferred with counsel for Plaintiff on April 13, 2006, regarding the relief sought in this motion.  Counsel for Plaintiff declined to consent to the requested relief.

Dated:  April 14, 2006

Respectfully submitted,

TYCO TELECOMMUNICATIONS (US) INC.
and TRANSOCEANIC CABLE SHIP COMPANY, INC.,

By their attorneys,

Stephen R. Delinsky (BBO # 119120)
Erik J. Frick (BBO # 553336)
ECKERT SEAMANS CHERIN & MELLOTT LLC
One International Place
Boston, Massachusetts 02110
(617) 342-6800 (telephone)
(617) 342-6899 (fax)

David C. Kiernan (admitted *pro hac vice*)
John L. Cuddihy (admitted *pro hac vice*)
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
(202) 434-5000 (telephone)
(202) 434-5029 (fax)

I, Erik J. Frick, hereby certify that a true copy of the above document, with attachments, was served upon the attorneys of record for plaintiff Global Marine Systems Limited (Messrs. Marandett, Winston, Freeman, and Ms. Blasberg) via the Court's ECF system and first-class mail, postage-prepaid, on April 14, 2006.

Erik J. Frick

# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

GLOBAL MARINE SYSTEMS LIMITED,       )
                                     )
                Plaintiff,           )
                                     )
        v.                           )    Case No. 05-11605-RGS
                                     )
TYCO TELECOMMUNICATIONS (US) INC.    )    **Jury Trial Demanded**
and TRANSOCEANIC CABLE SHIP CO. INC.,)
                                     )
                Defendants.          )
                                     )

## FIRST AMENDED ANSWER AND AFFIRMATIVE DEFENSES
## OF DEFENDANTS TYCO TELECOMMUNICATIONS (US) INC.
## AND TRANSOCEANIC SHIP COMPANY, INC. TO PLAINTIFF
## GLOBAL MARINE SYSTEMS LIMITED'S FIRST AMENDED COMPLAINT

Defendants Tyco Telecommunications (US) Inc. ("Tyco Telecommunications") and Transoceanic Cable Ship Company, Inc. ("Transoceanic"), (together, "the Defendants"), through undersigned counsel, answer the First Amended Complaint ("Complaint") of Plaintiff Global Marine Systems Limited ("Plaintiff") as follows:

1.      The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint and therefore deny same.

2.      The Defendants are without knowledge or information sufficient to inform a belief as to the truth of the allegations contained in paragraph 2 of the Complaint and therefore deny same, except that Tyco Telecommunications denies the allegations contained in the second sentence of paragraph 2 of the Complaint.

3.      Tyco Telecommunications admits that it is a corporation organized and existing under the laws of Delaware, with a principal place of business in New Jersey. Tyco Telecommunications denies the remaining allegations contained in paragraph 3 of the Complaint. Transoceanic is without knowledge or information sufficient to inform a belief as to the truth of the allegations contained in paragraph 3 of the Complaint and therefore denies same.

4.      Transoceanic admits that it is a corporation organized and existing under the laws of New York, with a principal place of business in New Jersey. Tyco Telecommunications is without knowledge or information sufficient to inform a belief as to the truth of the allegations contained in paragraph 4 of the Complaint and therefore denies same.

5.      The Defendants deny the allegations contained in paragraph 5 of the Complaint.

6.      Paragraph 6 of the Complaint states conclusions of law as to which no response is required.

7.      Paragraph 7 of the Complaint states conclusions of law as to which no response is required.

8.      The Defendants admit that a copy of U.S. Patent No. 4,912,815 is attached as Exhibit A to the Complaint. The Defendants are without knowledge or information sufficient to inform a belief as to the truth of the remaining allegations contained in paragraph 8 of the Complaint and therefore deny same.

9.      The Defendants are without knowledge or information sufficient to inform a belief as to the truth of the allegations contained in paragraph 9 of the Complaint and therefore deny same.

10.     The Defendants restate and incorporate herein by reference their responses to Paragraphs 1 through 9 of the Complaint.

11.     Tyco Telecommunications admits that it manufactures, markets, and sells certain submarine cable joint kits in the United States, and otherwise denies the allegations contained in paragraph 11 of the Complaint. Transoceanic denies the allegations contained in paragraph 11 of the Complaint.

