IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GLOBAL MARINE SYSTEMS LIMITED, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>TYCO TELECOMMUNICATIONS (US) INC. )<br>and TRANSOCEANIC CABLE SHIP CO. INC., )<br>)<br>Defendants. )<br>) | Case No. 05-11605-RGS |

**DEFENDANTS TYCO TELECOMMUNICATIONS (US) INC.'S
AND TRANSOCEANIC CABLE SHIP COMPANY, INC.'S MEMORANDUM
OF LAW IN SUPPORT OF THEIR MOTION FOR LEAVE TO FILE
FIRST AMENDED ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

The Defendants have moved for leave to amend their Answer to Plaintiff's First Amended Complaint to add two additional defenses of Plaintiff's lack of standing to maintain this patent infringement action (Defense No. 9) and patent unenforceability (Defense No. 10).[1] Because "leave [to amend] shall be freely given when justice so requires," Fed. R. Civ. P. 15(a), Defendants' motion should be granted.

The Supreme Court has made clear that motions to amend pursuant to Rule 15(a) ordinarily should be granted, absent a showing of undue delay or bad faith on the part of the moving parties, undue prejudice to the opposing party, or futility of amendment:

> In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require,

---

[1] The proposed First Amended Answer also contains various non-substantive amendments reflecting Plaintiff's dismissal of its claims against Tyco Electronics Corporation. *See* Ex. B (showing in redline the proposed amendments to Defendants' Answer).

be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also, e.g., Interstate Litho Corp. v. Brown*, 255 F.3d 19, 25 (1st Cir. 2001) (affirming trial court's grant of motion for leave to amend counterclaims) (*citing* Fed. R. Civ. P. 15(a)). None of these factors is present here, and thus the Court should grant Defendants' motion.

*First*, the Defendants filed this motion promptly. The Court's Scheduling Order for this case (entered March 21, 2006), which the Court adopted on the parties' joint recommendation, expressly allows the parties to amend their pleadings by today's date.

*Second*, Plaintiff will not suffer any undue prejudice flowing from the amendment. As a threshold matter, the additional defenses arise in large measure from information and documents that are already in Plaintiff's possession, custody, and control. To the extent Plaintiff needs discovery on these defenses, there is ample time to do that, as fact discovery in this case does not close until October 20, 2006. Fact discovery is also in its early stages: The parties commenced their rolling document productions in February 2006 and have not noticed or taken any depositions to date. In short, Plaintiff will not be unduly prejudiced by the amendment. *See, e.g., MercExchange LLC v. eBay, Inc.*, 271 F. Supp. 2d 784, 787-88 (E.D. Va. 2002) (allowing defendant to amend answer to assert inequitable conduct defense, and rejecting plaintiff's claim of undue prejudice).

*Third*, the two additional defenses are asserted in good-faith and are not futile. The First Circuit has made clear that where (as here), a party seeks leave to amend before the close of discovery and before either side has moved for summary judgment, the viability of the amendment "is gauged by reference to the liberal criteria of Federal Rule of Civil Procedure 12(b)(6)." *Hatch v. Dep't for Children, Youth & Families*, 274 F.3d 12, 19 (1st Cir. 2001).

Under that "liberal" standard, "amendment is not deemed futile as long as the proposed amended [pleading] sets forth a general scenario which, if proven," would entitle the moving party to relief "on some cognizable theory." *Id.* at 19.  Both defenses easily satisfy that liberal standard.

The Defendants' ninth defense, for Plaintiff's lack of standing to maintain this patent infringement action (Ex. A, ¶ 32), is made in good-faith and is not futile.  As an initial matter, a party's standing to sue is a "threshold jurisdictional issue," *Myers Investigative & Sec. Servs. v. United States*, 275 F.3d 1366, 1369 (Fed. Cir. 2002), and the party invoking federal jurisdiction (here, Plaintiff) "bears the burden of establishing the elements of standing." *Id.* (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)) (alterations omitted). Plaintiff's First Amended Complaint laconically asserts that Plaintiff "is the owner of the entire right, title, and interest in, and is the assignee of, the '815 Patent," which is the patent-in-suit. First Am. Compl. ¶ 9 (Docket No. 4).  However, that patent makes clear on its face that its named inventor (Peter Jenkins) assigned the patent not to Plaintiff, but to another corporation, British Telecommunications public limited company.  *See* Ex. A to Plaintiff's First Amended Complaint (Docket No. 4).  And Plaintiff's Complaint nowhere alleges any facts to show that there is an unbroken and verifiable chain of title to the patent, running from the initial assignee (British Telecommunications public limited company) to Plaintiff.

On October 25, 2005, Defendants accordingly served Document Request No. 17 on Plaintiff, for "[a]ll documents concerning the assignment of the Patent-in-suit to Global Marine [Plaintiff] or any of its predecessors."  On December 8, 2005, Plaintiff responded (subject to certain objections that are not relevant here) that it would "produce a copy of the assignment documents for the '815 patent, to the extent that such documents exist."  (The salient pages from Plaintiff's objections and responses to Defendants' Document Request No. 17 are

attached hereto as Exhibit C.) To date, Plaintiff has not produced those documents, although Plaintiff's counsel has represented that Plaintiff's document production is substantially complete. The Defendants accordingly have a good-faith belief that Plaintiff is not a valid owner or assignee of the patent-in-suit and thus lacks standing to maintain this patent infringement action.

