IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GLOBAL MARINE SYSTEMS LIMITED,<br><br>Plaintiff,<br><br>v.<br><br>TYCO TELECOMMUNICATIONS (US) INC.<br>and TRANSOCEANIC CABLE SHIP CO. INC.,<br><br>Defendants. | Case No. 05-11605-RGS<br><br>**Jury Trial Demanded** |

**FIRST AMENDED ANSWER AND AFFIRMATIVE DEFENSES
OF DEFENDANTS TYCO TELECOMMUNICATIONS (US) INC.
AND TRANSOCEANIC SHIP COMPANY, INC. TO PLAINTIFF
GLOBAL MARINE SYSTEMS LIMITED'S FIRST AMENDED COMPLAINT**

Defendants Tyco Telecommunications (US) Inc. ("Tyco Telecommunications") and Transoceanic Cable Ship Company, Inc. ("Transoceanic"), (together, "the Defendants"), through undersigned counsel, answer the First Amended Complaint ("Complaint") of Plaintiff Global Marine Systems Limited ("Plaintiff") as follows:

1. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint and therefore deny same.

2. The Defendants are without knowledge or information sufficient to inform a belief as to the truth of the allegations contained in paragraph 2 of the Complaint and therefore deny same, except that Tyco Telecommunications denies the allegations contained in the second sentence of paragraph 2 of the Complaint.

- 2 -

3. Tyco Telecommunications admits that it is a corporation organized and existing under the laws of Delaware, with a principal place of business in New Jersey. Tyco Telecommunications denies the remaining allegations contained in paragraph 3 of the Complaint. Transoceanic is without knowledge or information sufficient to inform a belief as to the truth of the allegations contained in paragraph 3 of the Complaint and therefore denies same.

4. Transoceanic admits that it is a corporation organized and existing under the laws of New York, with a principal place of business in New Jersey. Tyco Telecommunications is without knowledge or information sufficient to inform a belief as to the truth of the allegations contained in paragraph 4 of the Complaint and therefore denies same.

5. The Defendants deny the allegations contained in paragraph 5 of the Complaint.

6. Paragraph 6 of the Complaint states conclusions of law as to which no response is required.

7. Paragraph 7 of the Complaint states conclusions of law as to which no response is required.

8. The Defendants admit that a copy of U.S. Patent No. 4,912,815 is attached as Exhibit A to the Complaint. The Defendants are without knowledge or information sufficient to inform a belief as to the truth of the remaining allegations contained in paragraph 8 of the Complaint and therefore deny same.

9. The Defendants are without knowledge or information sufficient to inform a belief as to the truth of the allegations contained in paragraph 9 of the Complaint and therefore deny same.

10. The Defendants restate and incorporate herein by reference their responses to Paragraphs 1 through 9 of the Complaint.

11. Tyco Telecommunications admits that it manufactures, markets, and sells certain submarine cable joint kits in the United States, and otherwise denies the allegations contained in paragraph 11 of the Complaint. Transoceanic denies the allegations contained in paragraph 11 of the Complaint.

12. The Defendants deny the allegations contained in paragraph 12 of the Complaint.

13. The Defendants deny the allegations contained in paragraph 13 of the Complaint.

14. The Defendants deny the allegations contained in paragraph 14 of the Complaint.

15. The Defendants deny the allegations contained in paragraph 15 of the Complaint.

16. The Defendants deny the allegations contained in paragraph 16 of the Complaint.

17. The Defendants deny the allegations contained in paragraph 17 of the Complaint.

18. The Defendants deny the allegations contained in paragraph 18 of the Complaint.

Plaintiff's Prayer for Relief contains no factual assertions to which a response is required. To the extent that the Prayer may be deemed to require a response, it is denied.

The Defendants deny all allegations of the Complaint (including headings) not specifically admitted above.

* * *

The Defendants set forth the following affirmative and other defenses. The Defendants do not intend hereby to assume the burden of proof with respect to those matters as to which, pursuant to law, Plaintiff bears the burden. The Defendants reserve their right to assert in the future such other and further defenses as may become available or apparent during pretrial proceedings.

### FIRST DEFENSE – INVALIDITY

19. Each of the claims of U.S. Patent No. 4,912,815 ("the '815 Patent") is invalid for failure to satisfy the provisions of one or more of sections 102, 103, 112, and/or 116 of Title 35 of the United States Code.

### SECOND DEFENSE – NON-INFRINGEMENT

20. The manufacture, use, offering for sale, selling, or importing into the United States of products by the Defendants, including the "Millennia Joint Assembly (ARMORED)" product that is referenced in paragraph 12 of the Complaint, does not infringe any valid and enforceable claim of the '815 Patent.

### THIRD DEFENSE – ACTUAL AND/OR IMPLIED LICENSE

21. Each of the Defendants has an actual and/or implied license under the '815 Patent arising from (among other things) the Plaintiff's and at least one of the Defendants' memberships in the Consortium for the Advancement of the Submarine Cable Jointing Arts, and the collaborative efforts with Plaintiff (including Plaintiff's predecessors-in-interest), over

at least the past fifteen years, to develop submarine cable jointing technologies such as those claimed in the '815 Patent.

