IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GLOBAL MARINE SYSTEMS LIMITED, <br><br> Plaintiff, <br><br> v. <br><br> TYCO TELECOMMUNICATIONS (US) INC. and TRANSOCEANIC CABLE SHIP CO. INC., <br><br> Defendants. | Case No. 05-11605-RGS |

### DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR A PROTECTIVE ORDER BARRING PLAINTIFF'S MANAGING DIRECTOR (MR. GABRIIEL RUHAN) FROM ACCESSING DEFENDANTS' CONFIDENTIAL INFORMATION

The Defendants have moved for a protective order barring Plaintiff's Managing Director, Mr. Gabriel Ruhan, from accessing Defendants' confidential information produced in this action ("Defendants' Motion"). For the reasons that follow, Defendants' Motion should be granted.

### BACKGROUND

The parties in this action negotiated a two-tier Stipulated Protective Order, which the Court entered in January 2006 (Docket No. 23) ("the Stipulated Order"). The Stipulated Order provides that a party may designate its proprietary or confidential information produced in this action as either "Highly Confidential" or "Confidential." *Id.* ¶ 1(a). Information designated as "Highly Confidential" may be disclosed to a select group of authorized individuals – but excluded from that group are employees of the opposing party. *Id.* ¶ 5. In contrast, information designated by a producing party with the less restrictive moniker "Confidential" may be

disclosed to "no more than three employees of a party to this action who are providing direct assistance to that party's attorneys in this litigation." *Id.* ¶ 6(b). Section 7(a) of the Stipulated Order also authorizes a party to object in writing to any proposed disclosure of its "Confidential" information to employees of the opposing party. Service of such written objections bars the opposing party from making the proposed disclosure, absent further agreement between the parties or Order of this Court. *Id.*

On July 19, 2006, Plaintiff notified Defendants that it intended to disclose Defendants' "Confidential" information to Plaintiff's Managing Director, Mr. Gabriel Ruhan.[1] (A copy of Plaintiff's notification is attached hereto as Exhibit A.) On July 26, 2006, Defendants served timely written objections to Plaintiff's proposed disclosure. (A copy of Defendants' objections is attached hereto as Exhibit B.) Defendants' objections explained that (1) Mr. Ruhan is engaged in competitive decision-making activities on Plaintiff's behalf, including the development and implementation of Plaintiff's business plan in the submarine cable industry in which Plaintiff and Defendants directly compete; and (2) there accordingly exists "a high risk of Mr. Ruhan's inadvertent disclosure or use of Defendants' confidential information in the performance of his job responsibilities, to Defendants' plain detriment." *Id.*

On August 3, 2006, the parties telephonically met and conferred regarding Plaintiff's proposed disclosure, to no avail. Under Section 7(a) of the Stipulated Order, to avoid waiver of their objections, Defendants had until today (August 25) to file their motion for a protective order barring Mr. Ruhan's access to their "Confidential" materials. *Id.* ¶ 7(a).

---

[1] Section 5 of the Stipulated Order bars Mr. Ruhan from accessing Defendants' "Highly Confidential" information, and that issue accordingly is not presented in this Motion.

**ARGUMENT**

I.  **PLAINTIFF'S MANAGING DIRECTOR, MR. GABRIEL RUHAN, SHOULD NOT BE ALLOWED TO ACCESS DEFENDANTS' "CONFIDENTIAL" INFORMATION PRODUCED IN THIS ACTION.**

Rule 26(c)(7) of the Federal Rules of Civil Procedure authorizes the Court to protect a party from "undue burden or expense" in discovery by directing that "a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a designated way." Fed. R. Civ. P. 26(c)(7). This Court also enjoys "ample discretion in fashioning the terms of a protective order in order to accommodate the needs and interests of the parties." *Ares-Serono, Inc. v. Organon Int'l B.V.*, 153 F.R.D. 4, 6 (D. Mass. 1993). And although the definition of relevancy for purposes of pretrial disclosure is broad, courts routinely "dress technical information with a heavy cloak of judicial protection because of the threat of serious economic injury to the discloser of scientific information." *Safe Flight Instrument Corp. v. Sundstrand Data Control, Inc.*, 682 F. Supp. 20, 22 (D. Del. 1988) (granting Defendant's motion for protective order barring Plaintiff's President from accessing Defendant's confidential information).

