IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GLOBAL MARINE SYSTEMS LIMITED,<br><br>Plaintiff,<br><br>v.<br><br>TYCO TELECOMMUNICATIONS (US) INC.<br>and TRANSOCEANIC CABLE SHIP CO. INC.,<br><br>Defendants. | Case No. 05-11605-RGS |

**DEFENDANTS' RESPONSE PURSUANT TO FEDERAL RULE
OF CIVIL PROCEDURE 56(f) TO PLAINTIFF'S MOTION
FOR PARTIAL SUMMARY JUDGMENT OF INFRINGEMENT**

On July 26, 2006 – two months before the due date for opening *Markman* briefs and five months before the due date for submission of initial expert reports – Plaintiff filed a motion for partial summary judgment of infringement ("Plaintiff's Motion"). That premature Motion is supported by a 10-page Declaration from an expert witness (Malcolm Marten) who was not so designated before the filing of Plaintiff's Motion. Pursuant to Federal Rule of Civil Procedure Rule 56(f), Defendants accordingly request that proceedings on Plaintiff's Motion be deferred until Defendants can complete limited document and deposition discovery that they need to fully and fairly address the merits of Plaintiff's Motion and the supporting Marten Declaration.

As detailed in the Affidavit of John L. Cuddihy filed concurrently herewith (the "Rule 56(f) Affidavit"), Defendants need to take document and deposition discovery from two individuals affiliated with Plaintiff: (1) Plaintiff's newly-designated testifying expert (Malcolm Marten) and (2) the named inventor of the patent-in-suit, Mr. Peter Jenkins, who is a former

employee of Plaintiff residing in the United Kingdom and who is represented by Plaintiff's counsel.

The discovery sought from Messrs. Marten and Jenkins is expected to prove, or be highly probative of, Defendants' contention that the products accused of patent infringement are not "armor clamp assemblies" as defined and claimed in the patent-in-suit, and thus do not infringe the patent. At a minimum, and as detailed in the Rule 56(f) Affidavit, Defendants believe that the outstanding discovery will reveal disputed issues of material fact that would require denial of Plaintiff's Motion. *See* Rule 56(f) Affidavit ¶¶ 13-19, 23-25. The requested relief is also necessary to allow Defendants an adequate opportunity to present the Court with a suitable record with which to consider Plaintiff's Motion, including any expert affidavits in opposition to Plaintiff's Motion and its supporting Marten Declaration. *Id.* ¶¶ 8-9.

The remaining discovery Defendants seek is discrete, is the subject of outstanding discovery requests to Plaintiff, has been repeatedly identified for Plaintiff and (in most cases) is long overdue. Defendants have diligently pursued this remaining discovery, both before and since the filing of Plaintiff's Motion. Rule 56(f) Affidavit ¶¶ 20-22, 26-28.

Assuming that Plaintiff and the persons under Plaintiff's control (such as Messrs. Marten and Jenkins) cooperate in discovery going forward, Defendants believe that the necessary discovery can be completed and opposition papers filed within three months (by November 17, 2006, which is the current deadline for Defendants to file their rebuttal *Markman* brief). *Id.* ¶¶ 22, 29.

## ARGUMENT

I. **DEFENDANTS NEED ADDITIONAL LIMITED DISCOVERY TO OPPOSE PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT OF INFRINGEMENT.**

Rule 56(f) "is intended to safeguard against judges swinging the summary judgment axe too hastily." *Resolution Trust Corp. v. North Bridge Assocs.*, 22 F.3d 1198, 1203 (1st Cir. 1994) (vacating grant of summary judgment and remanding for additional discovery).[1] The Rule provides that "[s]hould it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court . . . may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had." Fed. R. Civ. P. 56(f). Thus, where (as here) the requesting party has diligently pursued specific and material evidence, a Rule 56(f) request "should be granted almost as a matter of course." *Resolution Trust Corp.*, 22 F.3d at 1208 (*quoting Sames v. Gable*, 732 F.2d 49, 51 (3d Cir. 1984)). *See also, e.g., Superguide Corp. v. DirectTV Enters., Inc.*, 202 F.R.D. 460, 463 (W.D.N.C. 2001) (granting patentee's Rule 56(f) request to take deposition discovery before opposing alleged infringer's motion for summary judgment).

