IN THE UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

GLOBAL MARINE SYSTEMS LIMITED,

          Plaintiff,

          v.

TYCO TELECOMMUNICATIONS (U.S.)
INC., TRANSOCEANIC CABLE SHIP CO.
INC.,

          Defendants.

Case No.:  05-11605 RGS

## PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR A PROTECTIVE ORDER BARRING PLAINTIFF'S MANAGING DIRECTOR (MR. GABRIEL RUHAN) FROM ACCESSING DEFENDANTS' CONFIDENTIAL INFORMATION

Global Marine Systems Limited ("Global Marine") hereby files this Opposition to Defendants' Motion for a Protective Order Barring Plaintiff's Managing Director (Mr. Gabriel Ruhan) from Accessing Defendants' Confidential Information (the "Motion").

Defendants Tyco Telecommunications (US) Inc. and Transoceanic Cable Ship Co. Inc. (collectively, "Tyco" or "Defendants") seek a protective order precluding Global Marine from designating Gabriel Ruhan as one of its party designees entitled to review "Confidential" information under the Stipulated Protective Order (the "Protective Order") entered in this case. Tyco claims it will be harmed if certain of its confidential information is disclosed to Mr. Ruhan. Yet, Tyco does not identify any particular information of which it is concerned.  More fundamentally, if there is particularly sensitive information which Tyco deems too competitive to disclose to Mr. Ruhan, it has the option of designating that information as "Highly Confidential" under the Protective Order and thereby limiting its disclosure to outside counsel and independent

experts for Global Marine. Global Marine has a legitimate need to allow a high level manager within the company access to certain litigation materials produced by Tyco in this case. Because the two-tiered nature of the Protective Order already affords Tyco adequate protection for its most sensitive commercial information, this Court should reject Defendants' Motion for further limitations.

## BACKGROUND

On January 20, 2006, pursuant to Rule 26(c)(7) of the Federal Rules of Civil Procedure, the parties in this case agreed upon and filed a two-tiered Protective Order which was subsequently entered by the Court. (A copy of the Protective Order is attached hereto as Ex. A.) Under the Protective Order, each party may designate materials and information it produces in discovery as either "Confidential" or "Highly Confidential". Information designated as "Highly Confidential" may only be disclosed to outside counsel and independent experts. Protective Order ¶ 5. Documents designated as "Confidential," by contrast, may be disclosed to up to three party designees. Id. ¶ 6.

Prior to disclosing "Confidential" information to a party designee, the receiving party must first disclose to the producing party its intention to designate a particular employee under the Protective Order by forwarding a copy of a Confidentiality Undertaking signed by that employee. Id. ¶ 7. Through the Confidentiality Undertaking, the proposed designee certifies that he or she has read the Protective Order and agrees to be bound by its terms. Id., Ex. A. If, upon receipt of the Undertaking, the producing party has a legitimate objection to the designation of the employee, it may object in writing. Id. ¶ 7. The parties must then meet and confer. Id. If the parties are unable to resolve their dispute, the producing party must file a motion for a protective order. Id. The burden is on the producing party to show that it will be prejudiced by the disclosure of "Confidential" information to the other party's designee. Id.

On July 19, 2006, Global Marine notified Defendants that it was designating Gabriel Ruhan, its Managing Director, as one of its designees to review "Confidential" documents. On July 26, 2006, Tyco filed a written objection to this designation. The parties met and conferred via telephone on August 3, 2006, but were unable to resolve the dispute. Defendants subsequently filed their Motion on August 25, 2006.

In its Motion, Tyco fails to articulate (1) why the two-tiered nature of the protective order does not afford it ample protection over its most sensitive commercial information, (2) what information it is particularly concerned with Mr. Ruhan receiving, and (3) exactly why it believes the designation of Mr. Ruhan presents an unacceptable risk. Global Marine needs at least one top level executive to be able to review the bulk of the litigation materials produced in this case so that Global Marine can effectively communicate with its counsel about case strategy and disposition.

Thus, for these reasons and the reasons given below, Tyco's Motion should be denied.

## ARGUMENT

### I. GIVEN THE TWO-TIERED NATURE OF THE PROTECTIVE ORDER, THIS COURT SHOULD BE PARTICULARLY WARY OF PRECLUDING ACCESS TO A PARTY DESIGNEE

Perhaps the most compelling reason to deny Tyco's Motion is the fact that under the Protective Order, Tyco may preclude Mr. Ruhan from viewing its most sensitive information simply by designating such information as "Highly Confidential". The Protective Order provides that a party may invoke the "Highly Confidential" designation when the information "constitutes or contains current research and development information or competitively sensitive information, the disclosure of which . . . can reasonably be expected to lead to competitive harm." Protective Order ¶ 1(c). Only outside counsel and independent experts are entitled to view materials that a party designates as "Highly Confidential". Id. ¶ 5.

3

Tyco, thus, needs a fairly compelling reason to preclude a party designee from receiving information that is merely designated as "Confidential" and not "Highly Confidential". All of the cases that Tyco cites which preclude party representatives involved in competitive decision-making from viewing confidential information involve either a one-tiered protective order or an attempt to have the party designee view material in the top tier. As a result, all of Tyco's cases are inapposite. Global Marine has no interest in having Mr. Ruhan view materials designated by Tyco as "Highly Confidential".

In this regard, Blanchard & Co., Inc. v Barrick Gold Corp., Civ. Action No. 02-3721, 2004 LEXIS 5719 (E.D. La. April 2, 2004), is on point. In Blanchard, the parties to an antitrust litigation had a dispute over the exact terms to put in a protective order. The court had already decided that a two-tiered protective order was appropriate, through which only outside counsel and designated experts could review materials designated at the highest level of confidentiality. Still, the defendants requested that they be given the opportunity to pre-approve any party employees whom the plaintiffs wanted to designate to view information in the bottom tier. The court rejected the notion that the defendants could preclude the plaintiffs' chosen representatives from viewing information given just a "Confidential" (as opposed to "Highly Confidential") designation. The court found the two-tiered nature of the protective order to be a compelling reason to reject the defendants' argument:

> One party should not have veto power over the others personnel assigned to assist in the litigation nor should it be able to restrict their ability to prepare by restricting access to a certain number of employees. *This is particularly true in light of the implementation of the dual-tier designation adopted at the defendants' behest. . . . With the adoption of the "Highly Confidential" restriction, any restriction on client participation, other than as previously set forth above, is not warranted.*

Id. at *41-42 (emphasis added).

