IN THE UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GLOBAL MARINE SYSTEMS LIMITED,<br><br>Plaintiff,<br><br>v.<br><br>TYCO TELECOMMUNICATIONS (U.S.) INC., TRANSOCEANIC CABLE SHIP CO. INC.,<br><br>Defendants. | Case No.:  05-11605 RGS |

### PLAINTIFF'S OPPOSITION TO DEFENDANTS' RESPONSE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 56(f)

GLOBAL MARINE SYSTEMS LIMITED,

By its attorneys,

Eric J. Marandett (BBO #561730)
Daniel C. Winston (BBO #562209)
Mark S. Freeman (BBO #636290)
Stacy L. Blasberg (BBO #657420)
CHOATE, HALL & STEWART LLP
Two International Place
Boston, MA 02110
Telephone:  (617) 248-5000

Global Marine Systems Limited ("Global Marine") hereby files this Opposition to Defendants Tyco Telecommunications (U.S.) Inc.'s and Transoceanic Cable Ship Co. Inc.'s (collectively, "Tyco") request pursuant to Rule 56(f). Tyco's Rule 56(f) request is insufficient to avoid summary judgment and is a red herring designed solely to delay the inevitable: a finding that Tyco's armored Millennia Joints infringe U.S. Patent No. 4,912,815 ("the '815 patent"). Tyco does not contend that it needs further discovery to rebut the *factual* underpinnings of Global Marine's Motion for Partial Summary Judgment of Infringement. Rather, Tyco seeks discovery solely on the issue of claim construction, *an issue that is a matter of law for the Court to decide.* As Tyco well knows, the Federal Circuit has explicitly rejected such grounds as a basis for a Rule 56(f) request: "[s]ince claim construction is a legal issue, we doubt that an asserted need for additional discovery on claim construction issues provides a good ground for a Rule 56(f) motion." Exigent Tech., Inc. v. Atrana Solutions, Inc., 442 F.3d 1301, 1311 (Fed. Cir. 2006). The fact that Tyco has even brought this motion in light of Exigent highlights how desperately Tyco continues to try to find any possible means to put off an inevitable finding of infringement.

In its request, Tyco contends that it needs discovery from (i) the inventor of the patent, and (ii) Global Marine's expert, to rebut Global Marine's claim construction contentions. Yet, such claim construction discovery cannot create a dispute of fact sufficient to support a Rule 56(f) motion or avoid summary judgment. Moreover, even on claim construction issues Tyco has failed to allege any specific evidence it might hope to procure which would rebut or contest Global Marine's proposed constructions. Indeed, Tyco's purported claim construction discovery, even were it beneficial to Tyco, would constitute nothing more than extrinsic

evidence of claim meaning entitled to insufficient weight to defer summary judgment based upon a plain reading of the '815 patent.

Having not challenged any of the factual underpinnings of Global Marine's motion, Tyco cannot demonstrate the necessary utility or materiality of the requested discovery to avoid summary judgment. Nor, given Tyco's repeated delay tactics and the history of this case, can Tyco demonstrate that it has good cause for its request at this juncture. As a result, this Court should delay resolution of infringement no further. Tyco has had every opportunity to refute the factual basis for Global Marine's motion. Given that it has not done so, nor does it even seek to take discovery on issues that might lead to a disputed issue of material fact, this Court should issue an order: denying the Rule 56(f) request, granting Global Marine's summary judgment motion, and entering summary judgment of infringement against Tyco.

## FACTS

### I. Introduction

On August 1, 2005, Global Marine filed suit accusing Tyco's armored Millennia Joints of infringing the '815 patent. Tyco's Millennia Joints contain clamp assemblies which, in all material respects, are identical to the clamps claimed and illustrated in the '815 patent. (Global Marine's Memo. in Supp. Mot. Summ. J., pp. 5-7). From the inception of this case, therefore, it appeared to Global Marine as if infringement would not be an issue.