12.     The Defendants deny the allegations contained in paragraph 12 of the Complaint.

13.     The Defendants deny the allegations contained in paragraph 13 of the Complaint.

14.     The Defendants deny the allegations contained in paragraph 14 of the Complaint.

15.     The Defendants deny the allegations contained in paragraph 15 of the Complaint.

16.     The Defendants deny the allegations contained in paragraph 16 of the Complaint.

17.     The Defendants deny the allegations contained in paragraph 17 of the Complaint.

18.     The Defendants deny the allegations contained in paragraph 18 of the Complaint.

Plaintiff's Prayer for Relief contains no factual assertions to which a response is required. To the extent that the Prayer may be deemed to require a response, it is denied.

The Defendants deny all allegations of the Complaint (including headings) not specifically admitted above.

* * *

The Defendants set forth the following affirmative and other defenses. The Defendants do not intend hereby to assume the burden of proof with respect to those matters as to which, pursuant to law, Plaintiff bears the burden. The Defendants reserve their right to assert in the future such other and further defenses as may become available or apparent during pretrial proceedings.

### FIRST DEFENSE – INVALIDITY

19.    Each of the claims of U.S. Patent No. 4,912,815 ("the '815 Patent") is invalid for failure to satisfy the provisions of one or more of sections 102, 103, 112, and/or 116 of Title 35 of the United States Code.

### SECOND DEFENSE – NON-INFRINGEMENT

20.    The manufacture, use, offering for sale, selling, or importing into the United States of products by the Defendants, including the "Millennia Joint Assembly (ARMORED)" product that is referenced in paragraph 12 of the Complaint, does not infringe any valid and enforceable claim of the '815 Patent.

### THIRD DEFENSE – ACTUAL AND/OR IMPLIED LICENSE

21.    Each of the Defendants has an actual and/or implied license under the '815 Patent arising from (among other things) the Plaintiff's and at least one of the Defendants' memberships in the Consortium for the Advancement of the Submarine Cable Jointing Arts, and the collaborative efforts with Plaintiff (including Plaintiff's predecessors-in-interest), over

at least the past fifteen years, to develop submarine cable jointing technologies such as those claimed in the '815 Patent.

## FOURTH DEFENSE – EQUITABLE ESTOPPEL

22.     In and around November and December 1998, representatives of Plaintiff met with representatives of one or more of the Defendants, and discussed (among other things) the products that are accused of infringement in this action. Despite Plaintiff's actual and constructive knowledge in November and December 1998, at the latest, of the Defendants' allegedly infringing products, Plaintiff did not serve the Complaint for infringement on the Defendants until September 2005.

23.     Plaintiff, through misleading conduct (including an unreasonable delay in commencing its infringement action), led Defendants to reasonably believe that Plaintiff did not intend to attempt to enforce the '815 Patent against Defendants.

24.     Due to their reasonable and substantial reliance on Plaintiff's misleading conduct, the Defendants will be materially prejudiced if Plaintiff is allowed to proceed with its action.

25.     Plaintiff's claims are barred by the doctrine of equitable estoppel.

## FIFTH DEFENSE – LACHES

26.     In and around November and December 1998, representatives of Plaintiff met with representatives of one or more of the Defendants, and discussed (among other things) the products that are accused of infringement in this action. Despite Plaintiff's actual and constructive knowledge in November and December 1998, at the latest, of the Defendants' allegedly infringing products, Plaintiff did not serve the Complaint for patent infringement on the Defendants until September 2005.

27.     Plaintiff's lengthy delay in bringing suit was unreasonable and inexcusable, and the Defendants have suffered material prejudice directly attributable to Plaintiff's delay.

28.     Plaintiff's claim for damages prior to commencement of this action for alleged infringement of the '815 Patent is barred by the doctrine of laches.

### SIXTH DEFENSE – FAILURE TO MARK

29.     Plaintiff's claims for damages prior to the commencement of this action for alleged infringement of the '815 Patent are barred by 35 U.S.C. § 287.