The tenth defense, for patent unenforceability based on inequitable conduct (Ex. A, ¶ 33) is likewise asserted in good-faith. It also is not futile because it sets forth with particularity all of the requisite elements of that defense: (1) it specifically identifies the salient prior art, namely, a publication co-authored by the named inventor of the patent-in-suit, Peter D. Jenkins, which teaches the invention claimed in the later-issued patent; (2) it explains why the prior art was material information that Mr. Jenkins and/or his attorneys should have disclosed (but did not disclose) to the United States Patent and Trademark Office ("PTO") during the prosecution of the application; and (3) it explains that the decision by Mr. Jenkins and/or his counsel to withhold this material prior art from the PTO during the prosecution of the patent application constitutes inequitable conduct upon the PTO, rendering the patent-in-suit unenforceable. Because the Defendants have pled with particularity the elements of their defense of patent unenforceability, that defense is not futile. *See, e.g., MercExchange LLC*, 271 F. Supp. 2d at 789 (holding that "sufficient allegations are present to support the amendment" adding inequitable conduct defense); *Rhone-Poulenc Agro S.A. v. Monsanto Co.*, 73 F. Supp. 2d 537, 538-40 (M.D.N.C. 1999) (allowing defendant to amend answer to include additional affirmative defense of patent unenforceability based on inequitable conduct).

## CONCLUSION

For the foregoing reasons, Defendants respectfully requests that the Court grant their motion for leave to amend their Answer to Plaintiff's First Amended Complaint to add the additional defenses of Plaintiff's lack of standing to maintain this patent infringement action (Defense No. 9) and patent unenforceability (Defense No. 10).

Dated: April 14, 2006

Respectfully submitted,

TYCO TELECOMMUNICATIONS (US) INC.
and TRANSOCEANIC CABLE SHIP COMPANY, INC.,

By their attorneys,

Stephen R. Delinsky (BBO # 119120)
Erik J. Frick (BBO # 553336)
ECKERT SEAMANS CHERIN & MELLOTT LLC
One International Place
Boston, Massachusetts 02110
(617) 342-6800 (telephone)
(617) 342-6899 (fax)

David C. Kiernan (admitted *pro hac vice*)
John L. Cuddihy (admitted *pro hac vice*)
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
(202) 434-5000 (telephone)
(202) 434-5029 (fax)

CERTIFICATE OF SERVICE
I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on April 14, 2006
By:

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GLOBAL MARINE SYSTEMS LIMITED,<br><br>    Plaintiff,<br><br>v.<br><br>TYCO ELECTRONICS CORPORATION,<br>TYCO TELECOMMUNICATIONS (U.S.)<br>INC., TRANSOCEANIC CABLE SHIP CO.<br>INC.,<br><br>    Defendants. | Case No.:  05-11605 RGS |

## PLAINTIFF'S RESPONSE TO DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS (NOS. 1-54)

Pursuant to Rule 34, Fed. R. Civ. Pro., Plaintiff Global Marine Systems Limited ("Global Marine") hereby responds to Defendants Tyco Electronics Corporation, Tyco Telecommunications (U.S.) Inc., and Transoceanic Cable Ship Co., Inc. (collectively "Tyco") First Set of Requests for Production of Documents and Things (Nos. 1-54) to Plaintiff.

Global Marine has not yet completed its investigation of the facts relating to this case and has not yet completed formal discovery in this matter. Accordingly, any and all responses to the following Requests are based on information currently known to Global Marine and are provided without prejudice to its right to submit evidence of any subsequently discovered facts, information and/or documents, should such become known. Global Marine anticipates that as it finishes its investigation and discovery in this matter and begin trial preparation, it is possible that additional facts and documents may become known, which may in turn warrant additions to or changes in the responses provided herein. These responses are made in a good faith effort to supply such information as is presently known to Global Marine. However, Global Marine

4008052v1

EXHIBIT C

objections, as well as the General Objections set forth above, Global Marine will produce all non-privileged documents in its possession, custody, or control responsive to this request, to the extent that such documents exist.

**Request No. 17:**

All documents concerning the assignment of the Patent-in-suit to Global Marine or any of its predecessors-in-interest.

**Response No. 17:**

Global Marine objects to Request No. 17 on the grounds that it is overbroad, unduly burdensome and seeks documents neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Global Marine also objects on the grounds that this request seeks documents protected from disclosure by the attorney-client privilege and/or work product doctrine. Subject to and without waiving these objections, as well as the General Objections set forth above, Global Marine will produce a copy of the assignment documents for the '815 patent, to the extent that such documents exist.

**Request No. 18:**

Copies of all patents or patent applications (whether currently in effect or expired) that are or were assigned to or licensed to Global Marine (or any of its predecessors-in-interest) by any person (including but not limited to any member of the Jointing Consortium) concerning a clamp assembly, including but not limited to any clamp assembly used to secure submarine telecommunications cables.

**Response No. 18:**

Global Marine objects to Request No. 18 on the grounds that it is overbroad, unduly burdensome and seeks documents neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 19:**

Copies of all patents or patent applications (whether currently in effect or expired) that are or were assigned or licensed by Global Marine (or any of its predecessors-in-interest) to any

11

4008052v1

**Response No. 54:**

Subject to and without waiving the General Objections set forth above, Global Marine states that it will produce non-privileged documents responsive to this request at a mutually agreeable time in advance of trial.

        Respectfully submitted,

        GLOBAL MARINE SYSTEMS LIMITED,

        By its attorneys,

        */s/ Stacy L. Blasberg*
        Daniel C. Winston (BBO #562209)
        Mark S. Freeman (BBO #636290)
        Stacy L. Blasberg (BBO #657420)
        CHOATE, HALL & STEWART LLP
        Two International Place
        Boston, MA 02110
        (617) 248-5000

Dated: December 8, 2005



I HEREBY CERTIFY THAT A TRUE COPY OF THE ABOVE DOCUMENT WAS SERVED UPON THE ATTORNEY OF RECORD FOR EACH OTHER PARTY BY MAIL (HAND) ON DATE 12/8/05 SIGNATURE SLB

31