### FOURTH DEFENSE – EQUITABLE ESTOPPEL

22. In and around November and December 1998, representatives of Plaintiff met with representatives of one or more of the Defendants, and discussed (among other things) the products that are accused of infringement in this action. Despite Plaintiff's actual and constructive knowledge in November and December 1998, at the latest, of the Defendants' allegedly infringing products, Plaintiff did not serve the Complaint for infringement on the Defendants until September 2005.

23. Plaintiff, through misleading conduct (including an unreasonable delay in commencing its infringement action), led Defendants to reasonably believe that Plaintiff did not intend to attempt to enforce the '815 Patent against Defendants.

24. Due to their reasonable and substantial reliance on Plaintiff's misleading conduct, the Defendants will be materially prejudiced if Plaintiff is allowed to proceed with its action.

25. Plaintiff's claims are barred by the doctrine of equitable estoppel.

### FIFTH DEFENSE – LACHES

26. In and around November and December 1998, representatives of Plaintiff met with representatives of one or more of the Defendants, and discussed (among other things) the products that are accused of infringement in this action. Despite Plaintiff's actual and constructive knowledge in November and December 1998, at the latest, of the Defendants' allegedly infringing products, Plaintiff did not serve the Complaint for patent infringement on the Defendants until September 2005.

27. Plaintiff's lengthy delay in bringing suit was unreasonable and inexcusable, and the Defendants have suffered material prejudice directly attributable to Plaintiff's delay.

28. Plaintiff's claim for damages prior to commencement of this action for alleged infringement of the '815 Patent is barred by the doctrine of laches.

### SIXTH DEFENSE – FAILURE TO MARK

29. Plaintiff's claims for damages prior to the commencement of this action for alleged infringement of the '815 Patent are barred by 35 U.S.C. § 287.

### SEVENTH DEFENSE – LACK OF PERSONAL JURISDICTION

30. The Court lacks personal jurisdiction over each of the Defendants.

### EIGHTH DEFENSE – FAILURE TO STATE A CLAIM

31. The Complaint fails to state a claim against the Defendants upon which relief may be granted.

### NINTH DEFENSE – LACK OF STANDING

32. Plaintiff lacks standing to bring the claims asserted in its Complaint because, upon information and belief, Plaintiff is not a valid owner or assignee of the '815 Patent.

### TENTH DEFENSE – UNENFORCEABILITY

33. The '815 Patent is unenforceable because the individuals associated with the filing and prosecution of the application that led to the issuance of that patent engaged in inequitable conduct by breaching their duty of candor and good faith in dealing with the United States Patent and Trademark Office ("PTO"). Named inventor Peter D. Jenkins, and his agents and/or attorneys, including, without limitation, Larry S. Nixon, withheld from the PTO

material information with an intent to deceive the PTO, namely, an article co-authored by Mr. Jenkins entitled "The Jointing of Submarine Optical Fibre Cable," in which Mr. Jenkins described the invention claimed in the '815 Patent. That article was published in the *British Telecom Technology Journal* in or around January 1985 and, upon information and belief, more than one year prior to the filing date of the foreign patent application to which the '815 Patent claims priority. The article was material to the claims sought by Mr. Jenkins because it rendered those claims invalid under at least section 102(b) of Title 35 of the United States Code, and thus was information that the PTO would have considered important in deciding whether to allow Mr. Jenkins' application to issue as a patent. The article was known to Mr. Jenkins (the article's co-author) and/or his attorneys at the time of the prosecution of the application that led to the issuance of the '815 Patent. Despite the knowledge of this material information, Mr. Jenkins and his attorneys failed to bring it to the attention of the PTO during the prosecution of the application that issued as the '815 Patent.

* * *

WHEREFORE, having fully answered all of the allegations of the Complaint, the Defendants pray for judgment as follows:

    a.    Dismissal of the Complaint with prejudice;

    b.    an award of costs, expenses, and attorneys' fees incurred by Defendants in connection with this action, to the extent permitted by law, including but not limited to 35 U.S.C. § 285; and

    c.    such other and further relief as the Court may deem proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, each of the Defendants hereby demands a trial by jury of the issues so triable herein.

Respectfully submitted,

TYCO TELECOMMUNICATIONS (US) INC.
and TRANSOCEANIC CABLE SHIP
COMPANY, INC.,

By their attorneys,

*/s/ Stephen R. Delinsky*

Stephen R. Delinsky (BBO # 119120)
Erik J. Frick (BBO # 553336)
ECKERT SEAMANS CHERIN & MELLOTT LLC
One International Place
Boston, Massachusetts 02110
(617) 342-6800 (telephone)
(617) 342-6899 (fax)

OF COUNSEL:
David C. Kiernan (admitted *pro hac vice*)
John L. Cuddihy (admitted *pro hac vice*)
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
(202) 434-5000 (telephone)
(202) 434-5029 (fax)

CERTIFICATE OF SERVICE
I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on 5/4/06.
By: /s/ Sarah Keightsdale