Specifically, "the court must balance the risk to the moving party of inadvertent disclosure against the risk that the protective order will impair the prosecution or defense of the other party's claims." *Mikohn Gaming Corp. v. Acres Gaming, Inc.*, No. CV-S-97-1383-HDM(LRL), 1998 WL 1059557, at *2, 50 U.S.P.Q.2d 1783, 1784 (D. Nev. Apr. 15, 1998) (denying defendant's patent prosecution counsel's access to confidential information produced by plaintiff in patent infringement action) (*citing Brown Bag Software v. Symantec Corp.*, 960 F.2d 1465, 1470, 22 U.S.P.Q.2d 1429, 1433 (9th Cir. 1992)).

As a general rule, courts look to a number of factors when striking this balance, including (1) whether the person receiving the confidential information is involved in

3

"competitive decision-making" relating to the subject matter of the patents-in-suit; (2) the risk of inadvertent disclosure or misuse of proprietary information; (3) the hardship, if any, posed by the restriction, and (4) the scope of the remedy. *See, e.g., Safe Flight Instrument Corp.*, 682 F. Supp. at 21-22; *Davis v. AT&T Corp.*, No. 98-CV-0189S(H), 1998 U.S. Dist. LEXIS 20417, at *5-6 (W.D.N.Y. Dec. 23, 1998) (restricting plaintiff's access to defendants' confidential information in patent infringement action). In this case, each of the factors favors the entry of the protective order that Defendants seek.

*First*, Mr. Ruhan is directly involved in competitive decision-making regarding Plaintiff's business efforts in the submarine cable industry. Plaintiff's Internet site (www.globalmarinesystems.com) contains a biography of Mr. Ruhan, which states that as Plaintiff's Managing Director, Mr. Ruhan is "dedicated to delivering the company's business plan." (A copy of Mr. Ruhan's Internet biography is attached hereto as Exhibit C.) The biography further states that Mr. Ruhan is responsible for Plaintiff's "corporate strategy" and "puts this into effect in each of the sectors Global Marine operates in." *Id.* Among those "sectors," of course, is the international submarine cable industry in which Plaintiff and Defendants directly compete. Because Mr. Ruhan is responsible for Plaintiff's "corporate strategy" in the precise industry at issue in this action, he should not be allowed to access the "Confidential" information produced by Defendants, which includes a mix of technical and business documents. *See U.S. Steel Corp. v. United States*, 730 F.2d 1465, 1468 (Fed. Cir. 1984) (access to discovery material may be properly denied to those individuals who "are involved in competitive decisionmaking").[2]

---

[2] In addition, Defendants intend to depose Mr. Ruhan in this action, and any review of Defendants' "Confidential" information before that deposition might inadvertently influence his recollection of the facts on which his testimony will be based.

*Second*, Mr. Ruhan's responsibilities as Plaintiff's Managing Director create a high risk of inadvertent disclosure or misuse of Defendants' "Confidential" information. Indeed, notwithstanding anyone's best intentions, the whole purpose of restricting proprietary information from competitive decision-makers is the inherent difficulty in avoiding the use of such material in the course of their employment. *See, e.g., Safe Flight Instrument Corp.*, 682 F. Supp. at 21 (barring patentee's President from accessing Defendants' confidential information because President "might (whether consciously or subconsciously) abuse the confidential scientific information revealed to Sundstrand's competitive disadvantage"); *United States v. Dentsply Int'l Inc.*, 187 F.R.D. 152, 159-60 (D. Del. 1999) (noting the limited ability of competitive decision-makers to compartmentalize business information).