In the First Circuit, a Rule 56(f) request based upon incomplete discovery must satisfy five requirements:

> (1) *authoritativeness* i.e. an attorney under pain of Rule 11 sanctions or a party must submit the request; (2) *timeliness* i.e. the request should be made within a reasonable time following the summary judgment motion; (3) *good cause* i.e. the party must demonstrate good cause for failing to conduct the discovery previously; (4) *utility* i.e. there must be a plausible basis to believe that

---

[1] While this is a patent infringement action, First Circuit precedent (not Federal Circuit precedent) governs this Rule 56(f) request. *Network Commerce, Inc. v. Microsoft Corp.*, 422 F.3d 1353, 1363 (Fed. Cir. 2005) ("Regional circuit law governs practice under Rule 56(f) in this court.").

discoverable materials exist that would likely raise a genuine issue of material fact; and (5) *materiality* i.e. the requested discovery materials must be material to the legal dispute at the heart of the summary judgment motion.

*Vazquez-Gonzalez v. K-Mart Corp.*, 940 F. Supp. 429, 431 (D.P.R. 1996) (*quoting Resolution Trust Corp.*, 22 F.3d at 1203). The First Circuit has made clear that "these requirements are not inflexible," such that "one or more of the requirements may be relaxed, or even excused, to address the exigencies of a given case." *Resolution Trust Corp.*, 22 F.3d at 1203. And once these benchmarks for a valid proffer are met, "continuances should be routinely granted under Rule 56(f) where the moving party [seeking summary judgment] has sole possession of the relevant facts." *Id.* at 1208 (*quoting Hebert v. Wicklund*, 744 F.2d 218, 222 (1st Cir. 1984) (quotations omitted).

Defendants' Rule 56(f) request satisfies all five requirements, as it is (1) *authoritative* (given its supporting Rule 56(f) Affidavit) and (2) *timely* under the Court's August 10, 2006, Minute Order, which expressly authorized Defendants to file a responsive pleading to Plaintiff's Motion by today's date.[2] And as set forth in the Rule 56(f) Affidavit and discussed below, Defendants have demonstrated (3) *good cause* for their inability to conduct the necessary discovery, as well as the (4) *utility* and (5) *materiality* of the discovery needed from Plaintiff, its newly-disclosed expert witness (Malcolm Marten), and its former employee and named inventor of the patent-in-suit (Peter Jenkins). In addition, the discovery sought is in sole possession of Plaintiff and Messrs. Marten and Jenkins. Thus, Defendants should be provided an opportunity to obtain that evidence before filing their opposition papers to Plaintiff's Motion. *See, e.g., CitiFinancial Mortgage Co., Inc. v. Lawson*, Civ. A. No. 01-11606-RGS, 2002 WL

---

[2] Defendants' Rule 56(f) request is also timely because was filed within a reasonable time following the receipt of Plaintiff's Motion. *See Resolution Trust Corp. v. North Bridge Assocs.*, 22 F.3d 1198, 1204 (1st Cir. 1994).

1299997, at *5 (D. Mass. May 21, 2002) (Stearns, J.) (denying summary motion as premature in light of non-moving party's Rule 56(f) request).

### A.  Defendants Have Demonstrated Diligence in Seeking the Evidence They Require and "Good Cause" for Their Inability To Obtain that Evidence.

As set forth in the Rule 56(f) Affidavit, Defendants have shown great diligence in pursuing the evidence sought from Plaintiff and Messrs. Marten and Jenkins. Good cause exists for Defendants' inability to obtain that evidence to date, as follows:

*First*, on the Marten discovery: Until they received Plaintiff's Motion and supporting Marten Declaration at the end of July 2006, Defendants did not know that Plaintiff intended to designate Mr. Marten as a testifying expert (let alone know the bases for his newly-disclosed opinions). *See* Rule 56(f) Affidavit ¶ 5.[3] After receiving the Marten Declaration, Defendants asked Plaintiff to produce salient documents relevant to Mr. Marten that are the subject of outstanding discovery requests to Plaintiff. *Id.* ¶¶ 20-22. Defendants also asked opposing counsel to identify dates in late September and the first half of October for which Mr. Marten will be available for deposition. *Id.* ¶ 22. To date, Defendants have received no response from Plaintiff's counsel to either request. *Id.*

*Second*, on the Jenkins discovery: Mr. Jenkins is both the named inventor of the patent and a former employee of Plaintiff. As a threshold matter, Defendant believes that Plaintiff intends to call Mr. Jenkins (who resides in the United Kingdom) as a trial witness. *Id.* ¶ 23. Thus, Defendants contend that Mr. Jenkins is under Plaintiff's control for discovery purposes, such that Defendants should have the right to obtain discovery from him without needing to resort to the time-consuming international discovery procedures. *Id.*

---

[3]  Although Plaintiff provided Defendants with a signed Confidentiality Undertaking for Mr. Marten in May 2006, that Undertaking did not indicate whether Plaintiff had retained him as a testifying or consulting expert.