4

In the case at bar, of course, the Protective Order gives a party the right to object to the other side's designation of personnel who may view "Confidential" information. However, the right to object should not be overextended. Conceivably, for instance, Tyco might have a legitimate objection to individuals regarding which there is some past history of theft or dishonesty, or, as another example (although again sensitive documents could simply be marked "Highly Confidential") to Global Marine sharing product development information with employees who are actively engaged in writing and prosecuting patent applications on Global Marine's behalf. However, Tyco has not made any such claim with respect to Mr. Ruhan. The point remains that absent exceptional circumstances in highly particularized areas, Tyco should not be objecting to Global Marine's designees, especially when it can solve its concerns by designating sensitive documents as "Highly Confidential".

## II.    TYCO HAS NOT SPECIFIED THE NATURE OF THE INFORMATION IT IS CONCERNED ABOUT MR. RUHAN REVIEWING

Tyco has not even attempted to point to any particular piece of information that it is concerned about Mr. Ruhan reviewing. A party seeking to place restrictions on the disclosure of information it deems confidential must specifically identify the type of information that is of concern and explain why it would be prejudiced by its disclosure:

> Where the motion for a protective order is premised on the existence of confidential information, the movant must make a particularized showing that the information sought to be protected is confidential commercial information. In addition, the movant must demonstrate that disclosure of that information will result in a clearly defined and very serious injury to its business. Moreover, the requisite showings must be made with specific facts, not mere conclusory allegations of confidentiality and/or business harm.

Standard Space Platforms Corp. v. United States, 35 Fed. Cl. 505, 507 (1996) (internal quotations and citations omitted); see also Gaul v. Zep Mfg. Co., Civ. Action No. 03-2439, 2003

U.S. Dist. LEXIS 18164, *9 (E.D. Pa. Sept. 22, 2003) ("Without a detailed description of the documents sought or the alleged confidential information contained therein, the Court will not require a confidentiality agreement for production of this information."). Here, Tyco has made no such showing. It simply has not identified any specific type of information with which it is concerned. Rather, Tyco seeks to bar Mr. Ruhan from receiving *all* documents which it deems worthy of the designation "Confidential."

In fact, all Tyco has stated on this matter is that "[b]ecause Mr. Ruhan is responsible for Plaintiff's 'corporate strategy' in the precise industry at issue in this action, he should not be allowed to access the 'Confidential' information produced by Defendants, which includes a mix of technical and business documents." Tyco's Mem. of Law at 4. The bare description of "a mix of technical and business documents" does nothing to help this Court evaluate any potential prejudice Tyco claims from the disclosure of such documents to Mr. Ruhan. Tyco bears the burden of proof on this matter. It should (and must) do more to justify its concerns.

Indeed, Tyco's failure to identify any particular information of which it is concerned makes sense given the nature of this case. This is a case that involves Tyco's manufacture, use, and sale of a product which, by Tyco's own contention, has been in existence since 1998. (See Tyco's Answer and Affirmative Defenses at ¶22, September 23, 2005, Docket No. 7.)[1] The patent-in-suit is set to expire in April, 2007. It would be hard to imagine how Mr. Ruhan's strategic decision-making would be affected going forward by access to documents detailing an injury which has largely already occurred. Mr. Ruhan's access to the "Confidential" documents, therefore, can hardly prejudice the Defendants.

As a result, the simple fact may be that there is no real justification for Defendants' concerns. Indeed, Tyco may have brought its Motion simply for the reasons stated in footnote

---

[1] Global Marine strongly contests the assertions made by Tyco in its Answer concerning any delay in filing suit.

two of its memorandum: "Defendants intend to depose Mr. Ruhan in this action, and any review of Defendants' 'Confidential' information before that deposition might inadvertently influence his recollection of the facts on which his testimony will be based." Tyco's Mem. of Law at 4 n.2. That is not a legitimate reason to preclude disclosure, and Tyco has cited no case law support for that proposition. Moreover, again Tyco has stated no concrete basis even for that concern.

### III. GLOBAL MARINE HAS A LEGITIMATE NEED TO ALLOW AT LEAST ONE HIGH LEVEL EXECUTIVE TO VIEW THE BULK OF TYCO'S DISCOVERY MATERIALS

The problem with Tyco's argument regarding Mr. Ruhan's involvement in competitive decision-making is that it would preclude any high level executive at Global Marine from reviewing litigation materials. This, in turn, would hamper Global Marine's ability to confer with its counsel to properly evaluate the case and determine how best to work out a disposition. Indeed, the mere fact that Mr. Ruhan may be involved with competitive decision-making alone cannot serve as a basis for excluding him under the Protective Order. Most cases which preclude a party representative from viewing confidential information on the ground that the representative is involved in competitive decision-making involve the proposed disclosure of such information to in-house counsel. This case law, which Tyco for the most part relies upon, should not necessarily apply when dealing with non-attorney employees. In one case dealing with the subject of whether to preclude the owner and head of a small company from receiving access to the other side's confidential information, the court specifically stated:

> The court is not convinced that the 'competitive decision-making' case law, arising with regard to *counsel* – who are essentially fungible – should apply to principals such as Dr. Adams. The single factor of competitive decision-making to deny access to data can trigger an absolute bar when other counsel are available – it need not be balanced with other factors. But a party appears as an

7

> integral part of the litigation. While counsel's role can be replaced
> relatively easily, a party's role in the suit and in business decision
> making is not subject to ready substitution.

Phillip M. Adams & Assocs., L.L.C. v. Dell, Inc., Civil No. 1:05-CV-64 TS, 2006 U.S. Dist.

LEXIS 39173, *18 (D. Utah June 12, 2006) (emphasis in original).

Mr. Ruhan is not counsel who can easily be replaced. He is a high level executive.

While Tyco is a large organization that probably has many such executives, Global Marine is

much smaller. Ruhan Decl. ¶4[2]. Any Global Marine executive with sufficient decision-making

authority to help resolve this dispute would face the same critique that Tyco has made against

Mr. Ruhan. Id.