Indeed, at the March 21, 2006 scheduling conference, Tyco focused virtually all of its comments on its affirmative defenses rather than on any contention of non-infringement. As a result, the Court asked the parties to determine whether infringement would be in dispute so that the Court would know if it would be necessary to schedule a Markman hearing. Tyco's counsel stated that he "did not disagree" with the proposition that the case could be resolved without a

Markman hearing. (Freeman Decl. Exs. 14 and 16).[1] Yet, Tyco has done nothing but attempt to avoid and complicate the issue of infringement simply by delaying discovery on its accused products and its non-infringement contentions. The reasons for Tyco's delays are clear: Tyco simply has no material defense to infringement. Its strategy, instead, has been to postpone such a finding as long as possible. This strategy should not be tolerated, and this Court should pare down the issues in this case to those that are truly in dispute.

## II.     Global Marine's Attempts to Get Infringement Discovery from Tyco

On August 1, 2005, Global Marine filed suit accusing Tyco's armored Millennia Joints of infringing the '815 patent. On October 24, 2005, several months before this Court's initial scheduling conference, Global Marine served interrogatories on Tyco. (Freeman Decl. Ex. 1). Interrogatory No. 2 sought the basis for Tyco's stated contention (in its September 23, 2005 Answer) that its Millennia Joints and other clamp assemblies did not infringe the '815 patent. (Id.). Global Marine sought a claim chart listing, on an element-by-element basis, the claim elements Tyco contended were and were not covered by its Millennia Joint and other clamp assemblies. (Id.). Also on October 24, 2005, Global Marine served a set of document requests upon Tyco seeking the specifications for Tyco's clamp assemblies, including those in its Millennia Joints. (Freeman Decl. Ex. 2).

On December 7, 2005, after obtaining Global Marine's consent for an extension, Tyco served its responses. (Freeman Decl. Ex. 3). Tyco refused to answer Global Marine's Interrogatory No. 2 relating to Tyco's non-infringement defense, unless and until Global Marine provided both (i) a specific list of the claims it accused Tyco of infringing; and (ii) the specific products that it believed were covered by the '815 patent (although Tyco's Millennia Joint had

---

[1] "Freeman Decl." refers to the Declaration of Mark S. Freeman filed herewith.

3

been named in the Complaint). (Id. p. 7). On December 8, 2005, the very next day, Global Marine furnished Tyco with a claim chart listing the claims it asserted were infringed by Tyco's Millennia Joint and the reasons why. (Freeman Decl. Ex. 4).

Despite receiving the requested information, Tyco did not supplement its response. Therefore, on January 13, 2006, Global Marine wrote to Tyco asking for an interrogatory answer. (Freeman Decl. Ex. 5). Tyco agreed to provide one but not until February 10, 2006. (Freeman Decl. Ex. 6). Also on January 13, and then again on January 27, 2006, Global Marine wrote to Tyco seeking a date for receipt of Tyco's documents. (Freeman Decl. Exs. 5 and 7). Global Marine specifically requested that Tyco produce, with its first round of documents, engineering and technical specifications relating to its Millennia Joints. (Freeman Decl. Ex. 7). Tyco responded that it would not commence its production until March 1, 2006. (Freeman Decl. Ex. 8).

On February 10, 2006, Tyco supplemented its answer to Interrogatory No. 2 by proffering just two non-infringement contentions (one of which dealt solely with claims 22 and 23 and not any of the other asserted claims). (Freeman Decl. Ex. 9). Tyco, however, failed to provide a claim chart as mandated by Global Marine's request and failed to identify any documents to back up its non-infringement contentions. (Id.). That same day, Global Marine then wrote to Tyco asking for at least the documents that supported its non-infringement contentions: "at a minimum, Tyco should be able to immediately produce the technical documents supporting its supplemental responses to Plaintiff's First Set of Interrogatories, which you served today." (Freeman Decl. Ex. 10). On February 21, 2006, Global Marine also wrote to Tyco requesting the claim chart asked for in Interrogatory No. 2. (Freeman Decl. Ex. 11).