### SEVENTH DEFENSE – LACK OF PERSONAL JURISDICTION

30.     The Court lacks personal jurisdiction over each of the Defendants.

### EIGHTH DEFENSE – FAILURE TO STATE A CLAIM

31.     The Complaint fails to state a claim against the Defendants upon which relief may be granted.

### NINTH DEFENSE – LACK OF STANDING

32.     Plaintiff lacks standing to bring the claims asserted in its Complaint because, upon information and belief, Plaintiff is not a valid owner or assignee of the '815 Patent.

### TENTH DEFENSE – UNENFORCEABILITY

33.     The '815 Patent is unenforceable because the individuals associated with the filing and prosecution of the application that led to the issuance of that patent engaged in inequitable conduct by breaching their duty of candor and good faith in dealing with the United States Patent and Trademark Office ("PTO").  Named inventor Peter D. Jenkins, and his agents and/or attorneys, including, without limitation, Larry S. Nixon, withheld from the PTO

- 6 -

material information with an intent to deceive the PTO, namely, an article co-authored by Mr.

Jenkins entitled "The Jointing of Submarine Optical Fibre Cable," in which Mr. Jenkins

described the invention claimed in the '815 Patent. That article was published in the *British*

*Telecom Technology Journal* in or around January 1985 and, upon information and belief,

more than one year prior to the filing date of the foreign patent application to which the '815

Patent claims priority. The article was material to the claims sought by Mr. Jenkins because it

rendered those claims invalid under at least section 102(b) of Title 35 of the United States

Code, and thus was information that the PTO would have considered important in deciding

whether to allow Mr. Jenkins' application to issue as a patent. The article was known to Mr.

Jenkins (the article's co-author) and/or his attorneys at the time of the prosecution of the

application that led to the issuance of the '815 Patent. Despite the knowledge of this material

information, Mr. Jenkins and his attorneys failed to bring it to the attention of the PTO during

the prosecution of the application that issued as the '815 Patent.

*  *  *

WHEREFORE, having fully answered all of the allegations of the Complaint, the

Defendants pray for judgment as follows:

a.    Dismissal of the Complaint with prejudice;

b.    an award of costs, expenses, and attorneys' fees incurred by

Defendants in connection with this action, to the extent permitted

by law, including but not limited to 35 U.S.C. § 285; and

c.    such other and further relief as the Court may deem proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, each of the Defendants

hereby demands a trial by jury of the issues so triable herein.

Respectfully submitted,

**TYCO TELECOMMUNICATIONS (US) INC.
and TRANSOCEANIC CABLE SHIP
COMPANY, INC.,**

**By their attorneys,**

Stephen R. Delinsky (BBO # 119120)
Erik J. Frick (BBO # 553336)
ECKERT SEAMANS CHERIN & MELLOTT LLC
One International Place
Boston, Massachusetts 02110
(617) 342-6800 (telephone)
(617) 342-6899 (fax)

OF COUNSEL:
David C. Kiernan (admitted *pro hac vice*)
John L. Cuddihy (admitted *pro hac vice*)
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
(202) 434-5000 (telephone)
(202) 434-5029 (fax)

Dated:  April 14, 2006

CERTIFICATE OF SERVICE
I hereby certify that this document(s) filed through the
ECF system will be sent electronically to the registered
participants as identified on the Notice of Electronic Fil-
ing (NEF) and paper copies will be sent to those indi-
cated as non-registered participants on April 4, 2006
By:

- 8 -

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| GLOBAL MARINE SYSTEMS LIMITED, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 05-11605-RGS |
| ) | |
| ~~TYCO ELECTRONICS CORPORATION,~~ ) | |
| TYCO TELECOMMUNICATIONS (~~U.S.)~~ US) INC.) | **Jury Trial Demanded** |
| ~~INC.,~~and TRANSOCEANIC CABLE SHIP CO. INC.) | |
| ) | |
| Defendants. ) | |
| ) | |

**FIRST AMENDED ANSWER AND AFFIRMATIVE DEFENSES
OF DEFENDANTS~~TYCO ELECTRONICS COPORATION,~~ TYCO
TELECOMMUNICATIONS (US) INC.,
AND TRANSOCEANIC SHIP COMPANY, INC. TO PLAINTIFF
GLOBAL MARINE SYSTEMS LIMITED'S FIRST AMENDED COMPLAINT**

Defendants ~~Tyco Electronics Corporation ("Tyco Electronics"),~~ Tyco

Telecommunications (US)~~,~~ Inc. ("Tyco Telecommunications")~~,~~ and Transoceanic Cable Ship

Company, Inc. ("Transoceanic"), (~~collectively~~together, "the Defendants"), through undersigned

counsel, answer the First Amended Complaint ("Complaint") of Plaintiff Global Marine Systems

Limited ("Plaintiff") as follows:

1.     The Defendants are without knowledge or information sufficient to form

a belief as to the truth of the allegations contained in paragraph 1 of the Complaint and

therefore deny same.