*Third*, Plaintiff will suffer no undue hardship from the entry of the protective order Defendants seek. Plaintiff has retained a testifying expert (Malcolm Marten) who has apparently already advised Plaintiff on the contents of Defendants' salient "Confidential" materials. *See Sega Enters. Ltd. v. Accolade, Inc.*, 977 F.2d 1510, 1532 (9th Cir. 1992) ("[C]ourt[s] may restrict access to the disputed material to the opposing party's counsel, or may allow the parties to retain independent experts to evaluate material that is subject to the protective order."). In addition, Defendants have allowed an engineer employed by Plaintiff (Phil Hart) to review Defendants' "Confidential" materials pursuant to the Stipulated Order. There is simply no proper reason – and Plaintiff has articulated none – why Plaintiff's Managing Director should also be allowed wholesale and cumulative access to Defendants' "Confidential" information.

*Fourth* and finally, the scope of Defendants' proposed protective order is eminently reasonable, given Mr. Ruhan's responsibilities as Plaintiff's Managing Director and

the correspondingly high risk of his inadvertent disclosure or misuse of Defendants' "Confidential" information, which includes both technical and business documents.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court enter a protective order barring Plaintiff's Managing Director, Mr. Gabriel Ruhan, from accessing Defendants' "Confidential" information produced in this action.

Dated:  August 25, 2006                    Respectfully submitted,

TYCO TELECOMMUNICATIONS (US) INC.
and TRANSOCEANIC CABLE SHIP COMPANY, INC.,

By their attorneys,

_____
Stephen R. Delinsky (BBO # 119120)
Erik J. Frick (BBO # 553336)
ECKERT SEAMANS CHERIN & MELLOTT LLC
One International Place
Boston, Massachusetts 02110
(617) 342-6800 (telephone)
(617) 342-6899 (fax)

David C. Kiernan (admitted *pro hac vice*)
John L. Cuddihy (admitted *pro hac vice*)
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
(202) 434-5000 (telephone)
(202) 434-5029 (fax)

I, Erik J. Frick, hereby certify that a true copy of the above document, with attachments, was served upon the attorneys of record for plaintiff Global Marine Systems Limited (Messrs. Marandett, Winston, Freeman, and Ms. Blasberg) via the Court's ECF system and first-class mail, postage-prepaid, on August 25, 2006.

_____
Erik J. Frick

# CHOATE

CHOATE HALL & STEWART LLP

Mark S. Freeman, Esq.
(617) 248-4708
mfreeman@choate.com

July 19, 2006

**BY HAND**

Erik J. Frick, Esq.
Eckert Seamans Cherin & Mellott LLC
One International Place
Boston, MA 02110

Re:   Global Marine Systems Limited v. Tyco Telecommunications (U.S.) Inc., et al.,
      U.S.D.C. for the District of Massachusetts, Case No. 05-11605-RGS

Dear Erik:

Pursuant to Section 7 of the Stipulated Protective Order entered in the above-referenced matter, I am enclosing a Confidentiality Undertaking for Gabriel Ruhan of Global Marine Systems Limited. Please let me know if you have any questions.

Very truly yours,

Mark S. Freeman

Enclosure

cc:   John L. Cuddihy, Esq. (via email; w/encs.)
      Daniel C. Winston, Esq. (w/encs.)
      Stacy L. Blasberg, Esq. (w/encs.)

EXHIBIT A

4103933v1

Two International Place I Boston MA 02110 I t 617-248-5000 I f 617-248-4000 I choate.com

EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GLOBAL MARINE SYSTEMS LIMITED, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> TYCO ELECTRONICS CORPORATION, ) <br> TYCO TELECOMMUNICATIONS (U.S.) ) <br> INC., TRANSOCEANIC CABLE SHIP CO. INC., ) <br> ) <br> Defendants. ) | Case No. 05-11605-RGS |

## CONFIDENTIALITY UNDERTAKING

I certify that I have received and read the Stipulated Protective Order in the above-captioned case and that I fully understand and will abide by its terms. I recognize that I am bound by its terms, and that an intentional or willful violation of its terms may accordingly constitute contempt of court. I hereby consent to the personal jurisdiction of the United States District Court for the District of Massachusetts, for purposes of enforcement of the Stipulated Protective Order.