That aside, since February 2006, Defendants have repeatedly asked Mr. Jenkins (through the opposing counsel he shares with Plaintiff)[4] whether he would authorize his counsel to accept service of document and deposition subpoenas from the Court in order to expedite discovery. *Id.* ¶¶ 26-28. Not until August 18, 2006 – six months after Defendants' first request – did opposing counsel agree to relay Defendants' longstanding request to Mr. Jenkins (and the other employees represented by them). *Id.* ¶ 28. Defendants are awaiting a response to their request. *Id.* Also on August 18, 2006, Mr. Jenkins' counsel asked (for the first time) to receive exemplars of the document and subpoenas that Defendants propose to serve upon Mr. Jenkins. Defendants will promptly provide those exemplars to Mr. Jenkins' counsel. *Id.*

"Good cause" for a Rule 56(f) request exists when the party seeking summary judgment (here, Plaintiff) has not "complied fully with all outstanding discovery demands." *Resolution Trust Corp.*, 22 F.3d at 1205. That is precisely the situation here.

### B. Defendants Have Demonstrated Both the "Utility" and "Materiality" of the Discovery They Require from Plaintiff and Messrs. Marten and Jenkins.

The Rule 56(f) Affidavit sets forth in detail why the evidence sought – including expert and inventor testimony – has utility and is material to the claim construction issues that lie at the heart of Plaintiff's Motion. *Id.* ¶¶ 13-19, 23-25.

*First*, the evidence has *utility* because there is "a plausible basis for a belief that discoverable materials exist that would likely suffice to raise a genuine issue of material fact." *Resolution Trust Corp.*, 22 F.3d at 1206. By way of example (and as detailed in the Rule 56(f) Affidavit), the Marten Declaration contains several factual assertions regarding portions of the

---

[4]   In addition to Mr. Jenkins, Plaintiff's counsel also represents five other former employees of Plaintiff – Messrs. Mole, Reynolds, Thomas, Overall, and Smith – each of whom has information relevant to the claims and defenses in this action. *See* Rule 56(f) Affidavit ¶ 28.

6

specification of the '815 Patent, and uses those assertions to opine on the inventor's intent regarding the scope of his patent. *See, e.g.*, Marten Decl. ¶¶ 13-14. However, those factual assertions are neither grounded in the patent or its prosecution history, nor otherwise corroborated with citations to industry publications or other independent sources. *See* Rule 56(f) Affidavit ¶¶ 14-16, 19; *see also, e.g.*, Marten Decl. ¶ 13.

At a minimum, before filing their opposition papers, Defendants are entitled to seek document and deposition testimony from Mr. Marten to test and disprove the factual underpinnings of the assertions in his Declaration. Rule 56(f) Affidavit ¶ 17. Defendants' Rule 56(f) Affidavit also specifically enumerates the evidence they wish to obtain from Mr. Marten that "would likely suffice to raise a genuine issue of material fact" regarding the accuracy of those factual assertions. *Id.* ¶¶ 17-18. That discovery is also needed from Mr. Marten so that Defendants may proffer expert testimony for the Court's consideration on claim construction issues, particularly the parties' competing definitions of the disputed claim term "armor clamp assembly" and affidavits in opposition to the Marten Declaration. *Id.* ¶ 8.[5]

*Second*, the sought discovery is *material* to the claim construction issues that lie at the heart of Plaintiff's Motion.