Moreover, Global Marine needs a high level executive to see basic documents to evaluate

the worth of this case. Ruhan Decl. ¶5. For instance, documents showing summary sales and

financial information are deemed presumptively "Confidential" under the Protective Order (not

"Highly Confidential"). Protective Order ¶ 1(c). If Tyco's objection were to stand, Mr. Ruhan

would not be allowed to view even that basic summary level information to evaluate settlement

possibilities. In the words of the Phillip M. Adams court, "[d]iscovery, motion and trial practice

– and the possibility of settlement – would be convoluted if [Mr. Ruhan] were excluded from

substantive information." Id. at *29-30.[3]

## IV.    ON BALANCE, THE RELEVANT FACTORS WEIGH AGAINST TYCO'S MOTION

Courts often look to five factors when assessing whether disclosure to a certain individual

should be allowed, and again (unlike here) generally in the context of the highest tier of

---

[2] All references to "Ruhan Decl." refer to the Declaration of Gabriel Ruhan filed herewith.
[3] Tyco argues that Global Marine has already designated Phil Hart as a party representative under the Protective Order. Mr. Hart is Global Marine's Engineering Director. He is not responsible for management of the business of Global Marine, and he is not by himself authorized to make decisions on behalf of Global Marine relating to this lawsuit. Ruhan Decl. ¶4

confidential information: (1) whether the person receiving the confidential information is involved in competitive decision-making or scientific research; (2) the risk of inadvertent disclosure of confidential information; (3) the hardship on the party seeking disclosure if disclosure was denied, (4) the timing of the remedy, and (5) the scope of the remedy. See Phillip M. Adams, 2006 U.S. Dist. LEXIS 39173, *16-17. On balance, these factors favor disclosure to Mr. Ruhan, particularly when considering that he will see only lower-tier "Confidential" information and not "Highly Confidential" information.

First, while Global Marine cannot deny that Mr. Ruhan does participate in some competitive decision-making, he does not conduct any scientific research in the company. Ruhan Decl. ¶3. Furthermore, as noted above, the claims in this case involve mostly past acts as well as acts within a very limited time frame going forward under the patent's remaining life. The materials designated as "Confidential" are unlikely to have any impact on future policy, and Tyco has certainly pointed to none. And, if truly sensitive documents exist that could impact future policy, Tyco has the option of designating those documents as "Highly Confidential" thereby precluding Mr. Ruhan's access.

Second, because the claims in this case involve past acts, which will have virtually no impact on any decision-making Mr. Ruhan undertakes, the risk of inadvertent disclosure is minimal. The two-tiered Protective Order by its terms assures that he will not see the documents which could substantially impact competitive position.

Third, the hardship imposed upon Global Marine would be great if Mr. Ruhan is not allowed to view the "Confidential" documents. "A party to litigation has a more fundamental interest in access to information than retained counsel or even an employee." Phillip M. Adams, 2006 U.S. Dist. LEXIS 39173, *24-25. Global Marine will not have the benefit of management

9

review to aid in the prosecution of its claim or to think about settlement. See id. at *29-30; see also Standard Space Platforms, 35 Fed. Cl. at 509 ("to deny plaintiff the right to have its own president assist in its litigation, given defendant's flimsy showing, could well border on a denial of due process"); THK America, Inc. v. Nippon Seiko K.K., 141 F.R.D. 461 (N.D. Ill. 1991) (permitting disclosure under a protective order to plaintiff's president in a patent case). The Defendants, by contrast, will hardly be harmed if this Court permits Mr. Ruhan's designation as they will maintain their ability to designate documents as "Highly Confidential" and thus keep them completely out of Mr. Ruhan's hands.

Fourth, the timing of the remedy also favors Global Marine. As this Court is aware, the parties in this suit have recently attempted settlement negotiations. (See Joint Motion to Modify Scheduling Order, August 9, 2006, Docket No. 32.) Global Marine will be significantly disadvantaged in not having someone like Mr. Ruhan be able to communicate effectively with counsel because he was not permitted to see the Defendants "Confidential" materials.

Finally, the scope of the remedy favors a ruling against the Defendants. Plaintiff merely seeks that Mr. Ruhan be approved to review "Confidential," not competitively sensitive "Highly Confidential" documents. Tyco, again, has not pointed to any specific documents of which it is concerned, and any such documents would presumably be entitled to the "Highly Confidential" category.

The Phillip M. Adams court analyzed these same factors in a case involving a two-tiered protective order. However, the issue before that court was whether the manager and owner of the plaintiff patent holder should be allowed to view documents designated in the most sensitive category ("CONFIDENTIAL – ATTORNEYS ONLY"). After weighing the factors, the Court determined that some access to the head of the company should be allowed. 2006 U.S. Dist.

LEXIS 39173, *14-35. In the case at bar, Global Marine is not even seeking as much access as the plaintiff in Phillip M. Adams. Global Marine simply does not seek for Mr. Ruhan to have access to "Highly Confidential" materials, just "Confidential" materials. As such, the factors tip much more in favor of denying Tyco's Motion.

**CONCLUSION**

In sum, Tyco has failed to carry its burden of demonstrating that Mr. Ruhan should not be designated to review lower-tier "Confidential" materials pursuant to the Protective Order. For the foregoing reasons, Defendants' Motion should be denied, and Plaintiff should be given leave, pursuant to the already signed Confidentiality Undertaking, to provide Mr. Ruhan immediate access to all information marked "Confidential".

Respectfully submitted,

GLOBAL MARINE SYSTEMS LIMITED,
By its attorneys,

/s/ Mark S. Freeman
Eric J. Marandett (BBO #561730)
Daniel C. Winston (BBO #562209)
Mark S. Freeman (BBO #636290)
Stacy L. Blasberg (BBO #657420)
CHOATE, HALL & STEWART LLP
Two International Place
Boston, MA 02110
Telephone: (617) 248-5000

Dated: September 8, 2006

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and that paper copies will be sent to those non-registered participants (if any) on September 8, 2006.

/s/ Mark S. Freeman

12

4118320v3

# Exhibit A

Case 1:05-cv-11605-RGS    Document 23    Filed 01/23/2006    Page 1 of 20
Case 1:05-cv-11605-RGS    Document 38-2    Filed 09/08/2006    Page 2 of 21

Case 1:05-cv-11605-RGS    Document 21-2    Filed 01/20/2006    Page 1 of 19

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| GLOBAL MARINE SYSTEMS LIMITED, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 05-11605-RGS |
| | ) | |
| TYCO ELECTRONICS CORPORATION, | ) | |
| TYCO TELECOMMUNICATIONS (U.S.) | ) | |
| INC., TRANSOCEANIC CABLE SHIP CO. INC., | ) | |
| | ) | |
| Defendants. | ) | |

### STIPULATED PROTECTIVE ORDER

The plaintiff, Global Marine Systems Limited ("Plaintiff"), and defendants, Tyco

Electronics Corporation, Tyco Telecommunications (US) Inc., and Transoceanic Cable