4

On March 9, 2006, having received neither further interrogatory answers nor any documents describing the precise technical specifications of Tyco's Millennia Joints, Global Marine met and conferred with Tyco by telephone. (Freeman Decl. Ex. 12). Tyco stated that specifications for its Millennia Joint would be forthcoming and that it would not supplement its answer to Interrogatory No. 2 until Global Marine identified specific infringing Millennia Joint models from Tyco's documents. (Freeman Decl. Exs. 12 and 13). As would later become apparent, Tyco was merely playing games: Tyco knew all along that all of its armored Millennia Joints have the <u>same</u> fundamental armor clamp specification. Therefore, Tyco was perfectly capable of providing a full and complete answer to Interrogatory No. 2 at that time, and it had been from inception of the case. Nevertheless, Tyco continued to insist that Global Marine identify specific model numbers of the Millennia Joint containing infringing armor clamp assemblies before it would provide an interrogatory answer. And, at the same time, it continued to withhold documents detailing the specifications for such models to prevent Global Marine from complying with its request.[2]

Against this backdrop, on March 21, 2006, the Court held a scheduling conference. The Court asked the parties several questions concerning whether infringement would be an issue necessitating a Markman hearing. Tyco's counsel stated that he "did not disagree" with the proposition that a Markman hearing might not be necessary. (Freeman Decl. Exs. 14 and 16). In its Scheduling Order, the Court thus "request[ed] counsel to give advance notice to the Court if the case should go in the direction of a possible Markman hearing" but also set a tentative

---

[2] The first time that Tyco produced any engineering drawings of its armored Millennia Joints was on March 17, 2006. (Freeman Decl. ¶24 and Ex. 22). Yet, even these documents did not constitute the full set of technical drawings of Tyco's joints.

5

August 25, 2006 date for the parties to file opening Markman briefs just in case.[3] (Electronic Clerk's Notes for proceedings held before Judge Richard G. Stearns: Scheduling Conference held on 3/21/2006.)

With the Court's directive in mind, Global Marine wrote to Tyco on March 23, 2006, to ask "one last time" whether Tyco would provide the requested discovery regarding Tyco's products and non-infringement contentions. (Freeman Decl. Ex. 14). To move matters along, Global Marine provided Tyco with a list of all armored versions of the Millennia Joint of which it was aware but also stated that it was accusing all models of the Millennia Joint with an armor clamp assembly of infringement. (Freeman Decl. Exs. 14 and 15). After further gamesmanship and upon threat of a motion to compel, on April 5, 2006 Tyco finally produced the remainder of its engineering drawings depicting the specifications of Tyco's armored Millennia Joints and confirmed that *the same fundamental set of specifications was sufficient to describe all models of the armored Millennia Joint.* (Freeman Decl. ¶ 24 and Exs. 16 and 17). Tyco further confirmed that it was not aware of any additional armored joints other than those Millennia Joint models identified by Global Marine. (Id.). Tyco also finally agreed to supplement its response to Interrogatory No. 2 by April 20, 2006. (Id.). Tyco then sought yet another extension to provide its non-infringement contention and did not actually supplement its interrogatory answer until April 28, 2006. (Freeman Decl. Exs. 18 and 19).

### III. Global Marine Moved for Partial Summary Judgment of Infringement

Thus, by the end of April 2006, over six months after Global Marine initially sought Tyco's contentions and documents, Tyco finally complied with its discovery obligations and provided (i) a complete set of specifications, which apply universally to *all* versions of the

---

[3] The Court subsequently granted the parties' August 9, 2006 joint motion extending the time to file opening Markman briefs to October 20, 2006. (Electronic Endorsement of Judge Richard G. Stearns Granting Motion for Extension of Time, August 10, 2006).

armored Millennia Joint; and (ii) a claim chart listing its minimal non-infringement contentions. These documents reveal that there are no factual issues governing the characteristics of Tyco's accused devices, and only a few rudimentary claim construction issues necessary to resolve infringement. Consequently, on July 26, 2006, Global Marine moved for partial summary judgment. Global Marine's motion was supported by an affidavit from Malcolm Marten, an expert in Mechanical Engineering, who provided background on the use of the invention and opined on certain issues of claim construction. (Global Marine had disclosed its retention of Malcolm Marten to Tyco on May 1, 2006.)