2.     ~~Tyco Electronics admits that it is a corporation organized and existing~~

~~under the laws of Pennsylvania, with a principal place of business in Pennsylvania. Tyco~~

~~Electronics denies the remaining allegations contained in paragraph 2 of the Complaint. Tyco~~

**EXHIBIT**

**B**

PENGAD 800-631-6989

~~Telecommunications and Transoceanic~~The Defendants are without knowledge or information sufficient to inform a belief as to the truth of the allegations contained in paragraph 2 of the Complaint and therefore deny same, except that Tyco Telecommunications denies the allegations contained in the second sentence of paragraph 2 of the Complaint.

3.      Tyco Telecommunications admits that it is a corporation organized and existing under the laws of Delaware, with a principal place of business in New Jersey.  Tyco Telecommunications denies the remaining allegations contained in paragraph 3 of the Complaint.  ~~Tyco Electronics and~~ Transoceanic ~~are~~is without knowledge or information sufficient to inform a belief as to the truth of the allegations contained in paragraph 3 of the Complaint and therefore ~~deny~~denies same.

4.      Transoceanic admits that it is a corporation organized and existing under the laws of New York, with a principal place of business in New Jersey.  ~~Tyco Electronics and Tyco~~Tyco elecommunications ~~are~~is without knowledge or information sufficient to inform a belief as to the truth of the allegations contained in paragraph 4 of the Complaint and therefore ~~deny~~denies same.

5.      ~~Tyco Electronics admits that it is qualified to do business in the Commonwealth of Massachusetts, which is within this judicial District, and denies the remaining allegations contained in paragraph 5 of the Complaint.  Tyco Telecommunications and Transoceanic~~The Defendants deny the allegations contained in paragraph 5 of the Complaint.

6.      Paragraph 6 of the Complaint states conclusions of law as to which no response is required.

- 2 -

7.     Paragraph 7 of the Complaint states conclusions of law as to which no response is required.

8.     The Defendants admit that a copy of U.S. Patent No. 4,912,815 is attached as Exhibit A to the Complaint. The Defendants are without knowledge or information sufficient to inform a belief as to the truth of the remaining allegations contained in paragraph 8 of the Complaint and therefore deny same.

9.     The Defendants are without knowledge or information sufficient to inform a belief as to the truth of the allegations contained in paragraph 9 of the Complaint and therefore deny same.

10.     The Defendants restate and incorporate herein by reference their responses to Paragraphs 1 through 9 of the Complaint.

11.     Tyco Telecommunications admits that it manufactures, markets, and sells certain submarine cable joint kits in the United States, and otherwise denies the allegations contained in paragraph 11 of the Complaint. ~~Tyco Electronics and~~ Transoceanic ~~deny~~denies the allegations contained in paragraph 11 of the Complaint.

12.     The Defendants deny the allegations contained in paragraph 12 of the Complaint.

13.     The Defendants deny the allegations contained in paragraph 13 of the Complaint.

14.     The Defendants deny the allegations contained in paragraph 14 of the Complaint.

15.     The Defendants deny the allegations contained in paragraph 15 of the Complaint.

- 3 -

16.    The Defendants deny the allegations contained in paragraph 16 of the Complaint.

17.    The Defendants deny the allegations contained in paragraph 17 of the Complaint.

18.    The Defendants deny the allegations contained in paragraph 18 of the Complaint.

Plaintiff's Prayer for Relief contains no factual assertions to which a response is required. To the extent that the Prayer may be deemed to require a response, it is denied.

The Defendants deny all allegations of the Complaint (including headings) not specifically admitted above.