EXECUTED this 19 of July 2006, at Global Marine

_G Rulen_
Name
Global Marine Systems Limited
Affiliation
1 Winsford Way, Boreham Interchange,
Address Chelmsford, CM9 5PD

20

4012141v1

LAW OFFICES

## WILLIAMS & CONNOLLY LLP

725 TWELFTH STREET, N.W.

WASHINGTON, D. C. 20005-5901

(202) 434-5000

FAX (202) 434-5029

JOHN L. CUDDIHY
(202) 434-5348
jcuddihy@wc.com

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

July 26, 2006

*Via Telecopy and U.S. First-Class Mail*

Mark S. Freeman, Esq.
Choate, Hall & Stewart LLP
Two International Place
Boston, Massachusetts 02110

Re:   **Global Marine Sys. Ltd. v. Tyco Telecommunications (US), Inc., et al.**
      Civil Action No. 05-11605-RGS (D. Mass.)

Dear Mark:

I am in receipt of your July 19, 2006 letter, seeking to allow Gabriel Ruhan, one of Plaintiff's managing directors, to access Defendants' confidential information produced in this action. Pursuant to Paragraph 7 of the protective order in effect in this action, Defendants hereby object to any disclosure of their confidential information to Mr. Ruhan.

As an initial matter, the protective order does not allow Mr. Ruhan to have access to any information designated by Defendants as "Highly Confidential." In addition, Mr. Ruhan will be a fact witness in this action, and exposure to information designated by Defendants as "Confidential" may compromise or inadvertently influence his recollection of the facts on which his testimony will be based.

We also understand that Mr. Ruhan is responsible for the development and implementation of Plaintiff's business plan, among other competitive decision-making activities. Because Plaintiff and Defendants are competitors in the tight-knit submarine cable industry, there is a high risk of Mr. Ruhan's inadvertent disclosure or use of Defendants' confidential information in the performance of his job responsibilities, to Defendants' plain detriment.

Accordingly, Defendants cannot accede to Mr. Ruhan's designation. However, if Plaintiff proffers an explanation for its request, Defendants would be happy to consider and discuss the issue further.

Very truly yours,

John L. Cuddihy

cc:   Erik J. Frick, Esq.

EXHIBIT
B

HOME > COMPANY > PEOPLE > GABRIEL RUHAN

HOME
REGIONS
SECTORS
CAPABILITIES
TECHNOLOGIES
PARTNERS
COMPANY
- News
- Mission Statement
- WaveLength
- People
- Commitment
- Achievements
- History
- Careers

CONTACT

**Gabriel Ruhan** is Managing Director of Global Marine and is dedicated to delivering the company's business plan.

He has extensive business experience and, prior to joining Global Marine Systems in 2004, spent three years consolidating the US-based IT hosting and outsourcing business, NaviSite.

Gabriel is adept at handling the challenges of realigning corporate strategy whilst maintaining tactical momentum and puts this into effect in each of the sectors Global Marine operates in.

**Recent Professional Experience/Background**

- August 2004 – Present: Managing Director, Global Marine Systems Limited
- October 2002 – Present: Director, NaviSite Inc
- November 2004 – June 2006: Managing Director, NaviSite Europe
- Jan 2002 – Present: Director, Clear Blue Technologies
- April 2004 - November 2004: Chief Operating Officer, NaviSite
- December 2002 - April 2003: Executive Vice President for Business Development, NaviSite
- 1998 – 2002: Co-Founder and Corporate Development Director, Global Switch Group

Please contact Gabriel on:

**Tel:** +44 (0)1245 702093
gabriel.ruhan@globalmarinesystems.com

G
- Andy
- Peter
- Gabri
- Ian D
- John
- Phil H
- Paul
- Steve

EXHIBIT
C

Copyright © 2006 Global Marine Systems Limited - All rights reserved