As a threshold matter, that discovery (once obtained) may be considered by the Court when it ultimately construes the disputed claim terms (through a *Markman* hearing or otherwise). To be sure, the '815 Patent and its prosecution history constitutes the core *intrinsic*

---

[5] In *Exigent Technology, Inc. v. Atrana Solutions, Inc.*, 442 F.3d 1301 (Fed. Circ. 2006), the Federal Circuit (applying Eleventh Circuit precedent) noted that the district court "could properly deny" a patentee's "Rule 56(f) motion insofar as it was based on the need for expert discovery," because (among other things), the patentee had "made an insufficiently detailed showing of need for such discovery with respect to the issue of infringement." *Id.* at 1311. Here, of course, Defendants have made a "detailed showing" as to why they need to depose Mr. Marten on the factual bases for his Declaration. *See* Rule 56(f) Affidavit ¶¶ 8, 13-19.

evidence that is typically most relevant to claim construction. *See Phillips v. AWH Corp.*, 415 F.3d 1303, 1314-17 (Fed. Cir. 2005), *cert. denied*, 126 S. Ct. 1332 (2006). However, where (as here) the disputed claim terms are ambiguous, resort to *extrinsic* evidence is appropriate. *Phillips*, 415 F.3d at 1314. Expert and inventor testimony – which is what Defendants seek – is precisely the type of extrinsic evidence that (when credible and non-conclusory) may be considered by the Court when it construes disputed claim terms (subject to several caveats not pertinent to this Motion).

The First Circuit has cautioned that "the threshold of materiality at this stage of a case is necessarily low," *Resolution Trust Corp.*, 22 F.3d at 1207, and that if "a lack of materiality is not apparent, then an inquiring court should err, if at all, on the side of liberality." *Id.* at 1208. However, in this case, the materiality of the sought discovery is manifest: The Marten Declaration uses uncorroborated and conclusory assertions to plug gaps in the patent specification left by the named inventor, and to thereby support Plaintiff's Motion. *See* Rule 56(f) Affidavit ¶¶ 13-16; *see also* Marten Decl. ¶ 13.[6] Plaintiff likewise seizes upon those uncorroborated portions of the Declaration to argue why it is entitled to summary judgment at this early stage of the proceedings. *See* Plaintiffs' Memorandum of Law at 13 (citing Marten Decl. ¶ 13).

In short, Plaintiff wants the Court to take this extrinsic evidence of the scope of the patent into account when construing the disputed claim terms (whether through a *Markman* hearing or otherwise). Defendants' contrary evidence (once secured from Messrs. Martin and Jenkins) will necessarily enjoy the same degree of materiality that the Court ultimately opts to

---

[6] This is not a situation where, for example, the salient paragraphs in the expert affidavit are proffered "to provide background on the technology at issue" or "to explain how an invention works." *Phillips*, 415 F.3d at 1318.

assign to the Marten Declaration.

Because the evidence that Defendants have diligently sought "directly relate[s] to specific statements of material fact in the summary judgment motion and in the [supporting] affidavit," Defendants' Rule 56(f) request should be granted. *Vivid Techs., Inc. v. Am. Science & Eng'g, Inc.*, 200 F.3d 795, 810 (Fed. Cir. 1999) (applying First Circuit precedent to vacate grant of summary judgment of non-infringement, and remanding to allow discovery "sufficient to resolve issues of material fact relevant to infringement").

## CONCLUSION

For the foregoing reasons, Defendants respectfully requests that the Court grant their Rule 56(f) request and defer proceedings on Plaintiff's motion for partial summary judgment of infringement until Defendants complete specific and limited document and deposition discovery from Plaintiff and Messrs. Marten and Jenkins.

Dated: August 25, 2006

Respectfully submitted,

TYCO TELECOMMUNICATIONS (US) INC.
and TRANSOCEANIC CABLE SHIP COMPANY, INC.,

By their attorneys,

_____
Stephen R. Delinsky (BBO # 119120)
Erik J. Frick (BBO # 553336)
ECKERT SEAMANS CHERIN & MELLOTT LLC
One International Place
Boston, Massachusetts 02110
(617) 342-6800 (telephone)
(617) 342-6899 (fax)

David C. Kiernan (admitted *pro hac vice*)
John L. Cuddihy (admitted *pro hac vice*)
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005

(202) 434-5000 (telephone)
(202) 434-5029 (fax)


  I, Erik J. Frick, hereby certify that a true copy of the above document, and its attachments were served upon the attorneys of record for plaintiff Global Marine Systems Limited (Messrs. Marandett, Winston, Freeman, and Ms. Blasberg) via the Court's ECF system and first-class mail, postage-prepaid, on August 25, 2006.

                _____
                Erik J. Frick