Ship Company, Inc. (collectively, "Defendants"), have agreed that certain information

subject to discovery in this action may be claimed to contain proprietary or confidential

trade secret, technical, business, or financial information of the producing party or

applicable non-party within the meaning of Rule 26(c)(7) of the Federal Rules of Civil

Procedure (collectively "Confidential Information"). To facilitate discovery in this

action, Plaintiff and Defendants (collectively, "the Parties") accordingly stipulate, subject

to the approval of the Court, to the following Protective Order:

1.    Designation of Confidential Information.

(a)    With respect to such Confidential Information that has been or will

be sought or produced during discovery, the Producing Party[1] may identify or otherwise

---

1    "Producing Party" is defined to include parties as well as nonparty persons or entities
subject to discovery in this action. The provisions of this Stipulated Protective Order

Case 1:05-cv-11605-RGS    Document 23    Filed 01/23/2006    Page 2 of 20
Case 1:05-cv-11605-RGS    Document 38-2    Filed 09/08/2006    Page 3 of 21
Case 1:05-cv-11605-RGS    Document 21-2    Filed 01/20/2006    Page 2 of 19

designate such matter as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

      (b)    Information, documents, and things that a Producing Party in good faith believes constitutes or contains proprietary or confidential trade secret, technical, business, and financial information may be designated as "CONFIDENTIAL." The Parties will use reasonable care to avoid designating any documents or other information as "CONFIDENTIAL" for which the Producing Party does not have a good faith belief that the documents or information satisfy the criteria set forth in this paragraph 1(b).

      (c)    Information, documents and things that a Producing Party in good faith believes constitutes or contains current research and development information or competitively sensitive information, the disclosure of which to another party to this litigation can reasonably be expected to lead to competitive harm to the Producing Party, may be designated as "HIGHLY CONFIDENTIAL." Use of this highly restrictive designation is limited to information of the highest competitive sensitivity, and the Parties will use reasonable care to avoid designating any documents or other information as "HIGHLY CONFIDENTIAL" for which the Producing Party does not have a good faith belief that the documents or information satisfy the criteria set forth in this paragraph 1(c). A presumption shall exist that summary sales and financial information (such as sales volumes, revenues, and associated costs and profits) shall be designated (if at all) as "CONFIDENTIAL" and not as "HIGHLY CONFIDENTIAL". Notwithstanding this presumption, either side may apply to the Court for further protections to be afforded to such information.

---

shall fully apply to information, documents or things designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" by a Producing Party.

Case 1:05-cv-11605-RGS    Document 23    Filed 01/23/2006    Page 3 of 20
Case 1:05-cv-11605-RGS    Document 38-2    Filed 09/08/2006    Page 4 of 21
Case 1:05-cv-11605-RGS    Document 21-2    Filed 01/20/2006    Page 3 of 19

(d)     Any copies of documents designated "CONFIDENTIAL" or

"HIGHLY CONFIDENTIAL," abstracts, summaries, or information derived therefrom,

and any notes or other records regarding the contents thereof, may also be designated as

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," and the same terms regarding

confidentiality of these documents and materials shall apply as apply to the originals.

2.     Treatment of Information Made Available for Inspection. Any and all

information, documents and things that are made available for inspection, shall be treated

as having been designated as "HIGHLY CONFIDENTIAL" pursuant to this Stipulated

Protective Order, whether or not so marked, until copies of the information, documents

and things are produced by the Producing Party. Produced documents and things, and

information therein, shall be held pursuant to this Stipulated Protective Order based on

the designation, if any, marked on the documents by the Producing Party. Documents and

things, and information therein, may also be made available for inspection on the

condition that any privileged or work-product information contained therein may be

recalled and that such production and recall will not be deemed or treated herein as a

waiver by the Producing Party of any claim of privilege or immunity.

3.     Uses of Confidential Information. No person shall use any Confidential

Information, or information derived therefrom, for purposes other than the prosecution or

defense of this action, including, without limitation, for purposes of preparing, filing, or

prosecuting any patent application, continuation or divisional patent application, reissue

patent application or request for re-examination, with the United States Patent &

Trademark Office or any equivalent foreign governmental office or entity. This

paragraph also incorporates by reference all other restrictions on the use and disclosure of

3

Case 1:05-cv-11605-RGS    Document 23    Filed 01/23/2006    Page 4 of 20
Case 1:05-cv-11605-RGS    Document 38-2    Filed 09/08/2006    Page 5 of 21
Case 1:05-cv-11605-RGS    Document 21-2    Filed 01/20/2006    Page 4 of 19

Confidential Information as set forth in this Stipulated Protective Order, including but not limited to the restrictions set forth in paragraphs 15 and 24 of this Order.

      4.      Identification of Documents and Things. All documents and things produced in discovery by each Producing Party shall bear identifying numbers when a copy or copies are produced to the party seeking its production in this action ("Discovering Party"). The identity of the Producing Party shall be clearly identified by identifying numbers and/or letters stamped or printed on the documents or things pursuant to this Paragraph 4.

      5.      "Highly Confidential" Information - Permitted Disclosure. Information, documents and things designated as "HIGHLY CONFIDENTIAL" by a Producing Party in accordance with Paragraph 1, shall not be disclosed, given, shown, made available or communicated in any way, directly or indirectly, by the Discovering Party to anyone other than the following persons (and then in accordance with the provisions of this Order, including paragraph 24 below):

      (a)      the Court and court personnel;

      (b)      the outside attorneys of record for the Discovering Party (*i.e.*, outside trial counsel and local counsel) and their respective legal assistants and clerical employees whose duties and responsibilities require access to such materials;

      Notwithstanding the foregoing, the persons covered by this subparagraph (b) shall not (from the date of entry of this Order until one year after the conclusion of this litigation and any appeal thereof), engage, participate in, oversee, or supervise, any aspect of the preparation or prosecution of a United States or foreign patent application of Plaintiff, the Defendants, or any third party, where the subject matter of such United

4

Case 1:05-cv-11605-RGS   Document 23   Filed 01/23/2006   Page 5 of 20
Case 1:05-cv-11605-RGS   Document 38-2   Filed 09/08/2006   Page 6 of 21
Case 1:05-cv-11605-RGS   Document 21-2   Filed 01/20/2006   Page 5 of 19

States or foreign patent application pertains to the subject matter claimed in the patent-in-suit, U.S. Patent No. 4,912,815. The outside attorneys of record for the parties shall also cause their respective law firms to take all necessary steps to ensure that the firms' attorneys and employees (including patent agents) are apprised of and abide by the terms of this subparagraph;

      (c)    any person who is an author, addressee, or copy recipient of the designated document;

      (d)    outside consultants or independent non-party experts (each referred to herein as an "Expert") for the sole purpose of providing expert consultation or testimony in this action or otherwise to assist in the preparation of this action for trial, but such disclosure shall be subject to the requirements of Paragraphs 7(b) and 24 below;

      (e)    court reporting and deposition videography services and other third party vendors who provide jury consulting, document management, document copying, database, graphics or other litigation support services in connection with this action; and

      (f)    any other person as to whom the Producing Party agrees in writing, but such disclosure shall be subject to the requirements of Paragraphs 7(a) and 24 below.