Tyco's opposition to the motion was due on August 9, 2006. On August 3, 2006, however, Tyco requested an extension and Global Marine ultimately agreed that Tyco could have until August 25 to file an opposition. (Defendants' Assented-To Motion for Enlargement of Time, Docket No. 33, 8/9/2006). On August 22, 2006, just three days before Tyco's opposition was due, Tyco wrote a letter to Global Marine's counsel seeking, for the first time, to take Malcolm Marten's deposition and to obtain all documents relating to Mr. Marten's work. (Freeman Decl. Ex. 20). Then, on August 25, 2006, rather than file an opposition to the summary judgment motion, Tyco filed a Rule 56(f) request arguing that it needed discovery from Mr. Marten and Peter Jenkins, the inventor of the '815 patent, solely on the issue of claim construction. Tyco had never before told Global Marine that it believed it needed discovery from Messrs. Marten or Jenkins to respond to Global Marine's motion (nor does Tyco's Rule 56(f) request actually dispute any of Mr. Marten's statements with respect to claim construction). Nor did Tyco ever tell Global Marine (even when negotiating an extension of time to respond) that it planned not to oppose the motion but to file a request under Rule 56(f).[4]

---

[4] On August 30, 2006, just one week after receiving Tyco's letter seeking discovery from Mr. Marten, Global Marine produced documents relating to his work and told Tyco that it was prepared to discuss dates for Mr.

7

Tyco's motion lacks any showing of materiality or utility, and Tyco's failure diligently to pursue discovery while also withholding relevant discovery of its own demonstrates a lack of good cause for relief under Rule 56(f). For these reasons and the reasons given below, this Court should deny Tyco's Rule 56(f) request, find that there are no material facts in dispute, and grant Global Marine's Motion for Partial Summary Judgment of Infringement.

## ARGUMENT

### I. The Rule 56(f) Standard

To seek relief under Rule 56(f), an applicant must meet five requirements:

> (1) *authoritativeness* i.e. an attorney under pain of Rule 11 sanctions or a party must submit the request; (2) *timeliness* i.e. the request should be made within a reasonable time following the summary judgment motion; (3) *good cause* i.e. the party must demonstrate good cause for failing to conduct the discovery previously; (4) *utility* i.e. there must be a plausible basis to believe that discoverable materials exist that would likely raise a genuine issue of material fact; and (5) *materiality* i.e. the requested discovery materials must be material to the legal dispute at the heart of the summary judgment motion.

Vazquez Gonzalez v. K-Mart Corp., 940 F. Supp. 429, 430-31 (D.P.R. 1996) (citing Resolution Trust Corp. v. North Bridge Assocs., Inc., 22 F.3d 1198, 1203 (1st Cir. 1994)) (emphasis in original). While such motions are generally treated liberally, the Court need not do so if "the movant has been dilatory, or the court reasonably concludes that the motion is a stalling tactic or an exercise in futility." Resolution Trust Corp. v. North Bridge Assocs., Inc., 22 F.3d 1198, 1203 (1st Cir. 1994); see also Vazquez Gonzalez, 940 F. Supp. at 431 (Rule 56(f) requests may be denied if "the party has been dilatory in conducting discovery or the motion is really a wolf

---

Marten's deposition. (Freeman Decl. Ex. 21). Global Marine's compliance with Tyco's last minute request, however, does not mean that Global Marine believes discovery from Mr. Marten, or even Mr. Jenkins, is in any way relevant to the factual issues at the heart of Global Marine's motion. Notably, to date, Global Marine has not heard back from Tyco regarding the scheduling of Mr. Marten's deposition nor has it received any subpoena for Mr. Jenkins' deposition.

8

draped in sheep's clothing to delay the litigation in the case"). In short, "[a] Rule 56(f) request . . . can not save a nonmovant from losing the motion [for summary judgment] if there is no genuine issue of material fact in dispute and the moving party is entitled to judgment as a matter of law. In such cases, the request only forestalls the inevitable." Id.

Tyco's motion is nothing more than a delay tactic designed to forestall the inevitable. Tyco has repeatedly tried to hinder Global Marine's efforts to establish infringement, even though Tyco has known that it has no meritorious defense. In the face of clear Federal Circuit authority stating that discovery into claim construction issues is not a valid justification for a Rule 56(f) motion, Tyco nevertheless filed its motion on exactly those grounds. Not until three days before its opposition to the motion was due (and nearly a month after Global Marine's motion was filed) did Tyco even try to get the discovery that it now seeks. Because Tyco has utterly failed to show materiality, utility, or good cause, its request must be denied.