\* \* \*

The Defendants set forth the following affirmative and other defenses. The Defendants do not intend hereby to assume the burden of proof with respect to those matters as to which, pursuant to law, Plaintiff bears the burden. The Defendants reserve their right to assert in the future such other and further defenses as may become available or apparent during pretrial proceedings.

## FIRST DEFENSE – INVALIDITY

19.    Each of the claims of U.S. Patent No. 4,912,815 ("the '815 Patent") is invalid for failure to satisfy the provisions of one or more of sections 102, 103, 112, and/or 116 of Title 35 of the United States Code.

## SECOND DEFENSE – NON-INFRINGEMENT

20.    The manufacture, use, offering for sale, selling, or importing into the United States of products by the Defendants, including the "Millennia Joint Assembly

- 4 -

(ARMORED)" product that is referenced in paragraph 12 of the Complaint, does not infringe any valid and enforceable claim of the '815 Patent.

<b><u>THIRD DEFENSE – ACTUAL AND/OR IMPLIED LICENSE</u></b>

21.    Each of the Defendants has an actual and/or implied license under the '815 Patent arising from (among other things) the Plaintiff's and at least one of the Defendants' memberships in the Consortium for the Advancement of the Submarine Cable Jointing Arts, and the collaborative efforts with Plaintiff (including Plaintiff's predecessors-in-interest), over at least the past fifteen years, to develop submarine cable jointing technologies such as those claimed in the '815 Patent.

<b><u>FOURTH DEFENSE – EQUITABLE ESTOPPEL</u></b>

22.    In and around November and December 1998, representatives of Plaintiff met with representatives of one or more of the Defendants, and discussed (among other things) the products that are accused of infringement in this action. Despite Plaintiff's actual and constructive knowledge in November and December 1998, at the latest, of the Defendants' allegedly infringing products, Plaintiff did not serve the Complaint for infringement on the Defendants until ~~August 2005 (on Tyco lectronics) and~~ September 2005. ~~(on Tyco Telecommunications and Transoceanic).~~

23.    Plaintiff, through misleading conduct (including an unreasonable delay in commencing its infringement action), led Defendants to reasonably believe that Plaintiff did not intend to attempt to enforce the '815 Patent against Defendants.

24.    Due to their reasonable and substantial reliance on Plaintiff's misleading conduct, the Defendants will be materially prejudiced if Plaintiff is allowed to proceed with its action.

- 5 -

25.    Plaintiff's claims are barred by the doctrine of equitable estoppel.

### FIFTH DEFENSE – LACHES

26.    In and around November and December 1998, representatives of

Plaintiff met with representatives of one or more of the Defendants, and discussed (among

other things) the products that are accused of infringement in this action.  Despite Plaintiff's

actual and constructive knowledge in November and December 1998, at the latest, of the

Defendants' allegedly infringing products, Plaintiff did not serve the Complaint for patent

infringement on the Defendants until ~~August 2005 (on Tyco lectronics) and~~ September 2005.

~~(on Tyco Telecommunications and Transoceanic).~~

27.    Plaintiff's lengthy delay in bringing suit was unreasonable and

inexcusable, and the Defendants have suffered material prejudice directly attributable to

Plaintiff's delay.

28.    Plaintiff's claim for damages prior to commencement of this action for

alleged infringement of the '815 Patent is barred by the doctrine of laches.

### SIXTH DEFENSE – FAILURE TO MARK

29.    Plaintiff's claims for damages prior to the commencement of this action

for alleged infringement of the '815 Patent are barred by 35 U.S.C. § 287.

### SEVENTH DEFENSE – LACK OF PERSONAL JURISDICTION

30.    The Court lacks personal jurisdiction over each of the Defendants.

### EIGHTH DEFENSE – FAILURE TO STATE A CLAIM

31.    The Complaint fails to state a claim against the Defendants upon which

relief may be granted.

## NINTH DEFENSE – LACK OF STANDING

32.    Plaintiff lacks standing to bring the claims asserted in its Complaint because, upon information and belief, Plaintiff is not a valid owner or assignee of the '815 Patent.