      6.    "Confidential" Information - Permitted Disclosure. Information and things designated as "CONFIDENTIAL" by a Producing Party in accordance with Paragraph 1, shall not be disclosed, given, shown, made available or communicated in any way, directly or indirectly, by the Discovering Party to anyone other than the following persons (and then in accordance with the provisions of this Order, including paragraph 24 below):

      (a)    all of the persons and entities listed in Paragraph 5 to whom (or which) "HIGHLY CONFIDENTIAL" information may be disclosed; and

Case 1:05-cv-11605-RGS     Document 23     Filed 01/23/2006     Page 6 of 20
Case 1:05-cv-11605-RGS     Document 38-2     Filed 09/08/2006     Page 7 of 21
Case 1:05-cv-11605-RGS     Document 21-2     Filed 01/20/2006     Page 6 of 19

(b)     no more than three employees of a party to this action who are providing direct assistance to that party's attorneys of record in this litigation, and who have acknowledged adherence to the terms of this Stipulated Protective Order without objection or after Order of the Court following compliance with the procedures set forth in Paragraphs 7(a) and 24 below.

7.     <u>Requirements for Disclosure to Certain Designated Persons and Experts</u>.

(a)     Each individual to whom Confidential Information is to be disclosed pursuant to Paragraphs 5(d) and 6(b) above, shall acknowledge in writing prior to such disclosure, by signing the Confidentiality Undertaking attached hereto as Exhibit A; that he or she has been informed of this Stipulated Protective Order; that he or she has been provided with a copy thereof, that he or she fully understands and agrees to his or her obligations pursuant to this Stipulated Protective Order; that he or she fully understands that the intentional or willful violation of the terms of the Stipulated Protective Order may constitute contempt of court; that he or she fully understands that a violation of terms of the Stipulated Protective Order may subject him or her to civil damages and equitable relief; and that he or she consents to the personal jurisdiction of the United States District Court for the District of Massachusetts solely with respect to any proceeding for the enforcement of this Stipulated Protective Order, including any proceeding relative to a motion for contempt of court. Signed copies of such Confidentiality Undertakings shall be served on counsel for the Producing Party by the Discovering Party at least ten (10) days prior to such disclosure. It shall be the obligation of the Discovering Party and its counsel to obtain and maintain copies of such Confidential Undertakings.

6

Case 1:05-cv-11605-RGS    Document 23    Filed 01/23/2006    Page 7 of 20
Case 1:05-cv-11605-RGS    Document 38-2    Filed 09/08/2006    Page 8 of 21
Case 1:05-cv-11605-RGS    Document 21-2    Filed 01/20/2006    Page 7 of 19

If no objection to the disclosure is made by the Producing Party in writing and received by the Discovering Party within ten (10) days after service of the signed Confidential Undertakings of a specific individual, disclosure of Confidential Information to such individual by the Discovering Party may occur.

If the Producing Party objects to the proposed disclosure, whether in whole or in part, the Producing Party shall fully state the reason(s) for its objection(s) in writing at the time the objection is made. If the Producing Party objects to the proposed disclosure, the Parties shall meet-and-confer within ten (10) days in a good faith attempt to resolve any challenge on an expedited and informal basis. If the Parties are unable to resolve the dispute expeditiously and informally, the Producing Party shall apply for appropriate ruling(s) from the Court no later than 30 days after the service of its objections to the proposed disclosure. Failure to apply for appropriate ruling(s) from the Court in a timely fashion shall constitute waiver by the Producing Party of its objections and approval of the proposed disclosure.

Notwithstanding the Producing Party's obligation to seek appropriate ruling(s) from the Court, the party proposing to make the disclosure also may seek appropriate ruling(s) from the Court. No party shall oppose a motion made pursuant to this subparagraph on the ground that the motion is made on an expedited basis. While any such timely filed motion is pending, and during the interim between a timely filed objection and the timely filing of a corresponding motion, the party seeking to make the proposed disclosure shall refrain from so doing. The Producing Party shall bear the burden of demonstrating that disclosure of the Confidential Information to the proposed non-party expert or consultant would prejudice the Producing Party.

7

Case 1:05-cv-11605-RGS    Document 23    Filed 01/23/2006    Page 8 of 20
Case 1:05-cv-11605-RGS    Document 38-2    Filed 09/08/2006    Page 9 of 21

Case 1:05-cv-11605-RGS    Document 21-2    Filed 01/20/2006    Page 8 of 19

(b)    The following provisions shall apply to the disclosure of

Confidential Information to an Expert pursuant to Paragraphs 5(d) and 6(a) above:

(1)    Not less than ten (10) days prior to the disclosure of

Confidential Information to an Expert, the party contemplating such disclosure shall give

written notice to the Producing Party. The required Notice shall include at least the

following information: the full name and business address of the person to whom the

party proposes to make disclosure; the person's curriculum vitae, resume, or other

document identifying, at a minimum, the person's post-secondary educational degrees,

current employer and title/position, and any titled positions currently held by such person

with industrial or trade organizations; identification of each of the person's employers,

positions with such employers, and consulting clients over the preceding twenty (20)

years; and a list of the cases in which the Expert has testified at deposition, at a hearing,

or at trial within the preceding five (5) years. Identification of a person pursuant to this

subparagraph shall not, itself, give rise to a right to depose the person as an expert or

consultant.