## II.    Tyco Cannot Show Materiality or Utility

To succeed on its Rule 56(f) motion, Tyco must show that there is "a plausible basis to believe that discoverable materials exist *that would likely raise a genuine issue of fact*" and that the discovery is "material to the legal dispute at the heart of the summary judgment motion." Vazquez Gonzalez, 940 F. Supp. at 431 (emphasis added). Tyco has failed utterly to make that showing.

By its own admission, Tyco seeks discovery from Messrs. Marten and Jenkins not to rebut any of the factual issues raised by Global Marine in its motion, but rather to help Tyco with the *legal* issue of claim construction:

- "[T]he sought discovery is *material* to the *claim construction issues* that lie at the heart of Plaintiff's Motion." Defendants' Response Pursuant to Federal Rule of Civil Procedure 56(f) at 7 (first emphasis in original, second emphasis added).

9

- "Specifically, Defendants need to take document and deposition discovery from Mr. Marten and the named inventor of the '815 Patent, Mr. Peter Jenkins. . . . Messrs. Marten and Jenkins are sources of extrinsic evidence relevant to the claim construction issues presented in Plaintiff's Motion." Affidavit of John L. Cuddihy Pursuant to Federal Rule of Civil Procedure 56(f), ¶ 6.

This is an improper basis for making a Rule 56(f) request, as claim construction is a matter of law for the Court to decide. See Vitronics Corp. v. Conceptronic, Inc., 90 F.3d 1576, 1582 (Fed. Cir. 1996). The most pertinent information relating to how the Court should interpret the claims is the intrinsic record, consisting of the patent claims, the specification, and the prosecution history. See id. Extrinsic evidence, such as expert or inventor testimony, is of much lesser value, and the court has discretion in deciding even whether to accept it. See Markman v. Westview Instruments, Inc., 52 F.3d 967, 980-81 (Fed. Cir. 1995). As such, a Rule 56(f) request cannot be based on the desired need to gather more extrinsic evidence on claim construction.

The Federal Circuit's recent decision in Exigent Technology is directly on point. Exigent, the owner of a patent directed to a transaction processing system, sued Atrana Solutions for infringement. Atrana filed a motion for summary judgment of non-infringement, arguing that its systems did not contain certain claim limitations of the patent in suit. Exigent requested two extensions of time to respond to the motion. The district court granted Exigent's request, essentially giving Exigent a full month to respond to the motion (the same time period that Tyco has had to respond to Global Marine's motion). Yet instead of filing an opposition to the motion, Exigent filed a motion under Rule 56(f) seeking more time to complete discovery. The district court denied Exigent's Rule 56(f) request and entered summary judgment in favor of Atrana, finding that there was no evidence that Atrana had infringed Exigent's patent. 442 F.3d at 1303-05.

On appeal, the Federal Circuit affirmed the denial of Exigent's Rule 56(f) request. The Court stated that "[a] Rule 56(f) motion must demonstrate, with particularity, what *facts* the

10

movant hopes to obtain by discovery and *how these facts will raise a genuine issue of fact.*" 442 F.3d at 1310 (emphasis added). Exigent argued that it needed time to complete expert discovery so that it could challenge Atrana's claim constructions. The Federal Circuit, however, flatly rejected that argument:

> [W]e conclude that the district court could properly deny the Rule 56(f) motion insofar as it was based on the need for expert discovery. Exigent made an insufficiently detailed showing of need for such discovery with respect to the issue of infringement. Since the district court has discretion regarding whether to receive such expert testimony, and claim construction is a legal issue, *we doubt that an asserted need for additional discovery on claim construction issues provides a good ground for a Rule 56(f) motion.*

Id. at 1311 (emphasis added) (internal citations omitted); cf. United States Cellular Investment Co. of Los Angeles v. GTE Mobilnet, Inc., 281 F.3d 929, 939 (9th Cir. 2002) (affirming denial of Rule 56(f) request seeking further discovery on proper interpretation of contract since the district court correctly construed the contract as a matter of law and requested discovery could do nothing to alter the legal conclusion of what the contract meant); United States v. C.E. Light, 766 F.2d 394, 398 (8th Cir. 1985) (affirming denial of Rule 56(f) request since requested discovery would have amounted to nothing more than inadmissible parol evidence on the meaning of a contract in dispute).