## TENTH DEFENSE – UNENFORCEABILITY

33.    The '815 Patent is unenforceable because the individuals associated with the filing and prosecution of the application that led to the issuance of that patent engaged in inequitable conduct by breaching their duty of candor and good faith in dealing with the United States Patent and Trademark Office ("PTO"). Named inventor Peter D. Jenkins, and his agents and/or attorneys, including, without limitation, Larry S. Nixon, withheld from the PTO material information with an intent to deceive the PTO, namely, an article co-authored by Mr. Jenkins entitled "The Jointing of Submarine Optical Fibre Cable," in which Mr. Jenkins described the invention claimed in the '815 Patent. That article was published in the *British Telecom Technology Journal* in or around January 1985 and, upon information and belief, more than one year prior to the filing date of the foreign patent application to which the '815 Patent claims priority. The article was material to the claims sought by Mr. Jenkins because it rendered those claims invalid under at least section 102(b) of Title 35 of the United States Code, and thus was information that the PTO would have considered important in deciding whether to allow Mr. Jenkins' application to issue as a patent. The article was known to Mr. Jenkins (the article's co-author) and/or his attorneys at the time of the prosecution of the application that led to the issuance of the '815 Patent. Despite the knowledge of this material information, Mr. Jenkins and his attorneys failed to bring it to the attention of the PTO during the prosecution of the application that issued as the '815 Patent.

- 7 -

\* \* \*

WHEREFORE, having fully answered all of the allegations of the Complaint, the Defendants pray for judgment as follows:

a.    Dismissal of the Complaint with prejudice;

b.    an award of costs, expenses, and attorneys' fees incurred by Defendants in connection with this action, to the extent permitted by law, including but not limited to 35 U.S.C. § 285; and

c.    such other and further relief as the Court may deem proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, each of the Defendants hereby demands a trial by jury of the issues so triable herein.

Respectfully submitted,

**TYCO TELECOMMUNICATIONS (US) INC. and TRANSOCEANIC CABLE SHIP COMPANY, INC.,**

**By their attorneys,**

Stephen R. Delinsky (BBO # 119120)
Andrew R. McConville (BBO # 632804)
Erik J. Frick (BBO # 553336)
ECKERT SEAMANS CHERIN & MELLOTT LLC
One International Place
Boston, Massachusetts 02110
(617) 342-6800 (telephone)
(617) 342-6899 (fax)

*Attorneys for Defendants Tyco Electronics Corporation, Tyco Telecommunications (US) Inc., and Transoceanic Cable Ship Company, Inc.*

- 8 -

OF COUNSEL:
David C. Kiernan (admitted *pro hac vice*)
John L. Cuddihy (admitted *pro hac vice*)
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
(202) 434-5000 (telephone)
(202) 434-5029 (fax)

Dated:  ~~September 23, 2005~~ April 14, 2006

- 9 -

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| GLOBAL MARINE SYSTEMS LIMITED, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No. 05-11605-RGS |
| | ) |
| TYCO TELECOMMUNICATIONS (US) INC. | ) |
| and TRANSOCEANIC CABLE SHIP CO. INC., | ) |
| | ) |
| Defendants. | ) |

## ORDER GRANTING DEFENDANTS TYCO TELECOMMUNICATIONS (US) INC.'S AND TRANSOCEANIC CABLE SHIP COMPANY, INC.'S MOTION FOR LEAVE TO FILE FIRST AMENDED ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

This matter is before the Court upon the Motion of Defendants Tyco

Telecommunications (US) Inc. and Transoceanic Cable Ship Company, Inc., ("Defendants") for

leave to amend their Answer to Plaintiff's First Amended Complaint pursuant to Rule 15(a) of

the Federal Rules of Civil Procedure.

It is hereby **ORDERED AND ADJUDGED** that Defendants' Motion for Leave

to Amend be and hereby is **GRANTED**.

**DONE AND ORDERED** on this _____ day of _____, 2006.

_____
The Honorable Richard G. Stearns
United States District Judge

Copies to:

Stephen R. Delinsky
Erik J. Frick
ECKERT SEAMANS CHERIN & MELLOTT LLC

One International Place
Boston, Massachusetts 02110

David C. Kiernan
John L. Cuddihy
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005

Eric J. Marandett
Daniel C. Winston
Mark S. Freeman
Stacy L. Blasberg
CHOATE, HALL & STEWART LLP
Two International Place
Boston, Massachusetts 02110