(2)    Such Expert shall acknowledge in writing, by signing the

Confidentiality Undertaking attached hereto as Exhibit A, that he or she has been

informed of this Stipulated Protective Order, that he or she has been provided with a copy

thereof, and that he or she fully understands and agrees to his or her obligations pursuant

to this Stipulated Protective Order; that he or she fully understands and agrees to his or

her obligations pursuant to this Stipulated Protective Order; that he or she fully

understands that the intentional or willful violation of the terms of the Stipulated

Protective Order may constitute contempt of court; that he or she fully understands that a

8

Case 1:05-cv-11605-RGS     Document 23     Filed 01/23/2006     Page 9 of 20
Case 1:05-cv-11605-RGS     Document 38-2     Filed 09/08/2006     Page 10 of 21
Case 1:05-cv-11605-RGS     Document 21-2     Filed 01/20/2006     Page 9 of 19

violation of terms of the Stipulated Protective Order may subject him or her to civil

damages and equitable relief; and that he or she consents to the personal jurisdiction of

the United States District Court for the District of Massachusetts solely with respect to

any proceeding for the enforcement of this Stipulated Protective Order, including any

proceeding relative to a motion for contempt of court.. A copy of such Confidentiality

Undertaking shall be served on counsel for the Producing Party.

(3)     If the Producing Party does not object in writing within ten

(10) days after service of the written notice and Confidentiality Undertaking, disclosure of

the Confidential Information to such individual may occur. If the Producing Party objects

to the proposed disclosure, whether in whole or in part, the Producing Party shall fully

state the reason(s) for its objection(s) in writing at the time the objection is made. If the

Producing Party objects to the proposed disclosure, the Parties shall meet-and-confer

within ten (10) days in a good faith attempt to resolve any challenge on an expedited and

informal basis. If the Parties are unable to resolve the dispute expeditiously and

informally, the Producing Party shall apply for appropriate ruling(s) from the Court no

later than 30 days after the service of its objections to the proposed disclosure. Failure to

apply for appropriate ruling(s) from the Court in a timely fashion shall constitute waiver

by the Producing Party of its objections and approval of the proposed disclosure.

Notwithstanding the Producing Party's obligation to seek appropriate

ruling(s) from the Court, the party proposing to make the disclosure also may seek

appropriate ruling(s) from the Court. No party shall oppose a motion made pursuant to

this subparagraph on the ground that the motion is made on an expedited basis. While

any such timely filed motion is pending, and during the interim between a timely filed

9

Case 1:05-cv-11605-RGS    Document 23    Filed 01/23/2006    Page 10 of 20
Case 1:05-cv-11605-RGS    Document 38-2    Filed 09/08/2006    Page 11 of 21
Case 1:05-cv-11605-RGS    Document 21-2    Filed 01/20/2006    Page 10 of 19

objection and the timely filing of a corresponding motion, the party seeking to make the proposed disclosure shall refrain from so doing. The Producing Party shall bear the burden of demonstrating that disclosure of the Confidential Information to the proposed non-party expert or consultant would prejudice the Producing Party.

(c)     All individuals to whom Confidential Information is to be disclosed shall be instructed that Confidential Information may not be used other than in the prosecution or defense of this litigation, and may not be disclosed to anyone other than those persons authorized by this Stipulated Protective Order. Counsel for all parties other than the Producing Party shall take reasonable steps to ensure adherence to the terms and conditions of this Stipulated Protective Order by their respective employees.

8.     Non-Testifying Experts. To the extent a designated individual to whom Confidential Information may be disclosed pursuant to subsections 5(d) and 6(a) of this Stipulated Protective Order is or may be a non-testifying Expert consulted by counsel, the following provisions are applicable:

(a)     No party will be deemed to have waived any work-product privilege by disclosing the name of a non-testifying Expert to whom counsel intends to show Confidential Information.

(b)     No non-testifying Expert disclosed pursuant to subsection 7(b) will be subject to deposition or subpoena as a witness at trial based solely on the fact that he/she was the subject of such disclosure. This provision is not intended to preclude the deposition or trial testimony of any individual whom a party believes in good faith has pre-existing independent knowledge of facts relevant to the case.

(c)     The identity of a non-testifying Expert disclosed pursuant to

10

Case 1:05-cv-11605-RGS    Document 23    Filed 01/23/2006    Page 11 of 20
Case 1:05-cv-11605-RGS    Document 38-2    Filed 09/08/2006    Page 12 of 21
Case 1:05-cv-11605-RGS    Document 21-2    Filed 01/20/2006    Page 11 of 19

subsection 7(b) may be disclosed to counsel and employees of the opposing party or parties only to the extent necessary to determine if an objection to the proposed disclosure is warranted.

      (d)    Nothing in this Paragraph is intended to limit discovery of or with regard to Experts who produce reports in this case in anticipation of testifying at trial.

      9.    <u>Designation of Interrogatory Answers or other Written Discovery Responses</u>. In the case of interrogatory answers or other written discovery responses disclosing Confidential Information, designation shall be made by placing the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" on each page of such answer in the same manner as the underlying documents or information, or next to the case caption on the face page of such answer designating those portions of the answer which are "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL".

      10.    <u>Designation of Deposition Testimony</u>. For depositions taken in this litigation, a party may designate testimony as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" by so advising the court reporter during the course of that testimony for which "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" treatment is desired, or by so advising opposing counsel in writing within twenty (20) days of receipt of the transcript. Until such twenty (20) days have expired, the entire transcript shall be treated as having been designated "HIGHLY CONFIDENTIAL." The designating party shall have the right to exclude from portions of a deposition, before the taking of testimony which the designating party designates as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" and subject to this Protective Order, all persons other than those persons previously qualified to receive such information pursuant to Paragraphs 5 and 6.

11

Case 1:05-cv-11605-RGS    Document 23    Filed 01/23/2006    Page 12 of 20
Case 1:05-cv-11605-RGS    Document 38-2    Filed 09/08/2006    Page 13 of 21
Case 1:05-cv-11605-RGS    Document 21-2    Filed 01/20/2006    Page 12 of 19

11.     Designation of Documents Filed in Court.

(a)     Any discovery papers, including deposition transcripts, exhibits or other documents, and any court documents such as briefs or motions, to be filed with the Court and that include Confidential Information shall be sealed in an envelope and accompanied by a cover sheet that includes the following: (i) the caption of the case, including the case number; and (ii) the title "RESTRICTED DOCUMENT PURSUANT TO PROTECTIVE ORDER."

(b)     The Parties agree to strictly follow and adhere to the requirements of Rule 7.2 of the Local Rules of this Court with regard to the filing in Court in this litigation of motions to impound or seal Confidential Information, and the filing in Court of Confidential Information sought to be impounded or sealed by the moving party.

12.     Use and Disclosure of Confidential Information.

(a)     Confidential Information produced by a party may be utilized in examining or cross-examining any witness in deposition who is either a current employee of the party producing such Confidential Information, or a representative of that same party.