Here, Tyco has not argued that it needs the requested discovery for anything other than claim construction (and specifically for bolstering its argument that the term "armour clamp assembly" should include a 100 ton limitation). Indeed, it does not dispute or raise any issue with respect to the factual assertions made in Global Marine's motion concerning the structure of Tyco's armored Millennia Joints. Tyco's request thus fails utterly on this ground alone. See Exigent Tech., 442 F.3d at 1310-11.

11

Moreover, the discovery Tyco seeks would simply be an exercise in futility. See Resolution Trust Corp., 22 F.3d at 1203 (stating that a court need not give weight to a Rule 56(f) motion if the court finds that the sought-after discovery would amount to an exercise in futility). In its Motion for Summary Judgment, Global Marine demonstrated how a plain reading of the claim terms as supplemented by other intrinsic evidence supports its constructions. Indeed, even if this Court entirely ignored Mr. Marten's statements, it would still find more than sufficient intrinsic evidence to adopt Global Marine's constructions and grant summary judgment. (See Global Marine's Memo. in Supp. Mot. Summ. J., pp. 10-19). While Global Marine, admittedly, also submitted an expert declaration to provide technical background and to corroborate its constructions based on the intrinsic record, the statements by Global Marine's expert constitute extrinsic evidence that is not required to grant summary judgment and which this Court is free to discount.

Tyco's entire Rule 56(f) request appears to center upon statements Mr. Marten made concerning one example in the specification of a clamp embodiment. Mr. Marten's statements in that regard are mentioned in just one paragraph of Global Marine's 19-page brief in support of its summary judgment motion, as corroboration on one single claim term ("armour clamp assembly"). They do not, by any means, form the heart of Global Marine's motion or even its argument on that one claim term. Tyco never once challenges Global Marine's primary arguments that the Court should reject the inclusion of a 100 ton limitation into the term "armour clamp assembly" because, for instance, (1) it would render claim 17 redundant, or (2) the patent specifically describes a prior art clamp assembly's capability of withstanding 82 tons of force as "acceptable reliability." Either of these latter two arguments – based entirely on the patent specification itself – are sufficient on their own to warrant Global Marine's claim construction

and thus summary judgment. (See Global Marine's Memo. in Supp. Mot. Summ. J., pp. 10-15). Further, even as to the example in the patent addressed by Mr. Marten, Tyco *has offered no evidence (such as by its own expert) that Mr. Marten's statements are or even may be incorrect.* Tyco's only hope of overcoming Global Marine's construction was to find extrinsic evidence of its own. Despite ample opportunity, it has not done so. And, in any event, any such evidence, even if it could be found, would be entitled to minimal weight and would not change the result given the strong intrinsic record.

Finally, Tyco's assertion that it needs discovery from the inventor of the patent is meritless. An inventor's opinions on what claim terms mean is extrinsic evidence which is entitled to "little or no probative weight in determining the scope of the claims." Engel Indus., Inc. v. Lockformer Co., 96 F.3d 1398, 1405 (Fed. Cir. 1996); accord Markman, 52 F.3d at 983. Tyco has not even suggested what Mr. Jenkins or any other industry practitioner might say to alter the claim terms of the patent.

As such, Tyco has not met either the materiality or utility requirements of Rule 56(f). Its request should be denied for either of those two separate reasons alone.

### III. Tyco's Delay in Providing Discovery and Lack of Effort in Seeking Discovery Belies Tyco's Assertion of Good Cause

Finally, courts may also deny a Rule 56(f) request if it is apparent that it is merely a delay tactic. See Resolution Trust Corp., 22 F.3d at 1203; Vazquez Gonzalez, 940 F. Supp. at 431. Here, Tyco has been seeking from the inception of this case to put off a finding of infringement despite the fact that it has no valid defense. Tyco delayed a full six months before finally producing a complete set of documents showing the technical specifications of its armored joints and providing non-infringement contentions. Once Global Marine moved for summary judgment, Tyco then sought an extension on its time to respond and never once suggested that it

intended to file a Rule 56(f) motion instead of an opposition on the merits. Nor did Tyco, until three days before its opposition was due, ever tell Global Marine that it believed it needed additional discovery on claim construction. In sum, all Tyco really seeks is delay, and its Rule 56(f) arguments are disingenuous.