(b)     Confidential Information produced by a party may be utilized in examining or cross-examining any witness in deposition who is a former employee of the party producing such Confidential Information, so long as the witness is either authorized to see the Confidential Information under Paragraphs 5 or 6, or was (either at the time of the creation of the Confidential Information or the commencement of this action) employed by the Producing Party and reasonably likely to have had prior legitimate access to the document or the information contained therein, during his or her

12

Case 1:05-cv-11605-RGS    Document 23    Filed 01/23/2006    Page 13 of 20
Case 1:05-cv-11605-RGS    Document 38-2    Filed 09/08/2006    Page 14 of 21
Case 1:05-cv-11605-RGS    Document 21-2    Filed 01/20/2006    Page 13 of 19

employment with the Producing Party.

(c)     Nothing in this Stipulated Protective Order shall preclude any Party or its counsel of record from disclosing or using, in any manner or for any purpose, any information or documents from the party's own files which the party itself has designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

13.     Disclosure at Trial. This Stipulated Protective Order is intended to facilitate discovery and pretrial preparation (including the designation of trial witnesses and trial exhibits) by protecting from disclosure Confidential Information produced in this case during the pretrial phases of the litigation. This Order does not concern the protection of Confidential Information during a trial in this matter. Prior to trial of this matter, counsel for the parties shall attempt to reach agreement on the handling of information, documents and things designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" at trial, and shall submit such agreement, or proposals if no agreement can be reached, to the Court for consideration. Pending such Court ruling, the obligations and restrictions herein shall continue.

14.     Limitations on Restrictions. The restrictions of this Stipulated Protective Order shall not apply to any Confidential Information which in the future (i) is deemed (either by agreement of the parties or by order of the Court) to be no longer entitled to protection under this Order, (ii) is made known to the Discovering Party on a non-confidential basis by the Producing Party, or (iii) which is otherwise subsequently and lawfully made known to the Discovering Party on any basis by any source other than the Producing Party, which source is completely independent of the Discovering Party; further, said restrictions shall not apply to any information which the Discovering Party

13

Case 1:05-cv-11605-RGS    Document 23    Filed 01/23/2006    Page 14 of 20
Case 1:05-cv-11605-RGS    Document 38-2    Filed 09/08/2006    Page 15 of 21
Case 1:05-cv-11605-RGS    Document 21-2    Filed 01/20/2006    Page 14 of 19

shall establish was already lawfully known to it at the time of disclosure, or has been or

becomes a matter of public knowledge, or publicly available, subsequent to disclosure

through no act or fault of the Discovering Party, or any agent or representative of said

party.

15.    Prohibited Use of Confidential Information.  Subject to the provisions of

Paragraph 14, regardless of the classification of document and things as

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," any Confidential Information

produced by either party in connection with this litigation, and any information contained

therein, may not be used by a Discovering Party for any reason other than the prosecution

or defense of this litigation, without the prior, express written consent of the Producing

Party.  By way of example and not of limitation, a Discovering Party may not use

Confidential Information of a Producing Party in connection with business or marketing

efforts, or any press releases, press announcements, or news conferences, without the

prior, express written consent of the Producing Party.

16.    Limited Intent of Protective Order.  It is not the intention of this Stipulated

Protective Order to deal with any discovery objection to produce, answer or respond,

including those on the grounds of attorney-client privilege or work product doctrine, or to

preclude any party from seeking further relief, modification of this Stipulated Protective

Order, or additional protective orders from the Court as may be appropriate under the

Federal Rules of Civil Procedure or the Court's Local Rules.

17.    Challenging a Designation.  At any time, the Discovering Party may notify

the Producing Party, in writing, of an objection to the designation of certain information,

documents or things by identifying each document or thing which the Party contends is

14

Case 1:05-cv-11605-RGS    Document 23    Filed 01/23/2006    Page 15 of 20
Case 1:05-cv-11605-RGS    Document 38-2    Filed 09/08/2006    Page 16 of 21
Case 1:05-cv-11605-RGS    Document 21-2    Filed 01/20/2006    Page 15 of 19

not protectable as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" and stating why
it believes each document or thing is not protectable. No later than ten days after the
Producing Party's receipt of such Notice, the Parties shall meet and confer in a good faith
attempt to resolve any challenge on an expedited and informal basis. If the parties are
unable to reach an agreement on the disputed confidentiality designation, the Discovering
Party may apply to the Court for an Order removing such designation, and the Producing
Party shall respond with its reasons for making the designation. The party claiming
confidentiality bears the burden of establishing the confidential nature of the information.

18.    Inadvertent Disclosure. Information produced without the designation of
"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" may be so designated subsequent
to production if the Producing Party provides replacement materials bearing appropriate
designations and notifies the Discovering Party promptly after becoming aware of same
that the Producing Party failed to make such designation at the time of production. Upon
receipt of any such re-designation, the Discovering Party promptly shall collect all copies
of the documents and either (a) return them to the Producing Party or (b) certify in writing
that they have been destroyed.

19.    Termination of This Action. Subject to the provisions of Paragraph 14,
this Stipulated Protective Order, insofar as it restricts the dissemination and use of
Confidential Information, shall continue to be binding throughout and after the
conclusion of this litigation, including any appeals. Within sixty (60) days after final
disposition of this litigation, including all appeals therefrom, all Confidential Information,
copies of Confidential Information, and all excerpts therefrom, in the possession, custody
or control of the parties other than the Producing Party shall be verified as destroyed or

15

Case 1:05-cv-11605-RGS     Document 23     Filed 01/23/2006     Page 16 of 20
Case 1:05-cv-11605-RGS     Document 38-2     Filed 09/08/2006     Page 17 of 21
Case 1:05-cv-11605-RGS     Document 21-2     Filed 01/20/2006     Page 16 of 19

returned to counsel for the Producing Party. Notwithstanding the foregoing, outside counsel for each Party shall be entitled to retain one complete and unredacted set of all filings, court papers, deposition and trial transcripts, deposition and trial exhibits, and attorney work product (regardless of whether such materials contain or reference Confidential Information for archival records), provided that such outside counsel, and employees and agents of such outside counsel, shall not use or disclose any Confidential Information contained or referenced in such materials to any person except pursuant to court order or agreement with the Producing Party. The Court retains exclusive jurisdiction subsequent to settlement or entry of judgment to enforce the terms of this Protective Order.

20.     Providing Legal Advice.  Subject to the provisions of Paragraph 3, nothing in this Stipulated Protective Order shall bar or otherwise restrict any outside counsel or persons who are employed as in-house counsel for a party from discussing this action and/or rendering legal advice to his or her client with respect to this litigation and, in the course thereof, relying upon his or her examination of Confidential Information, provided, however, that in rendering such advice and in otherwise communicating with his or her client, such person shall not make any disclosure of Confidential Information to any person not entitled to have access to it. The provisions of this Stipulated Protective Order shall survive the termination of this litigation.