Tyco also tries to blame Global Marine for its own lack of diligence, suggesting that Global Marine somehow delayed in securing the cooperation of the inventor, its former employee living overseas, to accept service of a subpoena. Tyco can point to nothing that suggests that Global Marine ever guaranteed that its former employees would accept such service. Nor can Tyco complain having never taken any action to affect service on its own. See Exigent Tech., 442 F.3d at 1310 ("If Exigent believed that Atrana was not promptly responding to its discovery requests, it could, of course, have promptly sought the district court's assistance. It did not do so. Under these circumstances the district court could properly deny the Rule 56(f) motion, insofar as it sought more time for fact discovery, on the ground that Exigent had not been diligent.").[5]

Finally, that Tyco's request is nothing more than a stalling tactic is further borne out by the fact that it filed its request with full knowledge of contrary Federal Circuit authority. See Exigent Tech., 442 F.3d at 1311.[6] In short, Tyco has no basis for its Rule 56(f) request. It merely seeks to put off this Court's ultimate finding on the issue of infringement.

---

[5] Indeed, until the parties decided on August 9 to move for an extension of the case schedule to allow the parties to explore settlement, both parties' opening Markman briefs were due on August 25, 2006. Tyco obviously was planning to write its claim construction brief even though it had not yet taken the deposition of Peter Jenkins. The fact that Tyco now contends that his deposition is essential to claim construction is thus (in addition to being meritless) utterly disingenuous. If his deposition was truly essential, Tyco would and could have noticed it long ago by following the procedures mandated by the Hague convention.

[6] Regional First Circuit law on Rule 56(f) governs this motion, but any appeal will be heard by the Federal Circuit. Moreover, Tyco's meager attempt to distinguish Exigent completely fails. Tyco states that the Exigent court affirmed the denial of the Rule 56(f) request "because *(among other things)*, the patentee had 'made an insufficiently detailed showing of need for such discovery.'" (Defendants' Response Pursuant to Federal Rule of Civil Procedure 56(f) at 7 n.5) (emphasis added). Yet, the failure of the patentee to make the required detailed showing was only

14

## IV. This Court Should Grant Summary Judgment of Infringement in Favor of Global Marine

In sum, Tyco has failed to rebut any of the factual assertions underlying the structure and characteristics of its accused devices. Nor has Tyco requested any discovery on those issues.[7] As such, all material facts in this case remain undisputed. The case is ripe for summary judgment on the issue of infringement. In its motion, Global Marine demonstrated why its construction of disputed claim terms is correct as a matter of law. This Court should deny Tyco's request under Rule 56(f) and enter summary judgment in favor of Global Marine.

---

one reason the Court denied the Rule 56(f) request. The primary reason was that a request aimed at claim construction issues is improper. Exigent Tech., 442 F.3d at 1311.

[7] Any such request would be frivolous in any event since Tyco has detailed knowledge of the characteristics of its own devices and presumably has been investigating Global Marine's allegations of infringement from at least the beginning of this case.

15

## CONCLUSION

For all of the foregoing reasons, this Court should deny Tyco's request under Rule 56(f). Because the factual issues underlying Global Marine's Motion for Partial Summary Judgment of Infringement are undisputed, this Court should also grant Global Marine's Motion as a matter of law.

        Respectfully submitted,

        GLOBAL MARINE SYSTEMS LIMITED,

        By its attorneys,

        /s/ Mark S. Freeman
        Eric J. Marandett (BBO #561730)
        Daniel C. Winston (BBO #562209)
        Mark S. Freeman (BBO #636290)
        Stacy L. Blasberg (BBO #657420)
        CHOATE, HALL & STEWART LLP
        Two International Place
        Boston, MA 02110
        Telephone: (617) 248-5000

Dated: September 8, 2006

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and that paper copies will be sent to those non-registered participants (if any) on September 8, 2006.

        /s/ Mark S. Freeman

4117711v3