21.     Recall of Inadvertently Produced Privileged Information.  The inadvertent or unintentional disclosure by a Producing Party of information subject to a claim of attorney-client privilege or work product immunity shall not be deemed a waiver in whole or in part of the claim of privilege or work product immunity, either as to the specific

16

Case 1:05-cv-11605-RGS    Document 23    Filed 01/23/2006    Page 17 of 20
Case 1:05-cv-11605-RGS    Document 38-2    Filed 09/08/2006    Page 18 of 21
Case 1:05-cv-11605-RGS    Document 21-2    Filed 01/20/2006    Page 17 of 19

information disclosed or as to any other information relating thereto. If a Producing Party

has inadvertently produced or disclosed documents or information subject to a claim of

immunity or privilege, the Discovering Party, upon written request, shall promptly return

the inadvertently produced documents and information, and all copies thereof that may

have been made. A party returning such information may move the Court for an order

compelling production of such information:  (1) on grounds other than waiver by its

earlier production, or (2) on grounds that the Producing Party did not act promptly to

request return of the documents subject to a claim of privilege upon discovering the

inadvertent production and that return of the documents would unfairly prejudice the

Discovering Party. If upon receipt of a written request to return allegedly inadvertently

produced material subject to a claim of privilege, the Discovering Party notifies the

Producing Party in writing of its intent to file a motion on either ground above, the

Discovering Party shall retain the right to keep one (1) copy of the disputed document(s)

solely for purposes of filing the motion and may make no further use of the documents

until the motion is decided by the Court.

22.    Other Proceedings. By entering this Stipulated Protective Order and

limiting the disclosure of information in this action, the Court does not intend to preclude

another court from finding that information disclosed in this action may be relevant and

subject to discovery in another action. Any person or party subject to this Stipulated

Protective Order who may be subject to a subpoena, motion, or court order in another

action to disclose information that is designated by another party as "CONFIDENTIAL"

or "HIGHLY CONFIDENTIAL" in this action shall promptly notify that other party in

writing of the subpoena, motion, or court order so that that other party may have an

17

Case 1:05-cv-11605-RGS    Document 23    Filed 01/23/2006    Page 18 of 20
Case 1:05-cv-11605-RGS    Document 38-2    Filed 09/08/2006    Page 19 of 21
Case 1:05-cv-11605-RGS    Document 21-2    Filed 01/20/2006    Page 18 of 19

opportunity, prior to disclosure of the Confidential Information, to appear and be heard in that other action on whether such Confidential Information should be disclosed.

23.  Amendments to this Order. This Order is without prejudice to the right of any party to seek amendment of this Order, or to otherwise seek relief from the Court, upon good cause shown, from any of the provisions contained hereof.

24.  Export Control. It is understood and acknowledged that the export of certain technical data is subject to United States laws and regulations controlling the export of such technical data, including all Export Administration Regulations of the United States Department of Commerce. These laws and regulations, among other things, prohibit or require a license for the export of certain types of technical data to certain specified countries. The Parties hereby agree and gives written assurances that they will comply with all United States laws and regulations controlling the export of technical data.

Case 1:05-cv-11605-RGS    Document 23    Filed 01/23/2006    Page 19 of 20
Case 1:05-cv-11605-RGS    Document 38-2    Filed 09/08/2006    Page 20 of 21

Case 1:05-cv-11605-RGS    Document 21-2    Filed 01/20/2006    Page 19 of 19

25.    Days. All references to "days" in this Stipulated Protective Order shall be

construed as calendar days, unless otherwise specifically indicated.

DONE AND ORDERED THIS _23ᴰ_ day of _January_ , 2006.

_____
UNITED STATES DISTRICT COURT JUDGE

SO STIPULATED:

| Date: January 20, 2006 | Date: January 20, 2006 |
|---|---|
| | |
| Stephen R. Delinsky (BBO # 119120)<br>Erik J. Frick (BBO # 553336)<br>ECKERT SEAMANS<br>  CHERIN & MELLOTT LLC<br>One International Place<br>Boston, Massachusetts 02110<br>(617) 342-6800 (telephone)<br>(617) 342-6899 (fax) | Daniel C. Winston (BBO # 562209)<br>Mark S. Freeman (BBO # 636290)<br>Stacy L. Blasberg (BBO # 657420)<br>CHOATE, HALL & STEWART LLP<br>Two International Place<br>Boston, Massachusetts 02110<br>(617) 248-5000 (telephone)<br>(617) 248-4000 (fax) |
| David C. Kiernan (admitted *pro hac vice*)<br>John L. Cuddihy (admitted *pro hac vice*)<br>WILLIAMS & CONNOLLY LLP<br>725 Twelfth Street, N.W.<br>Washington, DC 20005<br>(202) 434-5000 (telephone)<br>(202) 434-5029 (fax) | |
| Attorneys for Defendants Tyco Electronics Corp., Tyco Telecommunications (US) Inc., and Transoceanic Cable Ship Company, Inc. | Attorneys for Plaintiff Global Marine Systems Limited |

Case 1:05-cv-11605-RGS    Document 23    Filed 01/23/2006    Page 20 of 20
Case 1:05-cv-11605-RGS    Document 38-2    Filed 09/08/2006    Page 21 of 21

Case 1:05-cv-11605-RGS    Document 21-3    Filed 01/20/2006    Page 1 of 1

## EXHIBIT A

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| GLOBAL MARINE SYSTEMS LIMITED, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 05-11605-RGS |
| | ) | |
| TYCO ELECTRONICS CORPORATION, | ) | |
| TYCO TELECOMMUNICATIONS (U.S.) | ) | |
| INC., TRANSOCEANIC CABLE SHIP CO. INC., | ) | |
| | ) | |
| Defendants. | ) | |

### CONFIDENTIALITY UNDERTAKING

I certify that I have received and read the Stipulated Protective Order in the above-captioned case and that I fully understand and will abide by its terms. I recognize that I am bound by its terms, and that an intentional or willful violation of its terms may accordingly constitute contempt of court. I hereby consent to the personal jurisdiction of the United States District Court for the District of Massachusetts, for purposes of enforcement of the Stipulated Protective Order.

EXECUTED this _____ of _____ 200__, at _____.


_____
Name

_____
Affiliation

_____
Address

20

4012141v1